IN THE UNITED STATES DISTRICT COURT,
FOR THE EASTERN DISTRICT OF TEXAS,
SHERMAN DIVISION



**FILED**

SEP 0 4 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

NELSON WILLIS,
Plaintiff,

v.

ADAM M. ARON,
Defendant.

Case No.: 4:23-cv-00732-ALM

## NOTICE OF APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

Notice is hereby given that Plaintiff, Nelson Willis, hereby appeals to the United States Court of Appeals for the Fifth Circuit from the Memorandum Adopting Report and Recommendation of the United States Magistrate Judge (Dkt. #103), entered in this action on August 23, 2024.

I. Basis for Appeal

The Plaintiff respectfully asserts that the District Court erred in adopting the Magistrate Judge's Report and Recommendation (Dkt. #88) without adequately addressing the substantive arguments and critical evidence presented in Plaintiff's objections (Dkt. #94). The dismissal of Plaintiff's claims with prejudice under Rule 12(b)(6) was improper, as it failed to consider the following:

1. Failure to Address Procedural Fraud:
• The District Court neglected to address significant evidence of procedural fraud, including the improper and unfinalized nonsuit in the lower court, which undermines the validity of the Defendant's filings in this case.
2. Misapplication of Rule 12(b)(6):
• The Court incorrectly applied Rule 12(b)(6) by dismissing Plaintiff's claims without a proper examination of the factual allegations, which, when accepted as true, sufficiently state a claim for relief.
3. Denial of a Fair Hearing:

• The Court's decision to adopt the Magistrate Judge's recommendations without fully considering the Plaintiff's objections resulted in a denial of due process and a fair hearing on the merits of the case.

4. Manifest Injustice:

• The dismissal with prejudice constitutes a manifest injustice, particularly given the seriousness of the allegations against the Defendant and the substantial evidence presented by the Plaintiff.

II. Relief Sought

Plaintiff respectfully requests that the United States Court of Appeals for the Fifth Circuit reverse the District Court's Memorandum Adopting Report and Recommendation, vacate the dismissal with prejudice, and remand the case for further proceedings consistent with the law and evidence.

DATED: August 23, 2024

Respectfully submitted,

Nelson E. Willis, III
Plaintiff Pro Se
1405 County Road 208
Gainesville, TX 76240
Phone: 972-533-4126
Email: nelsonwillis3@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2024, a true and correct copy of the foregoing NOTICE OF APPEAL was filed in person at the United States District Court for the Eastern District of Texas, Sherman Division. Notice of this filing will be sent to all counsel of record by the Court's electronic filing system.

Respectfully submitted,

Nelson E. Willis, III
Plaintiff Pro Se



**FILED**

SEP 0 4 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

**United States Court of Appeals
For the Fifth Circuit**

**Case No.: [To be assigned]**

**September 4, 2024**

| | |
|---|---|
| **NELSON WILLIS,**<br>**Plaintiff-Appellant,** | ) <br> ) <br> ) <br> ) |
| **v.** | ) <br> ) <br> ) |
| **ADAM M. ARON,**<br>**Defendant-Appellee.** | ) <br> ) |

## On Appeal from the United States District Court For the Eastern District of Texas, Sherman Division Case No.: 4:23-cv-00732-ALM

## APPELLANT'S BRIEF IN SUPPORT OF APPEAL

TABLE OF CONTENTS I.

Introduction ……………………………………………… 3
II. Background of the Case ……………………………… 3
A. Procedural Background ……………………………. 3
B. The Notice of Nonsuit ……………………………. 3
C. Procedural Errors and Judicial Oversight - Impact on Federal Court …………………………….. 4
III. Legal Analysis ……………………………………… 5
A. Substantial Evidence of Fraud and Procedural Fraud - Invalidity of the Nonsuit ……………………………. 5
B. Failure to Properly Address Objections - Retaliatory Actions and Obstruction of Justice ………. 5
C. Systemic Judicial Bias and Reluctance - Fraud Upon the Court …………………………….. 6
D. Critical Ramifications of Judicial Oversight …………… 6
IV. Argument …………………………………………… 7
A. Request for Summary Judgment …………………….. 7
B. Invalidation of the Nonsuit ……………………………. 7

C. The Consequence of Procedural Failures ................... 8
V. Conclusion .......................................................... 8

### **Key Events Timeline**

1. **December 2022**:
   * AMC, under CEO Adam M. Aron, and partners like Citigroup and Antara Capital, orchestrated a scheme to manipulate the Class A Common Shareholder vote through a rigged 10:1 reverse stock split and merger of illegally obtained Preferred Equity Units (PEUs).
2. **February 8, 2023**:
   * Record date for the shareholder vote set for March 14, 2023.
3. **March 14, 2023**:
   * AMC executed the rigged reverse stock split under the guise of normal business operations, fraudulently gaining shareholder approval.
4. **July 21, 2023**:
   * Adam M. Aron's legal team advised him not to appear in court in response to the 60-page opposition filed by Respondent (Nelson Willis), which detailed shareholder fraud.
5. **July 26, 2023**:
   * Subpoenas were signed by the court, marking the commencement of discovery in the 235th District Court of Texas. Subpoenas were served on John Merriwether and for critical email evidence.
6. **July 31, 2023**:
   * Respondent's 2 subpoenas were served on John Merriwether, V.P. of Investor Relations at approximately 8:30am July 31, 2023.
   * Petitioner's legal team filed a nonsuit in the 235th District Court, shortly after the subpoenas were served, in a clear attempt to avoid discovery and obstruct justice.
7. **August 2024**:
   * Respondent was informed that his case in the federal court was dismissed due to the 235th District Court's failure to act upon the nonsuit filed by Petitioner.
8. **December 2023**:
   * FOIA request submitted by Mr. Lebowitz on AMC, with the SEC responding that an investigation was ongoing as of May 2024.
9. **August 2024 - Present**:
   * Respondent has filed multiple motions and briefs in the federal and state courts seeking summary judgment and addressing the procedural fraud involved in this case.

## I. Introduction

1. Comes now, Plaintiff-Appellant, Nelson Willis, hereby appeals the United States District Court for the Eastern District of Texas's decision to adopt the Magistrate Judge's Report and Recommendation (Doc 88) and dismiss this case with prejudice.

2. This appeal is grounded in substantial procedural errors, judicial oversight, and a failure to address critical evidence that demonstrates egregious misconduct by the Defendant, Adam M. Aron, and his counsel.

## II. Procedural Background

2. This case arises out of a series of events in which Adam M. Aron, CEO of AMC Entertainment Holdings, Inc., and his legal counsel engaged in fraudulent activities that defrauded shareholders, including the Appellant.

3. The Defendant's actions included issuing preferred equity units (PEUs) and manipulating shareholder votes, which culminated in an illegal reverse stock split.

5. These activities were challenged in both state and federal courts, case nos. 23cv-00179 and 04:23-cv-00732, respectively.

6. On July 31, 2023, the Defendant's counsel filed a Notice of Nonsuit in the 235th District Court of Texas, in response to subpoenas served on AMC's Vice President of Investor Relations.

7. The nonsuit was never finalized according to Texas procedural law, rendering it legally ineffective. (See Epps v. Fowler, 351 S.W.3d 862, 866 (Tex. 2011) [holding that a nonsuit filed to avoid adverse rulings or subpoenas may be deemed as being in bad faith]).

8. Despite the legally ineffective nonsuit, the Defendant's counsel proceeded as if the case had been properly dismissed, thereby defrauding the court.

9. Appellant filed numerous documents in the federal court to expose these fraudulent activities and the procedural missteps by the Defendant's counsel, including a Motion for Summary Judgment (Doc 80) with substantial supporting evidence.

10. Despite these efforts, the Magistrate Judge recommended dismissing the case with prejudice.

11. The District Judge adopted the Magistrate's recommendation, ignoring substantial evidence and legal arguments presented by the Appellant.

## III. Grounds for Appeal

A. Procedural Errors and Judicial Oversight

12. The District Court failed to address significant procedural errors, particularly regarding the Notice of Nonsuit and the fraudulent actions of the Defendant's counsel.

13. The court did not adequately consider the evidence presented in Documents 87-94, which clearly demonstrated the procedural fraud and misconduct by the Defendant.

14. Most critically, the court overlooked the substantive arguments and evidence provided in the Plaintiff's Motion for Summary Judgment (Doc 80), which should have precluded any dismissal. (See Mathews v. Eldridge, 424 U.S. 319, 333 (1976) [holding that due process requires that a party have the opportunity to be heard in a meaningful time and in a meaningful manner]).

15. Supporting Evidence: The Plaintiff's Motion for Summary Judgment (Doc 80) and its exhibits (A-E) provide detailed evidence of the procedural fraud committed by the Defendant. This includes evidence that directly challenges the legality of the Defendant's actions, particularly the improper and unfinalized nonsuit. The nonsuit's invalidity, coupled with the timing and circumstances surrounding its filing, suggests a deliberate attempt by the Defendant to avoid accountability.

16. The SEC's response to Mr. Lebowitz's FOIA request, dated May 2, 2024, and referenced in Document 42, confirms that an ongoing investigation into AMC exists. This is crucial evidence that further supports the Plaintiff's claims and demonstrates the Defendant's awareness of potential legal repercussions.

B. Substantial Evidence of Fraud and Misconduct

17. The District Court's decision to dismiss the case with prejudice was premature and failed to take into account the overwhelming evidence of fraud and misconduct by the Defendant. (See Brady v. Maryland, 373 U.S. 83, 87 (1963) [holding that suppression of evidence favorable to an accused violates due process]).

18. The court's refusal to engage with this evidence constitutes a miscarriage of justice.

19. Supporting Evidence: The Plaintiff's Motion for Summary Judgment (Doc 80), particularly Exhibit D, provides direct evidence of fraudulent conveyance and the manipulation of shareholder votes. This evidence was crucial to the Plaintiff's claims and should have been fully considered before any dismissal.

20. Additionally, the Defendant's malicious intent is further evidenced by his actions preceding the filing of the petition for the protective order, including the filing of criminal harassment charges against the Plaintiff in Leawood, Kansas. This demonstrates a pattern of behavior aimed at silencing the Plaintiff and avoiding legal scrutiny.

## C. Magistrate Judge's Non-Recusal and Judicial Bias

21. The magistrate judge's decision to file and sign her own non-recusal raises serious concerns about impartiality. (See Liteky v. United States, 510 U.S. 540, 555 (1994) [holding that judicial bias must be personal rather than judicial to require recusal]).

22. This self-filing, particularly in the context of the judge's declaratory statement (Document 39) that the lower court case was voluntarily dismissed, suggests a potential bias that significantly impacted the fairness of the proceedings.

23. Supporting Evidence: Document 39 is pivotal, as it marked the point where the court should have thoroughly investigated the procedural validity of the nonsuit.

24. The magistrate judge's involvement, despite the pending motion for her removal and judiciary complaint, taints the entire process with potential bias. This should have been addressed before adopting her recommendations.

## D. Failure to Properly Address Objections

25. The District Court did not give due consideration to the Appellant's objections, particularly those raised in Document 94. (See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) [holding that pro se pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers]).

26. The court dismissed these objections without properly engaging with their substance, which raises serious concerns about judicial fairness and impartiality.

27. Supporting Evidence: The objections raised in Document 94 were substantive and addressed significant legal issues that were critical to the case. Additionally, the evidence presented in Exhibits A-E of the Plaintiff's Motion for Summary Judgment (Doc 80) further substantiates these objections.

28. The court's failure to properly consider these objections deprived the Appellant of a fair hearing and should be corrected on appeal.

## E. Systemic Judicial Bias and Reluctance

**29.** The Appellant believes that there is a pattern of judicial reluctance to hold corporate leaders like Adam M. Aron accountable, despite clear evidence of misconduct. In * United States v. Sakoya Blackwood, 22 Cr. 460 (JMF), in the United States District Court, Southern District of New York, sealed documents and transcripts reveal that in March 2022, Defendant Adam M. Aron engaged in a week-long exchange of sexually explicit photographs, believing he was communicating with a 17-year-old Russian ballerina. Aron admitted that the individual reminded him of someone he had been involved with five years earlier. This

exchange occurred while Aron was the target of a blackmail attempt for $300,000, but the nature of his actions—spanning seven consecutive days—speaks to a broader issue of misconduct that has been overlooked or downplayed. Plaintiff has since filed a motion in federal court to unseal these documents. It is worth noting that the AMC Board of Directors has been compromised by the last three years of Defendant Adam M. Aron's financial schemes, preventing them from removing the CEO. (See *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 884 (2009) [holding that a judge's failure to recuse himself from a case due to potential bias violates due process]).

30. This reluctance has allowed the Defendant to continue his fraudulent activities with impunity.

31. Supporting Evidence: The Appellant's judiciary complaints against both the Magistrate Judge and the District Judge highlight their failure to properly adjudicate this case. The strategic filings by the Appellant, such as the Motion for Summary Judgment (Doc 80) and its supporting exhibits, underscore the severity of the Defendant's actions and the systemic failure to address them.

32. The broader implications of this case cannot be understated. Allowing a CEO with substantial influence and connections to evade accountability would not only set a dangerous precedent but also undermine the public's trust in the judicial system. This case represents an opportunity for the appellate court to restore that trust by ensuring that justice is served, regardless of the Defendant's status or power.

F. Constitutional and Legal Rights Violations

33. The District Court's actions violated the Appellant's constitutional rights to due process and equal protection under the law. (See Goldberg v. Kelly, 397 U.S. 254, 267 (1970) [holding that due process requires that a party receive notice and an opportunity to be heard before adverse actions are taken]).

34. The court's dismissal of the case, despite clear evidence of legal violations by the Defendant, represents a significant breach of these rights.

35. Supporting Evidence: Legal precedents where similar dismissals have been overturned due to constitutional violations should be cited to demonstrate that the court's actions were inconsistent with established legal standards.

36. The evidence provided in the Plaintiff's Motion for Summary Judgment (Doc 80) supports the argument that the Appellant's constitutional rights were violated.

G. Failure of the 235th District Court to Rule on the Summary Judgment Motion

37. The Appellant also wishes to bring attention to the fact that the 235th District Court of Texas has yet to rule on the Summary Judgment Motion filed on July 30, 2024. (See Ex parte Young, 209 U.S. 123, 147 (1908) [holding that undue delay by a court in ruling on motions can be seen as a denial of due process]).

38. The court's failure to rule on this motion has created a significant delay in the proceedings, further compounding the prejudicial impact on the Appellant.

39. This delay and the state court's inaction should be considered by this Court when evaluating the overall fairness and procedural integrity of the case.

#### **H. Inadequate Consideration of Pro Se Litigant's Position**

40. The Appellant, as a pro se litigant, was entitled to certain allowances by the court to ensure fair consideration of his filings. The court's apparent disregard for the Appellant's filings, including the Motion for Summary Judgment and supplemental filings, demonstrates a failure to extend the necessary considerations to a pro se litigant. This oversight is not only procedurally unfair but also violates the principle that pro se litigants' pleadings should be held to less stringent standards. (See Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).

#### **I. Violation of Judicial Process by Ignoring Filed Evidence**

41. The court's failure to acknowledge or address critical evidence submitted by the Appellant undermines the judicial process. This disregard for properly submitted evidence, particularly when it was central to the Appellant's case, resulted in a decision that was not based on a full and fair evaluation of the facts. The court's omission effectively denied the Appellant the opportunity for a meaningful hearing and resolution of his claims, which is a fundamental right under due process. This procedural failure further highlights the necessity for a reversal and remand for proper adjudication.

42. Supporting Evidence: The failure to consider key evidence, such as the Plaintiff's Motion for Summary Judgment (Doc 80) and its supporting exhibits, is a clear departure from the judicial obligation to ensure that all relevant facts and arguments are duly considered before a decision is rendered. (See Brady v. Maryland, 373 U.S. 83, 87 (1963) [holding that the suppression of evidence favorable to the accused violates due process]).

#### **J. Cumulative Impact of Judicial Misconduct and Errors**

43. The cumulative impact of the various judicial errors, procedural oversights, and the apparent bias in this case has resulted in a fundamentally unfair outcome for the Appellant. When considered together, these issues reveal a pattern of misconduct and judicial failure that has denied the Appellant a fair opportunity to have his case heard and decided on its merits. The Appellant contends that these cumulative errors warrant not only the reversal of

the District Court's dismissal but also a thorough review and remand for proper consideration of all the facts and evidence presented.

### **IV. Conclusion and Relief Sought**

44. Given the substantial errors and oversights in the District Court's handling of this case, the Appellant respectfully requests that the Fifth Circuit Court of Appeals:

45. Reverse the District Court's order dismissing this case with prejudice.

46. Remand the case for further proceedings, ensuring that all evidence and arguments are fully considered, including the Plaintiff's Motion for Summary Judgment (Doc 80).

47. Grant any further relief the Court deems just and proper.

DATED: September 4, 2024

Respectfully submitted,

Nelson E. Willis, III
Plaintiff-Appellant Pro Se
1405 County Road 208
Gainesville, TX 76240
Phone: 972-533-4126
Email: nelsonwillis3@gmail.com

**Exhibits**

1. **Exhibit A** – Respondent's Motion for Summary Judgment (235th District Court of Texas)
2. **Exhibit B** – Federal Court Summary Judgment Motion (Eastern District of Texas)
3. **Exhibit C** – Subpoenas Served to John Merriwether (July 31, 2023)
4. **Exhibit D** – Opposition to Petitioner's Protective Order (235th District Court of Texas)
5. **Exhibit E** – Motion to Unseal Documents (*United States v. Sakoya Blackwood*, Southern District of New York)
6. **Exhibit F** – Filed Notice of Nonsuit (July 31, 2023)
7. **Exhibit G** – FOIA Response from SEC confirming an ongoing investigation into AMC (Document 42 from Federal Case, May 2, 2024)
8. **Exhibit H** – TRANSCRIPT 235TH DISTRICT COURT CASE NO. 23CV-00179

**Appeal Exhibit A**

FILED IN DISTRICT COURT
COOKE COUNTY, TEXAS

2024 JUL 30 AM 11:49

DIST CLERK-MARCI A GILBERT

BY: _Clwattorscheid_
DEPUTY

IN THE DISTRICT COURT OF COOKE COUNTY, TEXAS
235TH JUDICIAL DISTRICT

NELSON WILLIS,
Respondent,

v.

ADAM M. ARON,
Petitioner.

Case No.: 23-CV-00179

RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

I. Introduction

Respondent Nelson Willis, Pro Se, respectfully submits this Motion for Summary Judgment **(SEE EXHIBIT A - FEDERAL SUMMARY JUDGEMENT FILED 07/29/24)**, against Petitioner Adam M. Aron. This motion is based on the procedural misconduct, fraudulent activities, and strategic misrepresentations perpetrated by the petitioner and his attorneys, which have fundamentally undermined the integrity of the judicial process and caused irreparable harm to the respondent.

II. Factual Background

**1. Deceptive Tactic by Filing Notice of Nonsuit:** On July 31, 2023, at 4:58 PM CST, the petitioner's attorneys filed a Notice of Nonsuit Without Prejudice in the 235th District Court of Texas. This notice was filed approximately 7 (seven) hours after the Kansas Johnson County Sheriff's Department served subpoenas on the Vice President of Investor Relations, John Merriwether, for key evidence. The timing and circumstances indicate this notice was a deceptive tactic intended to mislead the court and buy time.

**2. Failure to Finalize Nonsuit:** Despite filing the notice, the necessary procedural steps to finalize this nonsuit were never completed. Attorney Richard Illmer filed the nonsuit, but had not read the transcript. Once Attorney Richard Illmer realized Attorney Meghann Reeves stated in court on July 21, 2023, that all evidence had been submitted, Attorney Richard Illmer realized he could no longer file the Motion for Nonsuit Without Prejudice and therefore, no judge's order was signed, leaving the case active and open in the state court. This intentional violation has significantly prejudiced the respondent's position in the federal case.

**3. Fraudulent Activities and Forged Affidavit: (SEE EXHIBIT C)** The petitioner's attorneys, Richard Illmer and Meghann Reeves, engaged in a pattern of deceit and misrepresentation, including submitting a forged affidavit to manipulate the judicial process. Their actions have caused severe harm to the respondent, who has been falsely portrayed and unjustly targeted.

**4. Misleading Federal Court: (SEE EXHIBIT B – Case no. 04:23-CV-00732 DOCKET)**
The federal court's decisions, including the denial of the respondent's emergency motions to halt the June 5, 2024, shareholder meeting, were based on the incorrect assumption that the state court case

was dismissed. This procedural misconduct and the deceptive tactic by the petitioner have significantly affected the respondent's case not only in the 235th District Court of Texas but also in the United States District Court Eastern District of Texas, Sherman Division.

**5. Hostile Witness Subpoena and Retaliation:** Respondent subpoenaed John Merriwether on July 31, 2023, at approximately 8:30 AM CST, as a hostile witness to be questioned under oath on August 7, 2023, at 2:45 PM CST. In retaliation, the petitioner filed a notice of nonsuit to evade compliance and scrutiny.

**6. Evidence Submitted by Affidavit:** In the lower court, Petitioner's attorney, Meghann Reeves, stated in the transcript (Exhibit D) that all evidence had been submitted by affidavit, making the nonsuit illegal as it precludes new evidence without court approval.

### III. Legal Standards

Under Rule 166a of the Texas Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The respondent bears the burden of demonstrating the absence of a genuine issue of material fact.

### IV. Argument

1. Procedural Misconduct and Fraudulent Activities
• The petitioner's attorneys have engaged in procedural misconduct by filing a Notice of Nonsuit without following through with the necessary procedural steps to finalize it. This deceptive tactic was intended to mislead the court and obstruct justice. Their submission of a forged affidavit further compounds their fraudulent conduct.
• Supporting Case Law: C/S Solutions, Inc. v. Energy Maintenance Services Group, LLC (274 S.W.3d 299, 308 (Tex. App.—Houston [1st Dist.] 2008, no pet.))

### 2. Violation of Constitutional Rights
• The petitioner's actions have violated the respondent's Sixth Amendment rights to a fair trial and due process. The deceptive tactic and procedural misconduct have denied the respondent a fair and just legal process.
• Supporting Case Law: Mullins v. TestAmerica Inc., 564 F.3d 386, 401 (5th Cir. 2009)

### 3. Extrinsic Fraud
• The concealment of material facts and fraudulent representations by the attorneys constitute extrinsic fraud. This type of fraud prevents a party from fully presenting their case and is grounds for setting aside a judgment.
• Supporting Case Law: Montgomery v. Kennedy, 669 S.W.2d 309, 311 (Tex. 1984)

### 4. Irreparability of Harm
• The petitioner's actions have caused irreparable harm to the respondent, who has suffered significant emotional, financial, and reputational damage. The fraudulent and deceitful conduct of the petitioner's attorneys necessitates immediate and severe relief.

## V. Legal Ramifications of Procedural Misconduct

The actions of the petitioner's attorneys in filing a Notice of Nonsuit and then failing to follow through with the necessary procedural steps, while continuing to represent that the case was dismissed, constitute a serious ethical violation. Misrepresenting the status of a case to the court, particularly in a way that misleads the court and other parties, can be considered fraudulent conduct and may rise to the level of criminal fraud, potentially classified as a felony. This conduct has severely undermined the integrity of the judicial process and warrants significant sanctions.

## VI. Relief Requested

In light of the above arguments, the respondent respectfully requests that this Court:

**1. Grant Summary Judgment in Favor of the Respondent:** Recognize the procedural misconduct and fraudulent activities of the petitioner and his attorneys.

**2. Award Compensatory Damages:** $1,000,000 for the harm suffered by the respondent. This amount is justified by the destruction of two court cases, one in the state court and one in the federal court, causing significant financial and emotional damage to the respondent. The federal court case was poised to seek $20 million in compensatory damages due to the extensive harm caused by the petitioner's actions.

**3. Award Punitive Damages:** $10,000,000 to deter future misconduct and to punish the petitioner and his attorneys for their egregious actions. This amount reflects the malicious and pernicious procedural misconduct that undermined the integrity of both the state and federal court processes and considers the financial standing and wealth of the individuals involved. The federal court case included a claim for $100 million in punitive damages due to the severe and intentional harm inflicted by the petitioner's actions.

**4. Terminate Case in Respondent's Favor:** Order the termination of Case No. 23-CV-00179 in the respondent's favor due to the procedural misconduct and fraudulent activities of the petitioner and his attorneys.

**5. Impose Sanctions Against the Attorneys:** Impose significant sanctions against the petitioner's attorneys, Richard Illmer and Meghann Reeves, for their procedural misconduct and fraudulent actions. These sanctions should include fines and any other penalties the Court deems appropriate to ensure accountability and to deter future misconduct.

**6. Bar on Appeals:** Include a clause that the summary judgment is final and not subject to appeal by the petitioner.

## VII. Conclusion

The procedural misconduct, deceptive tactics, and fraudulent activities of the petitioner and his attorneys have fundamentally undermined the judicial process and caused irreparable harm to the respondent. The respondent respectfully requests that this Court grant the relief requested and ensure that justice is served.

Sincerely,

Nelson Willis
**Respondent Pro Se**
1405 County Road 208
Gainesville, TX 76240
Phone: 972-533-4126
Email: nelsonwillis3@gmail.com

**EXHIBITS**

Exhibit A: Federal Summary Judgment (Exhibit A) (Exhibit A)

Exhibit B: Federal Court Case Docket Sheet (Exhibit B) (Exhibit B)
Exhibit C: Comparison of Signatures (Exhibit C) (Forgery Evidence

Exhibit D: Transcript case no. 23-cv-00179

## CERTIFICATE OF SERVICE

I hereby certify that on this July 30, 2024, a true and correct copy of the foregoing Respondent's Motion for Summary Judgment was filed electronically. Notice of this filing will be sent to all parties and counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Respectfully submitted,

Nelson Willis
Respondent Pro Se
1405 County Road 208
Gainesville, TX 76240
Phone: 972-533-4126
Email: nelsonwillis3@gmail.com

IN THE DISTRICT COURT OF COOKE COUNTY, TEXAS
235TH JUDICIAL DISTRICT

NELSON WILLIS,
Respondent,

v.

ADAM M. ARON,
Petitioner.

THE HONORABLE JANELLE M. HAVERKAMP

Case No.: 23-CV-00179

**[PROPOSED] ORDER GRANTING SUMMARY JUDGMENT**

Before the Court is Respondent Nelson Willis's Motion for Summary Judgment. Upon consideration of the motion, the supporting evidence, and the entire record, the Court finds that there is no genuine dispute as to any material fact and that the Respondent is entitled to judgment as a matter of law.

**IT IS HEREBY ORDERED THAT:**

1. Summary Judgment is GRANTED in favor of the Respondent, Nelson Willis.
2. The Petitioner, Adam M. Aron, is ordered to pay the Respondent compensatory damages in the amount of $1,000,000.
3. The Petitioner, Adam M. Aron, is ordered to pay the Respondent punitive damages in the amount of $10,000,000.
4. The pending case No. 23-CV-00179 is TERMINATED in the Respondent's favor.
5. This summary judgment is final and not subject to appeal by the Petitioner.

**IT IS SO ORDERED.**

Signed this August _____, 2024.

_____

**Hon. Janelle M. Haverkamp**
**District Judge**
235th Judicial District Court
Cooke County, Texas

Exhibit

A

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

**FILED**

JUL 2 9 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

NELSON WILLIS,

Plaintiff,

v.

ADAM M. ARON,

Defendant.

Case No.: 4:23-cv-00732-ALM

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I. Introduction**

Plaintiff Nelson Willis, Pro Se, respectfully submits this Motion for Summary Judgment against Defendant Adam M. Aron. This motion is based on the procedural misconduct, fraudulent activities, and strategic misrepresentations perpetrated by the defendant and his attorneys, which have fundamentally undermined the integrity of the judicial process and caused irreparable harm to the plaintiff.

**II. Factual Background**

1. Strategic Bluff by Filing Notice of Nonsuit: On July 31, 2023, at 4:58 PM CST **(EXHIBIT A)**, the defendant's attorneys filed a Notice of Nonsuit Without Prejudice in the 235th District Court of Texas. This notice was filed approximately 8.5 hours after the Kansas Johnson County Sheriff's Department served subpoenas **(EXHIBIT E)** on the Vice President of Investor Relations, John Merriwether, for key evidence. The timing and circumstances indicate this notice was a strategic bluff intended to mislead the court and buy time.

2. **Failure to Finalize Nonsuit:** Despite filing the notice, the necessary procedural steps to finalize this nonsuit were never completed. **(SEE EXHIBIT B 235TH DISTRICT COURT DOCKET SHEET).** Attorney Richard Illmer filed the nonsuit but had not read the transcript. **(SEE EXHIBIT D TRANSCRIPT 23-CV-00179).** Once Attorney Richard Illmer realized Attorney Meghann Reeves stated in court on July 21, 2023, that all evidence had been submitted, Attorney Richard Illmer realized he could no longer file the Motion for Nonsuit Without Prejudice and therefore, no judge's order was signed, leaving the case

active and open in the state court. This intentional violation has significantly prejudiced the plaintiff's position in the federal case.

**3. Fraudulent Activities and Forged Affidavit:** The defendant's attorneys, Richard Illmer and Meghann Reeves, engaged in a pattern of deceit and misrepresentation, including submitting a forged affidavit **(SEE EXHIBIT C AFFIDAVIT OF ADAM M. ARON THE COURT CLERK DOES NOT HAVE THE AFFIDAVIT MS. REEVES BROUGHT TO COURT ON JULY 21 2023)** to manipulate the judicial process. Their actions have caused severe harm to the plaintiff, who has been falsely portrayed and unjustly targeted.

**4. Misleading Federal Court:** The federal court's decisions, including the denial of the plaintiff's emergency motions to halt the June 5, 2024, shareholder meeting, were based on the incorrect assumption that the state court case was dismissed. This procedural misconduct and the strategic bluff by the defendant have significantly affected the plaintiff's case not only in the 235th District Court of Texas but also in the United States District Court Eastern District of Texas, Sherman Division.

**5. Hostile Witness Subpoena and Retaliation:** Plaintiff subpoenaed John Merriwether on July 31, 2023, at approximately 8:30 AM CST as a hostile witness to be questioned under oath on August 7, 2023, at 2:45 PM CST. In retaliation, the defendant filed a notice of nonsuit to evade compliance and scrutiny.

**6. Evidence Submitted by Affidavit:** In the lower court, Defendant's attorney, Meghann Reeves, stated in the transcript **(Exhibit D)** that all evidence had been submitted by affidavit, making the nonsuit illegal as it precludes new evidence without court approval.

### III. Legal Standards

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The plaintiff bears the burden of demonstrating the absence of a genuine issue of material fact. Due to the procedural misconduct and fraudulent actions by the defendant's attorneys, all filings by the defense in this federal case are rendered fraudulent and invalid, thus meeting the criteria for summary judgment under FRCP Rule 56.

### IV. Argument

#### 1. Procedural Misconduct and Fraudulent Activities

• The defendant's attorneys have engaged in procedural misconduct by filing a Notice of Nonsuit without following through with the necessary procedural steps to finalize it. This strategic bluff was intended to mislead the court and obstruct justice. Their submission of a forged affidavit further compounds their fraudulent conduct.

• **Supporting Case Law:** C/S Solutions, Inc. v. Energy Maintenance Services Group, LLC (274 S.W.3d 299, 308 (Tex. App.—Houston [1st Dist.] 2008, no pet.))

#### 2. Violation of Constitutional Rights

• The defendant's actions have violated the plaintiff's Sixth Amendment rights to a fair trial and due process. The strategic bluff and procedural misconduct have denied the plaintiff a fair and just legal process.

• **Supporting Case Law:** Mullins v. TestAmerica Inc., 564 F.3d 386, 401 (5th Cir. 2009)

3. **Extrinsic Fraud**

• **The concealment of material facts and fraudulent representations** by the attorneys constitute extrinsic fraud. This type of fraud prevents a party from fully presenting their case and is grounds for setting aside a judgment.

• **Supporting Case Law:** Montgomery v. Kennedy, 669 S.W.2d 309, 311 (Tex. 1984)

4. **Irreparability of Harm**

• The defendant's actions have caused irreparable harm to the plaintiff, who has suffered significant emotional, financial, and reputational damage. The fraudulent and deceitful conduct of the defendant's attorneys necessitates immediate and severe relief.

5. **Legal Ramifications of Procedural Misconduct**

• The actions of the defendant's attorneys in filing a Notice of Nonsuit and then failing to follow through with the necessary procedural steps while continuing to represent that the case was dismissed constitute a serious ethical violation. Misrepresenting the status of a case to the court, particularly in a way that misleads the court and other parties, can be considered fraudulent conduct and may rise to the level of criminal fraud, potentially classified as a felony. This conduct has severely undermined the integrity of the judicial process and warrants significant sanctions.

6. **Fraudulent Nature of Federal Court Filings**

• Due to the procedural misconduct and fraudulent misrepresentation of the status of the state court case, all filings by the defendant's attorneys in the federal court case (Case No.: 4:23-cv-00732) are rendered fraudulent. This includes their motion to dismiss, motion for protective order, and all subsequent filings and objections. The integrity of these documents is compromised due to the attorneys' willful misrepresentation and fraudulent conduct.

**V. Relief Requested**

**In light of the above arguments, the plaintiff respectfully requests that this Court:**

1. **Grant Summary Judgment in Favor of the Plaintiff:** Recognize the procedural misconduct and fraudulent activities of the defendant and his attorneys.

2. **Award Compensatory Damages:** $500,000 for the harm suffered by the plaintiff.

**3. Award Punitive Damages:** $25,000,000 against the defendant and an additional $25,000,000 against the attorneys and their law firm to deter future misconduct and to punish the defendant and his attorneys for their egregious actions.

**4. Dismissal of Criminal Harassment Case in Leawood, Kansas:** Order the dismissal of the pending criminal harassment charges against the plaintiff in Leawood, Kansas.

**5. No Immunity for Defendants:** State that the defendants shall not be granted immunity from re-filing of the amended complaint and the lawsuit against the attorneys.

**6. Grant Plaintiff's Pending Motions:** Order that all motions filed by the plaintiff in this federal case be granted.

**7. Immediate Payment of Awarded Damages:** Require that all awarded damages be paid within 24 hours of the judgment filing.

**8. Bar on Appeals:** Include a clause that the summary judgment is final and not subject to appeal by the defendants.

### VI. Conclusion

The procedural misconduct, strategic bluff, and fraudulent activities of the defendant and his attorneys have fundamentally undermined the judicial process and caused irreparable harm to the plaintiff. The plaintiff respectfully requests that this Court grant the relief requested and ensure that justice is served.

**DATE: July 29, 2024**

**Sincerely,**

Nelson Willis

Plaintiff Pro Se Litigant

1405 County Road 208

Gainesville, TX 76240

Phone: 972-533-4126

Email: nelsonwillis3@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on this 29TH day of JULY, 2024, a true and correct copy of the foregoing Plaintiff's Motion for Summary Judgment and the [Proposed] Order Granting Plaintiff's Motion for Summary Judgment were served upon the following parties via the court's electronic notification email system:

Richard Illmer
Husch Blackwell LLP
1900 N. Pearl St., Suite 1800
Dallas, TX 75201
Email: richard.illmer@huschblackwell.com

Meghann Reeves
Husch Blackwell LLP
1900 N. Pearl St., Suite 1800
Dallas, TX 75201
Email: meghann.reeves@huschblackwell.com

Dated this 29TH day of JULY, 2024.

Respectfully submitted,

Nelson Willis
Plaintiff Pro Se Litigant
1405 County Road 208
Gainesville, TX 76240
Phone: 972-533-4126
Email: nelsonwillis3@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS,
SHERMAN DIVISION

NELSON WILLIS,
Plaintiff,

v.

ADAM M. ARON,
Defendant.

Case No.: 4:23-cv-00732-ALM

JULY 29, 2024

[PROPOSED] ORDER GRANTING SUMMARY JUDGMENT

Before the Court is Plaintiff Nelson Willis's Motion for Summary Judgment. Upon consideration of the motion, the supporting evidence, and the entire record, the Court finds that there is no genuine dispute as to any material fact and that the Plaintiff is entitled to judgment as a matter of law.

IT IS HEREBY ORDERED THAT:

1. Summary Judgment is GRANTED in favor of the Plaintiff, Nelson Willis.
2. The Defendant, Adam M. Aron, is ordered to pay the Plaintiff compensatory damages in the amount of $500,000.
3. The Defendant, Adam M. Aron, is ordered to pay the Plaintiff punitive damages in the amount of $25,000,000.
4. The attorneys Richard Illmer and Meghann Reeves, and their law firm, are ordered to pay the Plaintiff punitive damages in the amount of $25,000,000.
5. The pending criminal harassment charges against the Plaintiff in Leawood, Kansas are DISMISSED.
6. The Plaintiff's pending motions in this federal case are GRANTED.
7. The Defendants shall not be granted immunity from the re-filing of the Plaintiff's amended complaint and the lawsuit against the attorneys.
8. All awarded damages must be paid within 24 hours of the filing of this judgment.
9. This summary judgment is final and not subject to appeal by the Defendants.

IT IS SO ORDERED.

Signed this ___ day of _____, 2024.

_____
Hon. Amos L. Mazzant, III
United States District Judge

Filed: 7/31/2023 4:50 PM
Marci A. Gilbert
District Clerk
Cooke County, Texas
Debrielle Boggs

**CAUSE NO. CV23-00179**

| | | |
|---|---|---|
| ADAM M. ARON, | § | **IN THE DISTRICT COURT** |
| | § | |
| *Applicant* | § | |
| | § | **235TH JUDICIAL DISTRICT OF** |
| v. | § | |
| | § | |
| NELSON WILLIS, | § | |
| | § | |
| *Respondent.* | § | **COOKE COUNTY, TEXAS** |

## NOTICE OF NONSUIT WITHOUT PREJUDICE

TO THE HONORABLE JUDGE:

NOW COME Plaintiff Adam M. Aron and, pursuant to Rule 162 of the TEXAS RULES OF CIVIL PROCEDURE, nonsuits all of the claims asserted against Defendant in the above entitled and numbered cause without prejudice.

Dated: July 31, 2023

Respectfully submitted,

By: */s/ Richard A. Illmer*
    Richard A. Illmer
    State Bar No. 10388350
    Rick.Illmer@HuschBlackwell.com
    Meghann Reeves
    State Bar No. 24094499
    Meghann.Reeves@HuschBlackwell.com

HUSCH BLACKWELL, LLP
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
(214) 999-6100 *Telephone*
(214) 999-6170 *Facsimile*

**ATTORNEYS FOR APPLICANT ADAM M. ARON**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on the pro se party via email through EFile Texas, certified mail, return receipt requested and U.S. First Class Mail on this 31st day of July, 2023 as follows:

*VIA CMRRR# 9314 8699 0430 0110 4367 93,*
*EMAIL: NELSONWILLIS3@GMAIL.COM,*
*& U.S. FIRST CLASS MAIL*
Nelson Willis
11667 Highway 82
Whitesboro, TX 76273

/s/ Meghann Reeves
Meghann Reeves

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Karen Massey on behalf of Rick Illmer
Bar No. 10388350
karen.massey@huschblackwell.com
Envelope ID: 78058295
Filing Code Description: Notice
Filing Description: Notice of Nonsuit Without Prejudice
Status as of 8/1/2023 8:04 AM CST

Associated Case Party: NELSONWILLIS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nelson Willis | | nelsonwillis3@gmail.com | 7/31/2023 4:50:56 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Richard Alllmer | | Rick.Illmer@HuschBlackwell.com | 7/31/2023 4:50:56 PM | SENT |
| Meghann DReeves | | Meghann.Reeves@HuschBlackwell.com | 7/31/2023 4:50:56 PM | SENT |

```
CASE # CV23-00179                    COURT: 235TH JUDICIAL DISTRICT          07/26/2024
CAUSE: ALL OTHER CIVIL CASES
STYLE: ADAM M ARON.              VS NELSON WILLIS
```

PLAINTIFF

| NAME | ATTORNEY |
|---|---|
| ARON,ADAM M            P<br>C/O HUSCH BLACKWELL LLP<br>1900 N. PEARL STREET<br>DALLAS, TX 75201 | ILLMER,RICHARD A<br>1900 N. PEARL STREET,<br>SUITE 1800<br>DALLAS,TEXAS 75201<br>214-999-6100 |

DEFENDANT

| NAME | ATTORNEY |
|---|---|
| WILLIS,NELSON          D<br>1405 COUNTY ROAD 208<br>NELSONWILLIS3@GMAIL.COM<br>GAINESVILLE, TX 76240 | |

TRANSACTIONS FOR ALL PARTIES                    / /      THRU   / /

| Date | Description | Amount | | |
|---|---|---|---|---|
| 05/19/2023<br>ARON,ADAM M | APPLICATION FOR PROTECTIVE ORDER/CS | | I | 23 |
| 05/22/2023<br>ARON,ADAM M | CHARGES ASSESSED BY EFILE<br>EFILE ENVELOPE ID:75832855 | 350.00- | | |
| 05/22/2023<br>ARON,ADAM M | FILING FEE FOR PETITION | 213.00 | I | 1 |
| 05/22/2023<br>ARON,ADAM M | STATE PAYMENT RECEIVED THRU EFILE<br>EFILE SUBMITTER ID: MASSEY,KAREN COURT ID: COOKE:D | 137.00 | | |
| 06/09/2023<br>ARON,ADAM M | ORDER SETTING HEARING ON ADAM M. ARON'S APPLICATIO<br>N FOR PROTECTIVE ORDER | | I | 2 |
| 06/14/2023<br>ARON,ADAM M | LETTER TO CLERK OF THE COURT REQUESTING SERVICE | | I | 2 |
| 06/14/2023<br>ARON,ADAM M | CHARGES ASSESSED BY EFILE<br>EFILE ENVELOPE ID:76599221 | 8.00- | | |
| 06/14/2023<br>ARON,ADAM M | FEE FOR ISSUANCE OF NOTICE TO SHOW CAUSE | 8.00 | I | 1 |
| 06/14/2023<br>ARON,ADAM M | NOTICE TO SHOW CAUSE ISSUED TO NELSON WILLIS/EMAIL<br>ED TO ATTORNEY FOR SERVICE/CS | | I | 2 |
| 06/20/2023<br>ARON,ADAM M | NOTICE TO SHOW CAUSE SERVED TO NELSON WILLIS | | I | 4 |
| 06/27/2023<br>ARON,ADAM M | APPLICANT ADAM M. ARON'S NOTICE OF SUPPLEMENTAL EV<br>IDENCE IN SUPPORT OF HIS APPLICATION FOR PROTECTIV | | I | 93 |
| 07/07/2023 | RESPONDENTS AFFIDAVIT IN OPPOSITION TO PETITIONERS<br>APPLICATION FOR A PROTECTIVE ORDER/GR | | I | 60 |
| 07/07/2023 | RESPONDENT'S AFFIDAVIT IN OPPOSITION TO PETITIONER<br>'S APPLICATION FOR A PROTECTIVE ORDER/EMAILED TO A | | I | 1 |
| 07/11/2023 | AGREED MOTION FOR CONTINUANCE/CW | | I | 2 |
| 07/12/2023 | AMENDED MOTION FOR CONTIANUANCE/SIGNED/CW | | I | 1 |
| 07/12/2023 | RESPONDENT'S EXHIBIT F/CS<br>EMAILED TO PETITIONER'S ATTORNEY | | I | 1 |
| 07/13/2023 | ORDER ON MOTION FOR CONTINUANCE/EMAILED TO ATTORNE<br>YS/CS | | I | 1 |

CASE # CV23-00179                          COURT: 235TH JUDICIAL DISTRICT                          07/26/2024
CAUSE: ALL OTHER CIVIL CASES

| Date | Description | Amount | | |
|------|-------------|--------|---|---|
| 07/26/2023 | FEE FOR ISSUANCE OF SUBPOENA/CW | 8.00- | | |
| WILLIS,NELSON | | | | |
| 07/26/2023 | FEE FOR ISSUANCE OF SUBPOENA/CW | 8.00 | I | 2 |
| WILLIS,NELSON | | | | |
| 07/26/2023 | REQUEST FOR SUBPOENA/CW | | I | 1 |
| 07/26/2023 | SUBPOENA DUCES TECUM ISSUED TO JOHN MERRIWETHER/GA VE TO NELSON WILLIS FOR SERVICE/CW | | I | 2 |
| 07/31/2023 | NOTICE OF NONSUIT WITHOUT PREJUDICE/DB | | I | 3 |
| ARON,ADAM M | | | | |

```
┌─────────────┐
│  EXHIBIT    │
│     C       │
└─────────────┘
```
— *Forged Signature*

CAUSE NO. _____

| | | |
|---|---|---|
| **ADAM ARON,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Applicant* | § | |
| | § | _____ **JUDICIAL DISTRICT OF** |
| **v.** | § | |
| | § | |
| **NELSON WILLIS,** | § | |
| | § | |
| *Respondent.* | § | **COOKE COUNTY, TEXAS** |

### AFFIDAVIT OF ADAM M. ARON

| | |
|---|---|
| STATE OF KANSAS | § |
| | § |
| COUNTY OF JOHNSON | § |

Before me, the undersigned authority, personally appeared Adam M. Aron, who being by me duly sworn, deposed as follows:

1. My name is Adam M. Aron. I am over 18 years of age, and I am fully competent to make this Affidavit. The facts stated within this Affidavit are true and correct and are within my personal knowledge.

2. I am the Chairman and Chief Executive Officer of AMC Entertainment Holdings, Inc. ("AMC").

3. Since April 3, 2023, I have received harassing, threatening, and offensive emails to my AMC work email address (AAron@amctheatres.com) from an individual named Nelson Willis using the email address "nelsonwillis3@gmail.com." Many of these emails contain hateful speech directed at me, which qualify as ethnic slurs. Many of these emails were also sent to AMC's Investor Relations corporate email address (InvestorRelations@amctheatres.com).

4. On April 10, 2023, Mr. Willis began including "Chair@sec.gov" and "CommissionerPeirce@sec.gov" as recipients of many of these emails.

5. Despite receiving no response from me, Mr. Willis has continued to send these harassing, threatening, and offensive emails to me and about me to others. On Monday, April 17, 2023, he sent *ten* harassing, threatening, and offensive emails to me, including others as recipients.

6. Willis' repeated emails to me and about me to others have caused me to feel harassed, annoyed, alarmed, tormented, embarrassed, and offended.

7. I ask the Court for protection from Willis as set forth in my Application for Protective Order.

8. FURTHER, THE AFFIDANT SAYETH NAUGHT.

← Forged

ADAM M. ARON

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this 5th day of May, 2023.

NOTARY PUBLIC IN AND FOR
THE STATE OF KANSAS

CHERYL EDLIN PICKETT
NOTARY
My Appt. Expires
05-04-2025
PUBLIC
STATE OF KANSAS

Exhibit E

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

Adam M. Aron
**Plaintiff/Petitioner**

CASE NO. 23CV04089
DIVISION 12
K.S.A. NO. _____

vs

Nelson Willis
**Defendant/Respondent**

## SUBPOENA

TO: John Merriwether - Vice President - Investor Relations
AMC Entertainment Holdings In
11500 Ash Street
Leawood, Kansas 66211

You are commanded to appear

before The Honorable 235th
District Court of Cooke County, Texas
at 101 S. Dixon Gainesville, Texas 76240
on the 2th day of August 2023, at 2:00 P M, to testify on
behalf of the Respondent in the above entitled action.

Bring with you the following:

Copies of All Emails with shareholders from
march 14th, 2023 through march 30, 2023
regarding The Vote for th Reverse Split & Merge of
APE
(SEAL)

DATED: 7-27-23

Attorney: Nelson Willis Pro Se

Clerk of the District Court

BY: _____

JOHNSON COUNTY DISTRICT COURT KANSAS

CLERK OF THE COURT
MARCI A. GILBERT
COOKE COUNTY COURTHOUSE
101 SOUTH DIXON, ROOM 207
GAINESVILLE, TX 76240

ATTORNEY REQUESTING ISSUANCE
NELSON WILLIS, PRO-SE
1405 CR 208
GAINESVILLE, TEXAS 76240

## THE STATE OF TEXAS
## SUBPOENA DUCES TECUM
## NO. CV23-00179

### ADAM M. ARON VS NELSON WILLIS

TO ANY SHERIFF, CONSTABLE, OR BY ANY OTHER PERSON WHO IS NOT A PARTY AND IS NOT LESS THAN EIGHTEEN YEARS OF AGE, OF THE STATE OF TEXAS, GREETING:

YOU ARE HEREBY COMMANDED TO SUMMON: **JOHN MERRIWETHER/VICE PRESIDENT, INVESTOR RELATIONS AMC ENTERTAINMENT HOLDINGS 11500 ASH STREET LEAWOOD, KANSAS 66211**

to be and to personally appear on the 7th of AUGUST 2023, at 2:00 p.m.; before the Honorable 235th District Court of Cooke County, Texas, to be held within and for said County at the Courthouse thereof, in Gainesville, then and there to testify and the truth to speak on behalf of the Respondent, in the above styled and numbered cause, now pending in said Court, and there to remain from day to day, and from term to term, until discharged by said Court. Said above named witness is further commanded to produce and permit inspection and copying at said time and place above set forth the following books, papers, documents or other tangible things, to-wit:

**IT IS FURTHER ORDERED** that JOHN MERRIWETHER is to produce and permit inspection and copying of designated documents or tangible things in JOHN MERRIWETHER'S possession, custody, or control that pertain to her services rendered as a receiver in this matter as follows:

1. TESTIMONY UNDER CROSS EXAMINATION

**HEREIN FAIL NOT**, and make and do return hereof, showing how you have executed the same.

FAILURE BY ANY PERSON WITHOUT ADEQUATE EXCUSE TO OBEY A SUBPOENA SERVED UPON THAT PERSON MAY BE DEEMED A CONTEMPT OF THE COURT AND MAY BE PUNISHED BY FINE OR CONFINEMENT, OR BOTH.

Issued and given under my hand and seal of said Court at office, this the 26TH day of JULY 2023.

MARCI A. GILBERT, DISTRICT CLERK
COOKE COUNTY, TEXAS

BY: _Cwatterscheid_

Celeste Walterscheid, Deputy Clerk

COURT CLERK-JOCCLK
'23 JUL 28 AM 8:16

## RETURN

Came to hand the _____ day of _____, 20___, at _____ o'clock ____M., and executed the _____ day of _____, 20___, at _____ o'clock ____M., by delivering to the within named _____.at

in _____County, Texas, in person, a true copy of this Subpoena, and tendering said witness the sum of $_____.

FEES

_____
(Sheriff, Constable, Citizen)

_____County, Texas

By: _____
Deputy

## ACCEPTANCE OF SERVICE

The undersigned witness named in the Subpoena acknowledges receipt of a copy thereof and hereby accepts and waives service of such Subpoena.

_____
(Signature of Witness and Date)

*EXHIBIT-C*

| Attachment No. | Description | Case reference |
|---|---|---|
| EXHIBIT A | Comparison of Adam M. Aron Signatures from different documents and years. | 4:23-CV-732-ALM-KPJ |

| Date | Document / Source | Signature |
|---|---|---|
| June 6, 2021 | Social Media Platform X, Open Letter to shareholders: *"Voting for the July 29 AMC Annual Shareholder Meeting begins on June 16. Here is my letter to investors, contained in the preliminary proxy materials filed on June 4 for approval by the SEC. AMC Shareholders, I strongly encourage you to vote. #AMCVoteMakeYourVoiceHeard."* | See you at the movies!<br><br>Adam Aron |
| July 4, 2022 | Social Media Platform X, Picture with Shareholder with signature | |

FILED IN DISTRICT COURT
COOKE COUNTY, TEXAS
2024 JUL 30 AM 11:52
DIST CLERK-MARCI A GILBERT
BY: _____ DEPUTY

| August 4, 2022 | Social Media Platform X, Open Letter to shareholders | All throughout this effort with you, I always have been c th you. I promised you we would be bold. Well, indeed, my best regards to you all,<br><br>Adam Aron<br>Chairman and CEO<br>Proud to Offer the Most Movie Theatres in the World |
| --- | --- | --- |
| May 5, 2023 | COOKE COUNTY, TEXAS<br><br>AFFIDAVIT OF ADAM M. ARON | SAYETH NAUGHT.<br><br>ADAM M. ARON |
| July 23, 2023 | Social Media Platform X, Open Letter:<br>My open letter message below to you all is on a subject of existential importance to AMC Entertainment shareholders. I urge you to read it.<br>Adam Aron<br>#AMCSurviveThenThrive | in theatres... in America and the bor — go see dazzling images on |
| August 14, 2023 | Social Media Platform X, Open Letter | Sincerely,<br><br>Adam Aron<br>Chairman and CEO<br>AMC Entertainment |

| Attachment No. | Description | Case reference |
|---|---|---|
| EXHIBIT A | Defendant Social Media X Post announcing the March 14, 2023 vote outcome | 4:23-CV-732-ALM-KPJ |



**Adam Aron** ✔ @CEOAdam · 14.03.23   · · ·
Today was a huge step forward for AMC. You voted YES, YES & YES! And it was a landslide **vote** too — 88% yes for Proposal 1, 87% yes for Proposal 2, and 87% yes for Proposal 3. My sincerest thanks for giving AMC the tools we need to continue fighting the good fight on your behalf.



💬 1.802        �recycle 1.908        ♡ 6.422        ᵢₗᵢ 636K        ⬆

EXHIBIT B

# U.S. District Court
## Eastern District of TEXAS [LIVE] (Sherman)
## CIVIL DOCKET FOR CASE #: 4:23-cv-00732-ALM-KPJ
## Internal Use Only

Willis v. Aron
Assigned to: District Judge Amos L. Mazzant, III
Referred to: Magistrate Judge Kimberly C Priest Johnson
Cause: Civil Miscellaneous Case

Date Filed: 08/14/2023
Jury Demand: Plaintiff
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

**Plaintiff**

**Nelson Willis**

represented by **Nelson Willis**
1405 County Road 208
Gainesville, TX 76240
972-533-4126
Email: nelsonwillis3@gmail.com
PRO SE

V.

**Defendant**

**Adam M. Aron**

represented by **Richard A Illmer**
Husch Blackwell LLP
1900 N Pearl Street
Suite 1800
Dallas, TX 75201
214/999-6100
Fax: 12149996170
Email: rick.illmer@huschblackwell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Meghann Diane Reeves**
Husch Blackwell LLP
Texas
1900 N, Pearl Street, Suite 1800
Dallas, TX 75201
214-999-6123
Fax: 214-999-6170
Email:
meghann.reeves@huschblackwell.com
*ATTORNEY TO BE NOTICED*

FILED IN DISTRICT COURT
COOKE COUNTY, TEXAS
2024 JUL 30 AM 11: 52
DIST CLERK-MARCI A GILBERT
BY: _____
DEPUTY

| Date Filed | # | Docket Text |
|------------|---|-------------|
| | | |

| 08/14/2023 | 1 | COMPLAINT against Adam M. Aron, filed by Nelson Willis. (Attachments: # 1 Exhibit A, # 2 Civil Cover Sheet)(xl, ) (Entered: 08/15/2023) |
|---|---|---|
| 08/14/2023 | | Case Assigned to District Judge Amos L. Mazzant, III and Magistrate Judge Kimberly C Priest Johnson. (xl, ) (Entered: 08/15/2023) |
| 08/14/2023 | | In accordance with the provisions of 28 USC Section 636(c), you are hereby notified that a U.S. Magistrate Judge of this district court is available to conduct any or all proceedings in this case including a jury or non-jury trial and to order the entry of a final judgment. The form Consent to Proceed Before Magistrate Judge is available on our website. All signed consent forms, excluding pro se parties, should be filed electronically using the event Notice Regarding Consent to Proceed Before Magistrate Judge. (xl, ) (Entered: 08/15/2023) |
| 08/14/2023 | 🔒 | (Court only) ***Set/Clear Flags: Jury (xl, ) (Entered: 08/15/2023) |
| 08/14/2023 | | Filing fee: $ 402, receipt number 6-65307. (xl, ) Modified on 8/15/2023 (xl, ). (Entered: 08/15/2023) |
| 08/14/2023 | 2 | Non-prisoner pro se consent to receive electronic notice filed by Nelson Willis. (xl, ) (Entered: 08/15/2023) |
| 08/15/2023 | 3 | SUMMONS Issued as to Adam M. Aron. (baf, ) (Entered: 08/15/2023) |
| 08/24/2023 | 4 | Summons Returned Unexecuted by Nelson Willis as to Adam M. Aron. (Attachments: # 1 Additional Attachment(s))(daj, ) (Entered: 08/24/2023) |
| 09/06/2023 | 5 | Letter to the Judge from Plaintiff, Nelson Willis, re attempted service of summons. (daj, ) (Entered: 09/06/2023) |
| 09/06/2023 | 6 | MOTION for the Federal Court to Serve Process of a Federal Summons Upon the Defendant by Nelson Willis. (Attachments: # 1 EXHIBIT A)(baf, ) (Entered: 09/06/2023) |
| 10/04/2023 | 7 | ORDER denying 6 Motion to Serve Process of Federal Summons. Signed by Magistrate Judge Kimberly C Priest Johnson on 10/4/2023. (rpc, ) (Entered: 10/05/2023) |
| 11/13/2023 | 8 | NOTICE of Personal Service on Defendant (Attachments: # 1 Additional Attachment(s))(jmb, ) (Entered: 11/14/2023) |
| 11/15/2023 | 9 | SUMMONS Returned Executed by Nelson Willis. Adam M. Aron served on 11/9/2023, answer due on 11/30/2023. (jmb, ) (Entered: 11/16/2023) |
| 11/30/2023 | 10 | MOTION to Dismiss Pursuant to Rule 12(b)(6) and Brief in Support by Adam M. Aron. (Attachments: # 1 Exhibit A - 2023-11-28 CERTIFIED COPY - Docket Book Report - Case # CV23-00179, # 2 Proposed Order Granting Defendant Adam M. Aron's Motion to Dismiss Pursuant to Rule 12(b)(6)) (Illmer, Richard) (Entered: 11/30/2023) |
| 11/30/2023 | 11 | Fed. R. Civ. P. 7.1(a)(1) AND (2) Disclosure Statement filed by Adam M. Aron. (Illmer, Richard) (Entered: 11/30/2023) |
| 12/08/2023 | 12 | MOTION for Protective Order Against Plaintiff Nelson Willis by Adam M. Aron. (Attachments: # 1 Exhibit A - Business Records Affidavit, # 2 Exhibit B - Affidavit of Adam M. Aron, # 3 Proposed Order Protective Order)(Illmer, Richard) (Entered: 12/08/2023) |
| 12/12/2023 | 13 | MOTION for Extension of Time to File Response to 10 MOTION to Dismiss and 12 MOTION for Protective Order by Nelson Willis. (rpc, ) (Entered: |

| | | | |
|---|---|---|---|
| | | | 12/13/2023) |
| 12/20/2023 | | 14 | RESPONSE to Motion re 13 MOTION for Extension of Time to File Response/Reply as to 10 MOTION to Dismiss *Pursuant to Rule 12(b)(6) and Brief in Support*, 12 MOTION for Protective Order *Against Plaintiff Nelson Willis* filed by Adam M. Aron. (Attachments: # 1 Proposed Order Granting Plaintiff's Motion for Enlargement of Time)(Illmer, Richard) (Entered: 12/20/2023) |
| 12/20/2023 | 🔒 | 15 | (Ex Parte) NOTICE Regarding Consent to Proceed Before U.S. Magistrate Judge filed by Adam M. Aron (Illmer, Richard) (Entered: 12/20/2023) |
| 12/20/2023 | | 16 | ORDER granting 13 MOTION for Extension of Time to File Response to 10 MOTION to Dismiss and 12 MOTION for Protective Order. Responses due by 1/26/2024. Signed by Magistrate Judge Kimberly C Priest Johnson on 12/20/2023. (rpc, ) (Entered: 12/21/2023) |
| 01/12/2024 | | 17 | MOTION for Extension of Time to File Response to 10 MOTION to Dismiss and 12 MOTION for Protective Order by Nelson Willis. (jmb, ) (Entered: 01/12/2024) |
| 01/17/2024 | | 18 | STATUS REPORT *Defendant Adam M. Aron's Unilateral Status Report* by Adam M. Aron. (Illmer, Richard) (Entered: 01/17/2024) |
| 01/19/2024 | | 19 | RESPONSE to Motion re 17 MOTION for Extension of Time to File Response/Reply as to 10 MOTION to Dismiss *Pursuant to Rule 12(b)(6) and Brief in Support*, 12 MOTION for Protective Order *Against Plaintiff Nelson Willis* filed by Adam M. Aron. (Illmer, Richard) (Entered: 01/19/2024) |
| 01/22/2024 | | 20 | ORDER granting 17 MOTION for Extension of Time to File Response. IT IS ORDERED that Plaintiff shall have until February 16, 2024, to file a response to the Motion to Dismiss (Dkt. 10 ) and the Motion for Protective Order (Dkt. 12 ). Defendant shall have seven (7) days from the date the response is served to file their reply, if any. See LOC. R. CV-7(f). Signed by Magistrate Judge Kimberly C Priest Johnson on 1/22/2024. (jmb, ) (Entered: 01/22/2024) |
| 01/31/2024 | | 21 | NOTICE of Discovery Disclosure by Adam M. Aron *Defendant Adam M. Aron's Notice of Disclosure* (Illmer, Richard) (Entered: 01/31/2024) |
| 02/05/2024 | | 22 | NOTICE of Attorney Appearance by Meghann Diane Reeves on behalf of Adam M. Aron (Reeves, Meghann) (Entered: 02/05/2024) |
| 02/07/2024 | | 23 | MOTION for Extension of Time to File Response to 10 MOTION to Dismiss and 12 MOTION for Protective Order by Nelson Willis. (rpc, ) (Entered: 02/07/2024) |
| 02/14/2024 | | 24 | RESPONSE in Opposition re 23 MOTION for Extension of Time to File Response/Reply as to 10 MOTION to Dismiss *Pursuant to Rule 12(b)(6) and Brief in Support*, 12 MOTION for Protective Order *Against Plaintiff Nelson Willis* filed by Adam M. Aron. (Attachments: # 1 Proposed Order Denying Plaintiff's Motion for Extension of Time)(Reeves, Meghann) (Entered: 02/14/2024) |
| 02/26/2024 | | 25 | MEMORANDUM OPINION AND ORDER granting 23 MOTION for Extension of Time to File Response/Reply as to 10 MOTION to Dismiss *Pursuant to Rule 12(b)(6) and Brief in Support*, 12 MOTION for Protective Order *Against Plaintiff Nelson Willis* filed by Nelson Willis. Plaintiff shall have until March 15, 2024, to file a response to the Motion to Dismiss (Dkt. 10) and the Motion for Protective Order (Dkt. 12) that complies with the Federal Rules |

| | | |
|---|---|---|
| | | of Civil Procedure and Local Rules. Defendant shall have seven (7) days from the date the response is served to file his reply, if any. See LOC. R. CV-7(f). Signed by Magistrate Judge Kimberly C Priest Johnson on 2/26/2024. (dlw, ) (Entered: 02/26/2024) |
| 03/11/2024 | 26 | MOTION for Extension of Time to File by Nelson Willis. (Attachments: # 1 Exhibit A - Part 1 of 3, # 2 Exhibit A - Part 2 of 3, # 3 Exhibit A - Part 3 of 3) (rpc, ) (Entered: 03/12/2024) |
| 03/13/2024 | 27 | RESPONSE in Opposition re 26 MOTION for Extension of Time to File *filed by Adam M. Aron.* (Attachments: # 1 Proposed Order)(Illmer, Richard) (Entered: 03/13/2024) |
| 03/13/2024 | 28 | MOTION to Compel *Initial Disclosures* by Adam M. Aron. (Attachments: # 1 Exhibit A - Email Chain, # 2 Proposed Order)(Illmer, Richard) (Entered: 03/13/2024) |
| 03/25/2024 | 29 | REPLY to 27 Response to Motion re 26 MOTION for Extension of Time to File *filed by Nelson Willis.* (RPC) (Entered: 03/25/2024) |
| 04/08/2024 | 30 | MEMORANDUM OPINION AND ORDER. The Fourth Motion for Extension (Dkt. 26 ) is GRANTED IN PART and DENIED IN PART. IT IS ORDERED that Plaintiff shall file his response, if any, to the Motion to Dismiss (Dkt. 10 ) and the Motion for Protective Order (Dkt. 12 ) no later than April 15, 2024. The Court will grant no further extensions to Plaintiff related to his responses to the Motion to Dismiss (Dkt. 10 ) and the Motion for Protective Order (Dkt. 12 ). Defendant shall have seven (7) days from the date the response is served to file his reply, if any. Signed by Magistrate Judge Kimberly C Priest Johnson on 4/8/2024. (rpc) Modified docket text on 4/9/2024 (rpc). (Entered: 04/08/2024) |
| 04/08/2024 | | (Court only) ***Motions terminated: 26 MOTION for Extension of Time to File filed by Nelson Willis. (rpc) (Entered: 04/09/2024) |
| 04/15/2024 | 31 | (Ex Parte) SEALED Ex Parte Letter filed by Nelson Willis. (rpc) (Entered: 04/16/2024) |
| 04/15/2024 | 32 | RESPONSE to 10 MOTION to Dismiss and 12 MOTION for Protective Order *filed by Nelson Willis.* (Attachments: # 1 Exhibit A, # 2 Exhibit C, # 3 Exhibit D, # 4 Exhibit E, # 5 Exhibit F, # 6 Exhibit G, # 7 Exhibit H, # 8 Exhibit I, # 9 Exhibit J, # 10 Proposed Order)(rpc) (Entered: 04/16/2024) |
| 04/22/2024 | 33 | REPLY to Response to Motion re 10 MOTION to Dismiss *Pursuant to Rule 12(b)(6) and Brief in Support filed by Adam M. Aron.* (Illmer, Richard) (Entered: 04/22/2024) |
| 04/22/2024 | 34 | REPLY to Response to Motion re 12 MOTION for Protective Order *Against Plaintiff Nelson Willis filed by Adam M. Aron.* (Illmer, Richard) (Entered: 04/22/2024) |
| 05/14/2024 | 35 | MOTION for Emergency Halt and Cease-and-Desist Request Pursuant to Rule 65 of the Federal Rules of Civil Procedure by Nelson Willis. (Attachments: # 1 Proposed Order) (jmb) (Entered: 05/15/2024) |
| 05/28/2024 | 36 | RESPONSE in Opposition re 35 MOTION [Motion for Emergency Halt and Cease-and-Desist Request Pursuant to Rule 65 of the Federal Rules of Civil Procedure] *filed by Adam M. Aron.* (Attachments: # 1 Exhibit A - Memorandum Opinion, # 2 Proposed Order Denying Plaintiff's Motion for Emergency Halt and Cease-and-Desist Request)(Illmer, Richard) (Entered: 05/28/2024) |

| 05/30/2024 | 37 | MOTION for Temporary Restraining Order by Nelson Willis. (Attachments: # 1 Exhibit A and D, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit E, # 5 Exhibit F, # 6 Proposed Order)(rpc) (Entered: 05/30/2024) |
|---|---|---|
| 06/04/2024 | 38 | EMERGENCY MOTION to Establish Status Quo Regarding AMC Shareholder Meeting by Nelson Willis. (Attachments: # 1 Proposed Order)(baf) (Entered: 06/04/2024) |
| 06/05/2024 | 39 | REPORT AND RECOMMENDATIONS re 35 MOTION [Motion for Emergency Halt and Cease-and-Desist Request Pursuant to Rule 65 of the Federal Rules of Civil Procedure] filed by Nelson Willis, 38 MOTION filed by Nelson Willis, 37 MOTION for Temporary Restraining Order filed by Nelson Willis. The Court recommends the Motions for Injunction (Dkts. 35; 37; 38) be DENIED. Signed by Magistrate Judge Kimberly C Priest Johnson on 6/5/24. (sjs) (Entered: 06/05/2024) |
| 06/06/2024 | 40 | RESPONSE (OBJECTIONS) to 39 Report and Recommendations filed by Nelson Willis. # 1 Proposed Order) (baf). (Entered: 06/06/2024) |
| 06/06/2024 | 41 | MOTION to Remove Magistrate Judge by Nelson Willis. (baf) # 1 Proposed Order) (baf). (Entered: 06/06/2024) |
| 06/10/2024 | 42 | MOTION to Move Case Directly to Discovery Phase: Rule 16(b)(1) - Pretrial and notification of FOIA Response Indicating Ongoing SEC Investigation - Evidence of Continued Malicious Prosecution by Nelson Willis. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Proposed Order) (rpc) (Entered: 06/11/2024) |
| 06/11/2024 | 43 | Additional Attachments to Main Document: 42 MOTION. SUPPLEMENTAL CERTIFICATE OF SERVICE. (baf) (Entered: 06/11/2024) |
| 06/11/2024 | 44 | Supplemental Objections to 39 Report and Recommendations, Discovery Request, and MOTION for FRCP Rule 35 Mental Evaluation Request, by Nelson Willis. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Additional Attachment(s), # 5 Proposed Order)(rpc) (Entered: 06/12/2024) |
| 06/14/2024 | 45 | REQUEST THE CLERK OF THE COURT TO ADMIT EXHIBIT X IN SUPPORT OF DOCUMENT 44 FILED JUNE 11,2024 by Nelson Willis (Attachments: # 1 Proposed Order, # 2 Exhibit X) (jmb) (Entered: 06/14/2024) |
| 06/18/2024 | 46 | MOTION to Notify the Court of Intent to File Additional Lawsuit Against Defendant Aron's Attorneys Richard A. Illmer and Meghann Reeves by Nelson Willis. (Attachments: # 1 Exhibit A, # 2 Proposed Order)(rpc) (Entered: 06/18/2024) |
| 06/18/2024 | 47 | MOTION for Judiciary Complaint by Nelson Willis. (Attachments: # 1 Exhibit A)(rpc) (Entered: 06/20/2024) |
| 06/20/2024 | 48 | RESPONSE to 40 Response to Non-Motion, 41 Motion for Miscellaneous Relief filed by Adam M. Aron. (Attachments: # 1 Proposed Order Denying Plaintiff's Objection to Report and Recommendation and Motion to Remove) (Illmer, Richard) (Entered: 06/20/2024) |
| 06/20/2024 | 49 | REPLY to 36 Response to Motion re 35 MOTION for Emergency Halt and Cease-and-Desist Request Pursuant to Rule 65 of the Federal Rules of Civil Procedure filed by Nelson Willis. (rpc) (Entered: 06/20/2024) |
| 06/20/2024 | 50 | RESPONSE to 48 Response to 40 Objections to Report and Recommendation and 41 Motion, filed by Nelson Willis. (Attachments: # 1 Exhibit A, # 2 |

| 06/24/2024 | 51 | RESPONSE in Opposition re 42 MOTION *to Move Case Directly to Discovery Phase* filed by Adam M. Aron. (Attachments: # 1 Proposed Order)(Illmer, Richard) (Entered: 06/24/2024) |
| 06/24/2024 | 52 | MOTION to Unseal Documents and Evidence by Nelson Willis. (Attachments: # 1 Proposed Order) (jmb) Modified text on 6/24/2024 (xl). (Entered: 06/24/2024) |
| 06/24/2024 | 53 | PLAINTIFF'S OBJECTION TO DEFENDANT ADAM M. ARON'S RESPONSE 51 TO PLAINTIFF'S MOTION TO MOVE CASE DIRECTLY TO DISCOVERY PHASE 42 (jmb) (Entered: 06/24/2024) |
| 06/24/2024 | 54 | SECONDARY NOTICE TO THE COURT REGARDING CONTINUED MALICIOUS PROSECUTION by Nelson Willis (Attachments: # 1 Exhibit A) (jmb) (Entered: 06/24/2024) |
| 06/25/2024 | 55 | RESPONSE to 44 Motion for Miscellaneous Relief, *filed by Adam M. Aron.* (Attachments: # 1 Proposed Order Denying Plaintiff's Supplemental Objection to Report and Recommendation)(Illmer, Richard) (Entered: 06/25/2024) |
| 06/25/2024 | 56 | REPLY to 55 Response to 44 Supplemental Objections to 39 Report and Recommendations, Discovery Request, and MOTION for FRCP Rule 35 Mental Evaluation Request, *filed by Nelson Willis.* (Attachments: # 1 Exhibit A, # 2 Proposed Order)(rpc) (Entered: 06/25/2024) |
| 07/01/2024 | 57 | Emergency MOTION to Compel Immediate Production of Emails, Text Messages, and Other Communications Pursuant to Federal Rule of Civil Procedure 37(a) by Nelson Willis. (Attachments: # 1 Proposed Order)(rpc) (Entered: 07/01/2024) |
| 07/02/2024 | 58 | RESPONSE in Opposition re 46 MOTION *Defendant Adam M. Aron's Response to Plaintiff's Motion to Notify Court of Intent to File Additional Lawsuit* filed by Adam M. Aron. (Attachments: # 1 Proposed Order Denying Plaintiff's Motion to Notify Court of Intent to File Additional Lawsuit)(Illmer, Richard) (Entered: 07/02/2024) |
| 07/02/2024 | 59 | RESPONSE in Opposition re 47 MOTION *Defendant Adam M. Aron's Response to Plaintiff's Motion for Judiciary Complaint Against Magistrate Judge* filed by Adam M. Aron. (Attachments: # 1 Proposed Order Denying Plaintiff's Motion for Judiciary Complaint against Magistrate Judge)(Illmer, Richard) (Entered: 07/02/2024) |
| 07/02/2024 | 60 | PLAINTIFF'S RESPONSE TO DEFENDANT ADAM M. ARON'S RESPONSE 58 TO PLAINTIFF'S MOTION TO NOTIFY COURT OF INTENT TO FILE ADDITIONAL LAWSUIT 46 *filed by Nelson Willis.* (Attachments: # 1 Proposed Order) (jmb) (Entered: 07/02/2024) |
| 07/03/2024 | 61 | EMERGENCY MOTION to Compel this Court for the Issue of Federal Bench Warrants, Forensic Audits, and Additional Relief by Nelson Willis. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(baf) (Entered: 07/03/2024) |
| 07/03/2024 | 62 | RESPONSE to 59 Response in Opposition to Motion *filed by Nelson Willis.* (baf) (Entered: 07/03/2024) |
| 07/08/2024 | 63 | RESPONSE in Opposition re 52 MOTION to Unseal Document *filed by Adam M. Aron.* (Attachments: # 1 Proposed Order)(Illmer, Richard) (Entered: 07/08/2024) |

| 07/08/2024 | 64 | REPLY to Response to 52 MOTION to Unseal Document *filed by Nelson Willis.* (Attachments: # 1 Proposed Order)(rpc) (Entered: 07/08/2024) |
|---|---|---|
| 07/08/2024 | 65 | MOTION for Civil Remedies and Request for Grand Jury Investigation Based on Alleged Securities Fraud, Mail and Wire Fraud, Conspiracy to Commit Fraud, insider Trading, and False Statements Under Federal Law, and Theft, Securities Fraud, Fraudulent Transfer, Conspiracy, and Misapplication of Fiduciary Property Under Texas Law and Delaware Law by Nelson Willis. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit 5.1, # 7 Proposed Order)(rpc) (Entered: 07/08/2024) |
| 07/09/2024 | 66 | Supplemental Filing in Support of 65 MOTION for Civil Remedies and Requests for Grand Jury Investigation to Clarify and Correct. (rpc) (Entered: 07/09/2024) |
| 07/12/2024 | 67 | Supplemental 2 Filing in Support of 65 MOTION for Civil Remedies and Requests for Grand Jury Investigation. (Attachments: # 1 Exhibit, # 2 Proposed Order)(rpc) (Entered: 07/12/2024) |
| 07/15/2024 | 68 | RESPONSE in Opposition re 57 MOTION to Compel *Immediate Production of Emails, Text Messages, and Other Communications Pursuant to FRCP 37(a) filed by Adam M. Aron.* (Attachments: # 1 Proposed Order)(Illmer, Richard) (Entered: 07/15/2024) |
| 07/16/2024 | 69 | REPLY to 68 Response to 57 MOTION to Compel Immediate Production of Emails, Text Messages, and Other Communications Pursuant to FRCP 37(a) *filed by Nelson Willis.* (Attachments: # 1 Proposed Order)(rpc) (Entered: 07/16/2024) |
| 07/17/2024 | 70 | RESPONSE in Opposition re 61 MOTION *to Compel This Court for the Issuance of Federal Bench Warrants, Forensic Audits, and Additional Relief filed by Adam M. Aron.* (Attachments: # 1 Proposed Order)(Illmer, Richard) (Entered: 07/17/2024) |
| 07/17/2024 | 71 | MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE. Plaintiff's Objections (Dkt. # 40 ) are OVERRULED and the Magistrate Judge's Report (Dkt. # 39 ) is ADOPTED as the findings and conclusions of the Court. IT IS ORDERED that the Motions for Injunction (Dkts. # 35 ; 37 38 ) are DENIED. Signed by District Judge Amos L. Mazzant, III on 7/17/2024. (rpc) (Entered: 07/17/2024) |
| 07/18/2024 | 72 | MEMORANDUM OPINION AND ORDER. IT IS ORDERED that the Motion for Recusal (Dkt. 41 ) is DENIED. Signed by Magistrate Judge Kimberly C Priest Johnson on 7/18/2024. (rpc) (Entered: 07/19/2024) |
| 07/22/2024 | 73 | RESPONSE to Motion re 65 MOTION *for Civil Remedies and Request for Grand Jury Investigation filed by Adam M. Aron.* (Attachments: # 1 Proposed Order Proposed Order)(Illmer, Richard) (Entered: 07/22/2024) |
| 07/22/2024 | 74 | PLAINTIFF S OBJECTION TO MEMORANDUM (71 ADOPT NG REPORT AND RECOMMENDATION (39) OF UNITED STATES MAGISTRATE JUDGE AND MEMORANDUM OPINION AND ORDER (72) *filed by Nelson Willis.* (Attachments: # 1 Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4)(knp) (Entered: 07/22/2024) |
| 07/22/2024 | 75 | PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE (DKT. 73) TO MOTION FOR CIVIL REMEDIES AND REQUEST FOR GRAND JURY |

| | | | INVESTIGATION(DKT. 65) *filed by Nelson Willis*. (Attachments: # 1 Proposed Order)(knp) (Entered: 07/22/2024) |
|---|---|---|---|
| 07/22/2024 | | 76 | PLAINTIFF'S MOTION TO REMOVE DISTRICT JUDGE by Nelson Willis. (Attachments: # 1 Proposed Order)(knp) (Entered: 07/22/2024) |
| 07/23/2024 | | 77 | Emergency MOTION for Halt, Cease and Desist, and Establish and Maintain the Status Quo by Nelson Willis. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit X, # 4 Proposed Order)(rpc) (Entered: 07/23/2024) |
| 07/23/2024 | | 78 | MOTION Alleging Fraudulent Conveyance and Demand for Immediate Action by Nelson Willis. (Attachments: # 1 Proposed Order)(rpc) (Entered: 07/23/2024) |
| 07/24/2024 | | 79 | Supplemental filing in Support of 78 MOTION Alleging Fraudulent Conveyance and Demand for Immediate Action. (Attachments: # 1 Exhibit 5.1) (baf) (Entered: 07/24/2024) |

```
 1                      REPORTER'S RECORD
                      VOLUME 1 OF 1 VOLUME
 2             TRIAL COURT CAUSE NO. CV23-00179

 3    ADAM M. ARON              ) ( IN THE DISTRICT COURT
                               ) (
 4    VS.                       ) ( COOKE COUNTY, TEXAS
                               ) (
 5    NELSON WILLIS             ) ( 235TH JUDICIAL DISTRICT

 6

 7       HEARING ON APPLICATION FOR PROTECTIVE ORDER

 8

 9

10

11

12

13

14

15

16

17

18

19

20        On the 21st day of July, 2023, the following

21   proceedings came on to be held in the above-entitled and

22   numbered cause before the HONORABLE JANELLE M. HAVERKAMP,

23   Judge Presiding, held in Gainesville, Cooke County, Texas.

24        Proceedings reported by computerized stenotype machine.

25
```

```
 1                         APPEARANCES

 2   HUSCH BLACKWELL
     BY:  MEGHANN REEVES
 3   SBOT NO. 24049592
     1900 N. Pearl Street, Suite 1800
 4   Dallas, Texas 75201-2467
     Telephone:  (214)981-7025
 5        ATTORNEY FOR THE APPLICANT;

 6   NELSON WILLIS
          APPEARING PRO SE.
 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                            I N D E X

 2                             VOLUME 1
            HEARING ON APPLICATION FOR PROTECTIVE ORDER
 3                           JULY 21, 2023

 4                                            Page    Vol

 5   Caption                                    1      1

 6   Appearances of Counsel                     2      1

 7   Proceedings                                4      1

 8   Court Reporter's Certificate              14      1

 9   (No witnesses to index this volume.)

10   (No exhibits to index this volume.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S

 2                                    (JULY 21, 2023.)

 3              (Open court, no jury.)

 4              THE COURT:  The Court calls Cause Number

 5    CV23-00179, Adam M. -- is it Aron?

 6                    MS. REEVES:  Aron.

 7              THE COURT:  -- Aron versus Nelson Willis --

 8    Applicant, versus Nelson Willis, Respondent.

 9                    Now, is Applicant present and ready?

10                    MS. REEVES:  Yes, Your Honor.

11              THE COURT:  Where is Applicant?

12                    MS. REEVES:  Oh.  Mr. Aron is not here today.

13    We submitted an affidavit.

14              THE COURT:  I -- and by whose authority did

15    you think you could come in here and submit evidence by an

16    affidavit?

17                    MS. REEVES:  I -- Your Honor, we did not

18    clarify that with you.

19              THE COURT:  I -- you were -- I'm not allowing

20    you to -- no one asked permission of the Court --

21                    MS. REEVES:  We --

22                    THE COURT:  -- and --

23                    MS. REEVES:  Your Honor, we -- we followed

24    the Texas criminal statute relating to protective orders.

25    It did not mention --
```

DENISE A. NEU, (940) 391-3170

```
 1              THE COURT:  Where -- where -- I am not
 2   allowing you to submit evidence by affidavit.  Show me where
 3   you -- you can present evidence by affidavit for the -- the
 4   final hearing, not a temporary ex parte protective order.
 5              MS. REEVES:  Your Honor, I'm only aware of
 6   Article 7B.001, the application for --
 7              THE COURT:  Say again.
 8              MS. REEVES:  I'm -- the authority I'm aware
 9   of is from Article 7B.001, application for protective order.
10              THE COURT:  Article 7B.  Where are you
11   looking?
12              MS. REEVES:  It is in the Code of Criminal
13   Procedure, Title 1.
14              MR. WILLIS:  I have it printed out, Your
15   Honor.
16              THE COURT:  No one asked you a thing.
17              You can present affidavits on the temporary
18   ex parte protective order.  7B.101.  What section?
19              MS. REEVES:  So it's .001.  And this relates
20   to the application, Your Honor.
21              THE COURT:  For the ex parte order.
22              MS. REEVES:  This is the -- the only part --
23   section of this chapter that's dealing with the protective
24   order.
25              THE COURT:  101.  In the same manner as an
```

```
 1   application for a protective order under Title 4 of the

 2   Family Code.  And if you'll go to the Family Code, the only

 3   protective order that can be issued by affidavit is the ex

 4   parte.

 5                  MS. REEVES:  Your Honor --

 6                  THE COURT:  That's the original ex parte

 7   without a hearing.

 8                  MS. REEVES:  Your Honor, the -- the Family

 9   Code we did not think applied in this situation.

10                  THE COURT:  At any proceeding related to an

11   offense under 42.072 in which the defendant appears before

12   the court, a person may request the court to issue a

13   protective order under Title 4, Family Code, for the

14   protection of the person.

15                  The request under Subsection (a) is made by

16   filing an application for a protective order in the same

17   manner as an application for a protective order under Title

18   4, Family Code.

19                  The court shall issue a protective order in

20   the manner provided by Title 4, Family Code, if, in lieu of

21   the finding that family violence occurred and is likely to

22   occur in the future as required by Section 85.001, Family

23   Code, the court finds that:  Probable cause exists to

24   believe that an offense under Section 42.072, Penal Code,

25   was committed.
```

DENISE A. NEU, (940) 391-3170

```
 1              The nature of the scheme or course of conduct
 2   engaged in by the defendant in committing the offense
 3   indicates the defendant is likely in the future to engage in
 4   conduct prohibited by Section 42.072(a)(1),(2), or (3).
 5              The procedure for the enforcement under Title
 6   4, Family Code, applies to the fullest extent practicable to
 7   the enforcement of a protective order under this chapter,
 8   including provisions relating to findings, contents,
 9   duration, warning, delivery, law enforcement duties, and
10   modification.
11              MS. REEVES:  Under the Article 7B, when you
12   go to the Section .003, that sets out the issuance of the
13   protective order..  There's also another subsection within
14   Article 7B that talks about when the title -- the family
15   section would apply.  I cannot remember off the top of my
16   head which one it is.  I don't have that one printed.  It
17   might be .008 or --
18              THE COURT:  The court shall issue a
19   protective order in the manner provided by Title 4 of the
20   Family Code.
21              Well, I'm telling you that I am not going to
22   issue a permanent -- I think that you're wrong.  You
23   could -- you could prove me wrong.  So far you have not.
24   But I am telling you that I am not going to issue a
25   permanent protective order by affidavit.
```

1            MS. REEVES: Yes, Your Honor.

2            THE COURT: The consequences for a violation

3 of a protective order are too serious. I believe that he's

4 got the right to confront his accuser --

5            I don't need any help from you.

6            -- in a court of law. So the Applicant will

7 have to be present in this Court if he wants to pursue the

8 protective order. I do not give permission for this to be

9 submitted by affidavit, so we will postpone it to give him

10 the opportunity.

11            But one thing I need to make very clear to

12 you, Mr. Willis, based upon what you have attempted to file

13 in this case, this hearing will only be about the

14 application for protective order. This is not your

15 opportunity to engage in any kind of civil lawsuit for,

16 against the Applicant for breach of fiduciary duty or

17 anything about your issues with him with regard to

18 diminished value of stock or anything to do with stock.

19 That is a whole nother issue. It has nothing to do with

20 whether or not you have committed the offense of stalking

21 against him. You understand that?

22            MR. WILLIS: I do, Your Honor.

23            THE COURT: The only issue in this Court is

24 should I issue a protective order against you for your

25 conduct. If they can prove to me that you have engaged in

1   stalking, and whether or not I should issue a protective

2   order.  Have you engaged in stalking?  Is it likely you will

3   continue to engage in stalking?  That's the only issue

4   before the Court.

5              So I'm going to require him to appear in

6   person.  So we will reset this.  I -- I would consider

7   perhaps allowing him to appear by Zoom, unless there's a

8   reason not to, but not by affidavit.  That does not give him

9   the right to confront and cross-examine his accusers.

10             So we need to reset.

11             Yes.

12             MR. WILLIS:  In regards to my communications

13  with the Petitioner.

14             THE COURT:  Who?

15             MR. WILLIS:  With the Petitioner.  With the

16  Applicant.

17             THE COURT:  Yes.

18             MR. WILLIS:  My only communications with

19  him -- okay.  Let me start out by saying --

20             THE COURT:  Okay.  I'm not hearing the case

21  today.

22             MR. WILLIS:  Well, I'm a congestive heart

23  failure patient, okay.  And the date of this -- I'm a

24  shareholder.

25             THE COURT:  Are you --

DENISE A. NEU, (940) 391-3170

```
 1              MR. WILLIS:  I'm not a stalker, okay.  I'm a
 2    shareholder.
 3              THE COURT:  Okay.  Mr. Willis, I'm not
 4    hearing the case today.
 5              MR. WILLIS:  Well, I'm just going to say one
 6    thing.  My e-mails were to their investor relations, and
 7    then they ignored me because of the shareholder vote on
 8    March 14th.  And I was in the hospital that day.
 9              THE COURT:  Okay.  I'm not hearing the facts
10    of the case today.
11              MR. WILLIS:  Well, I'm just saying that
12    they're trying to come at me outside of the actual
13    shareholder.  And they're trying --
14              THE COURT:  I'm not hearing the case today.
15              MR. WILLIS:  Well, they're trying to silence
16    me as a whistleblower to the SEC, and that's a --
17              THE COURT:  And, further, there's a proposed
18    order that's been submitted that wants me to include any --
19    that no further communication to the SEC.  That is beyond
20    the scope of this protective order.
21              MR. WILLIS:  Yeah.  That is against --
22              THE COURT:  I don't need your help.
23              MR. WILLIS:  -- my constitutional rights.
24              THE COURT:  Don't need your help.
25              MR. WILLIS:  Yes, ma'am.
```

```
 1                    THE COORDINATOR:  We can do it on August 7th,
 2   11:00 a.m. or that afternoon we have time.
 3                    MS. REEVES:  Okay.  May I get a few dates to
 4   be able to discuss with Mr. Aron?
 5                    MR. WILLIS:  May I say one last thing?
 6                    THE COURT:  Just a moment.
 7                    THE COORDINATOR:  We can also do it almost
 8   any time on the 8th, and we have quite a bit of availability
 9   on the 9th and really the rest of that week we have time.
10                    MS. REEVES:  Your Honor, with your suggestion
11   on potentially we may be able to do it via Zoom, do we need
12   to do a formal request with you for that?
13                    THE COURT:  Yes.
14                    MS. REEVES:  Okay.
15                    THE COURT:  Mr. Willis, are you opposed to
16   the Applicant appearing via Zoom?
17                    MR. WILLIS:  I am worried about witnesses
18   that -- attending via Zoom or what have you.
19                    THE COURT:  Do you have witnesses to whether
20   or not you sent these e-mails?
21                    MR. WILLIS:  I have lots of them.
22                    THE COURT:  That whether or not you sent the
23   e-mails?  I don't want to hear anybody that's going to talk
24   about --
25                    MR. WILLIS:  No.  I -- okay.
```

```
 1                    THE COURT:  -- the stock.
 2                    MR. WILLIS:  My e-mails -- my e-mails are not
 3    about Mr. Aron as a person.  They are about him as a CEO.
 4                    THE COURT:  Well --
 5                    MR. WILLIS:  And that's what this whole thing
 6    is about.
 7                    THE COURT:  -- that's not the issue.  The
 8    issue is did you send the e-mails to Mr. Aron?
 9                    MR. WILLIS:  As a shareholder and exercising
10    my shareholder rights.
11                    THE COURT:  I don't care if you sent them as
12    the Easter bunny.
13                    MR. WILLIS:  They are strictly --
14                    THE COURT:  Did you send them?
15                    MR. WILLIS:  It is my shareholder right to
16    communicate with the CEO.  He -- the CEO actually --
17                    THE COURT:  It is not your shareholder right
18    to communicate in vulgar, threatening and harassing manner.
19                    MR. WILLIS:  That's first amendment of the
20    Constitution, my first -- free speech.
21                    THE COURT:  Well, you can argue that next
22    time.
23                    Okay.  So reset.
24                    MR. WILLIS:  Okay.  So we're going to --
25                    THE COURT:  We'll set it now August 7th at
```

DENISE A. NEU, (940) 391-3170

```
 1    what time?
 2                    MR. WILLIS:  We're going to continue --
 3                    THE COURT:  Don't interrupt me.
 4                    MR. WILLIS:  Yes, ma'am.
 5                    THE COURT:  What time?
 6                    THE COORDINATOR:  2:00 p.m.
 7                    THE COURT:  August 7th at 2:00 unless we hear
 8    that -- right now that's -- it's set August 7th at 2:00 p.m.
 9                    We're adjourned.  We'll see you back
10    August 7th at 2:00 p.m.  As of now all parties in person.
11                    (End of proceedings.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1   STATE OF TEXAS

 2   COUNTY OF COOKE

 3            I, Denise A. Neu, Deputy Court Reporter in and for

 4   the 235th Judicial District Court of Cooke County, State of

 5   Texas, do hereby certify that the above and foregoing

 6   contains a true and correct transcription of all portions of

 7   evidence and other proceedings requested in writing by

 8   counsel for the parties to be included in this volume of the

 9   Reporter's Record, in the above-styled and numbered cause,

10   all of which occurred in open court or in chambers and were

11   reported by me.

12            I further certify that this Reporter's Record of

13   the proceedings truly and correctly reflects the exhibits,

14   if any, offered by the respective parties.

15            I further certify that the total cost for the

16   preparation of this Reporter's Record is $78.00, and was

17   paid by Mr. Nelson Wilson.

18            WITNESS my hand this the 14th day of December,

19   2023.

20                           /s/ Denise Neu
                             DENISE A. NEU, Texas CSR #6110
21                           Deputy Court Reporter
                             235th District Court
22.                          Cooke County, Texas
                             P.O. Box 352
23                           Lindsay, Texas 76250
                             Telephone:  (940) 391-3170
24                           Expiration:  04/30/24

25
```

Appeal Exh.b.7 - B

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**SHERMAN DIVISION**

FILED

JUL 2 9 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

**NELSON WILLIS,**

**Plaintiff,**

**v.**

**ADAM M. ARON,**

**Defendant.**

**Case No.: 4:23-cv-00732-ALM**

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I. Introduction**

Plaintiff Nelson Willis, Pro Se, respectfully submits this Motion for Summary Judgment against Defendant Adam M. Aron. This motion is based on the procedural misconduct, fraudulent activities, and strategic misrepresentations perpetrated by the defendant and his attorneys, which have fundamentally undermined the integrity of the judicial process and caused irreparable harm to the plaintiff.

**II. Factual Background**

1. Strategic Bluff by Filing Notice of Nonsuit: On July 31, 2023, at 4:58 PM CST (**EXHIBIT A**), the defendant's attorneys filed a Notice of Nonsuit Without Prejudice in the 235th District Court of Texas. This notice was filed approximately 8.5 hours after the Kansas Johnson County Sheriff's Department served subpoenas (**EXHIBIT E**) on the Vice President of Investor Relations, John Merriwether, for key evidence. The timing and circumstances indicate this notice was a strategic bluff intended to mislead the court and buy time.

2. **Failure to Finalize Nonsuit:** Despite filing the notice, the necessary procedural steps to finalize this nonsuit were never completed. (**SEE EXHIBIT B 235TH DISTRICT COURT DOCKET SHEET**). Attorney Richard Illmer filed the nonsuit but had not read the transcript. (**SEE EXHIBIT D TRANSCRIPT 23-CV-00179**). Once Attorney Richard Illmer realized Attorney Meghann Reeves stated in court on July 21, 2023, that all evidence had been submitted, Attorney Richard Illmer realized he could no longer file the Motion for Nonsuit Without Prejudice and therefore, no judge's order was signed, leaving the case

active and open in the state court. This intentional violation has significantly prejudiced the plaintiff's position in the federal case.

3. **Fraudulent Activities and Forged Affidavit**: The defendant's attorneys, Richard Illmer and Meghann Reeves, engaged in a pattern of deceit and misrepresentation, including submitting a forged affidavit (**SEE EXHIBIT C AFFIDAVIT OF ADAM M. ARON THE COURT CLERK DOES NOT HAVE THE AFFIDAVIT MS. REEVES BROUGHT TO COURT ON JULY 21 2023**) to manipulate the judicial process. Their actions have caused severe harm to the plaintiff, who has been falsely portrayed and unjustly targeted.

4**. Misleading Federal Court**: The federal court's decisions, including the denial of the plaintiff's emergency motions to halt the June 5, 2024, shareholder meeting, were based on the incorrect assumption that the state court case was dismissed. This procedural misconduct and the strategic bluff by the defendant have significantly affected the plaintiff's case not only in the 235th District Court of Texas but also in the United States District Court Eastern District of Texas, Sherman Division.

5. **Hostile Witness Subpoena and Retaliation**: Plaintiff subpoenaed John Merriwether on July 31, 2023, at approximately 8:30 AM CST as a hostile witness to be questioned under oath on August 7, 2023, at 2:45 PM CST. In retaliation, the defendant filed a notice of nonsuit to evade compliance and scrutiny.

6. **Evidence Submitted by Affidavit**: In the lower court, Defendant's attorney, Meghann Reeves, stated in the transcript (**Exhibit D**) that all evidence had been submitted by affidavit, making the nonsuit illegal as it precludes new evidence without court approval.

### III. Legal Standards

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The plaintiff bears the burden of demonstrating the absence of a genuine issue of material fact. Due to the procedural misconduct and fraudulent actions by the defendant's attorneys, all filings by the defense in this federal case are rendered fraudulent and invalid, thus meeting the criteria for summary judgment under FRCP Rule 56.

### IV. Argument

### 1. Procedural Misconduct and Fraudulent Activities

• The defendant's attorneys have engaged in procedural misconduct by filing a Notice of Nonsuit without following through with the necessary procedural steps to finalize it. This strategic bluff was intended to mislead the court and obstruct justice. Their submission of a forged affidavit further compounds their fraudulent conduct.

• **Supporting Case Law**: C/S Solutions, Inc. v. Energy Maintenance Services Group, LLC (274 S.W.3d 299, 308 (Tex. App.—Houston [1st Dist.] 2008, no pet.))

### 2. Violation of Constitutional Rights

• The defendant's actions have violated the plaintiff's Sixth Amendment rights to a fair trial and due process. The strategic bluff and procedural misconduct have denied the plaintiff a fair and just legal process.

• **Supporting Case Law**: Mullins v. TestAmerica Inc., 564 F.3d 386, 401 (5th Cir. 2009)

3. **Extrinsic Fraud**

• **The concealment of material facts and fraudulent representations** by the attorneys constitute extrinsic fraud. This type of fraud prevents a party from fully presenting their case and is grounds for setting aside a judgment.

• **Supporting Case Law**: Montgomery v. Kennedy, 669 S.W.2d 309, 311 (Tex. 1984)

4. **Irreparability of Harm**

• The defendant's actions have caused irreparable harm to the plaintiff, who has suffered significant emotional, financial, and reputational damage. The fraudulent and deceitful conduct of the defendant's attorneys necessitates immediate and severe relief.

5. **Legal Ramifications of Procedural Misconduct**

• The actions of the defendant's attorneys in filing a Notice of Nonsuit and then failing to follow through with the necessary procedural steps while continuing to represent that the case was dismissed constitute a serious ethical violation. Misrepresenting the status of a case to the court, particularly in a way that misleads the court and other parties, can be considered fraudulent conduct and may rise to the level of criminal fraud, potentially classified as a felony. This conduct has severely undermined the integrity of the judicial process and warrants significant sanctions.

6. **Fraudulent Nature of Federal Court Filings**

• Due to the procedural misconduct and fraudulent misrepresentation of the status of the state court case, all filings by the defendant's attorneys in the federal court case (Case No.: 4:23-cv-00732) are rendered fraudulent. This includes their motion to dismiss, motion for protective order, and all subsequent filings and objections. The integrity of these documents is compromised due to the attorneys' willful misrepresentation and fraudulent conduct.

**V. Relief Requested**

**In light of the above arguments, the plaintiff respectfully requests that this Court:**

1. **Grant Summary Judgment in Favor of the Plaintiff**: Recognize the procedural misconduct and fraudulent activities of the defendant and his attorneys.

2. **Award Compensatory Damages**: $500,000 for the harm suffered by the plaintiff.

3. **Award Punitive Damages:** $25,000,000 against the defendant and an additional $25,000,000 against the attorneys and their law firm to deter future misconduct and to punish the defendant and his attorneys for their egregious actions.

4. **Dismissal of Criminal Harassment Case in Leawood, Kansas**: Order the dismissal of the pending criminal harassment charges against the plaintiff in Leawood, Kansas.

5. **No Immunity for Defendants**: State that the defendants shall not be granted immunity from re-filing of the amended complaint and the lawsuit against the attorneys.

6. **Grant Plaintiff's Pending Motions**: Order that all motions filed by the plaintiff in this federal case be granted.

7. **Immediate Payment of Awarded Damages**: Require that all awarded damages be paid within 24 hours of the judgment filing.

8. **Bar on Appeals**: Include a clause that the summary judgment is final and not subject to appeal by the defendants.

**VI. Conclusion**

The procedural misconduct, strategic bluff, and fraudulent activities of the defendant and his attorneys have fundamentally undermined the judicial process and caused irreparable harm to the plaintiff. The plaintiff respectfully requests that this Court grant the relief requested and ensure that justice is served.

**DATE: July 29, 2024**

**Sincerely,**

Nelson Willis

Plaintiff Pro Se Litigant

1405 County Road 208

Gainesville, TX 76240

Phone: 972-533-4126

Email: nelsonwillis3@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on this 29TH day of JULY, 2024, a true and correct copy of the foregoing Plaintiff's Motion for Summary Judgment and the [Proposed] Order Granting Plaintiff's Motion for Summary Judgment were served upon the following parties via the court's electronic notification email system:

Richard Illmer
Husch Blackwell LLP
1900 N. Pearl St., Suite 1800
Dallas, TX 75201
Email: richard.illmer@huschblackwell.com

Meghann Reeves
Husch Blackwell LLP
1900 N. Pearl St., Suite 1800
Dallas, TX 75201
Email: meghann.reeves@huschblackwell.com

Dated this 29TH day of JULY, 2024.

Respectfully submitted,

Nelson Willis
Plaintiff Pro Se Litigant
1405 County Road 208
Gainesville, TX 76240
Phone: 972-533-4126
Email: nelsonwillis3@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS,
SHERMAN DIVISION

NELSON WILLIS,
Plaintiff,

v.

ADAM M. ARON,
Defendant.

Case No.: 4:23-cv-00732-ALM

JULY 29, 2024

[PROPOSED] ORDER GRANTING SUMMARY JUDGMENT

Before the Court is Plaintiff Nelson Willis's Motion for Summary Judgment. Upon consideration of the motion, the supporting evidence, and the entire record, the Court finds that there is no genuine dispute as to any material fact and that the Plaintiff is entitled to judgment as a matter of law.

IT IS HEREBY ORDERED THAT:

1. Summary Judgment is GRANTED in favor of the Plaintiff, Nelson Willis.
2. The Defendant, Adam M. Aron, is ordered to pay the Plaintiff compensatory damages in the amount of $500,000.
3. The Defendant, Adam M. Aron, is ordered to pay the Plaintiff punitive damages in the amount of $25,000,000.
4. The attorneys Richard Illmer and Meghann Reeves, and their law firm, are ordered to pay the Plaintiff punitive damages in the amount of $25,000,000.
5. The pending criminal harassment charges against the Plaintiff in Leawood, Kansas are DISMISSED.
6. The Plaintiff's pending motions in this federal case are GRANTED.
7. The Defendants shall not be granted immunity from the re-filing of the Plaintiff's amended complaint and the lawsuit against the attorneys.
8. All awarded damages must be paid within 24 hours of the filing of this judgment.
9. This summary judgment is final and not subject to appeal by the Defendants.

IT IS SO ORDERED.

Signed this ____ day of _____, 2024.


_____
Hon. Amos L. Mazzant, III
United States District Judge

**Appeal Exhibit· C**

CLERK OF THE COURT
MARCI A. GILBERT
COOKE COUNTY COURTHOUSE
101 SOUTH DIXON, ROOM 207
GAINESVILLE, TX 76240

ATTORNEY REQUESTING ISSUANCE
NELSON WILLIS, PRO-SE
1405 CR 208
GAINESVILLE, TEXAS 76240

### THE STATE OF TEXAS
### SUBPOENA DUCES TECUM
### NO. CV23-00179

#### ADAM M. ARON VS NELSON WILLIS

TO ANY SHERIFF, CONSTABLE, OR BY ANY OTHER PERSON WHO IS NOT A PARTY AND IS NOT LESS THAN EIGHTEEN YEARS OF AGE, OF THE STATE OF TEXAS, GREETING:

YOU ARE HEREBY COMMANDED TO SUMMON: JOHN MERRIWETHER/VICE PRESIDENT,
INVESTOR RELATIONS
AMC ENTERTAINMENT HOLDINGS
11500 ASH STREET
LEAWOOD, KANSAS 66211

to be and to personally appear on the 7th of AUGUST 2023, at 2:00 p.m.; before the Honorable 235th District Court of Cooke County, Texas, to be held within and for said County at the Courthouse thereof, in Gainesville, then and there to testify and the truth to speak on behalf of the Respondent, in the above styled and numbered cause, now pending in said Court, and there to remain from day to day, and from term to term, until discharged by said Court. Said above named witness is further commanded to produce and permit inspection and copying at said time and place above set forth the following books, papers, documents or other tangible things, to-wit:

IT IS FURTHER ORDERED that JOHN MERRIWETHER is to produce and permit inspection and copying of designated documents or tangible things in JOHN MERRIWETHER'S possession, custody, or control that pertain to her services rendered as a receiver in this matter as follows:

1. TESTIMONY UNDER CROSS EXAMINATION

HEREIN FAIL NOT, and make do return hereof, showing how you have executed the same.

FAILURE BY ANY PERSON WITHOUT ADEQUATE EXCUSE TO OBEY A SUBPOENA SERVED UPON THAT PERSON MAY BE DEEMED A CONTEMPT OF THE COURT AND MAY BE PUNISHED BY FINE OR CONFINEMENT, OR BOTH.

Issued and given under my hand and seal of said Court at office, this the 26TH day of JULY 2023.

MARCI A. GILBERT, DISTRICT CLERK
COOKE COUNTY, TEXAS

BY: _Cwatterscheid_

Celeste Walterscheid, Deputy Clerk

COURT CLERK-JOCO,KS
'23 JUL 28 AM 8:16

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
100 NORTH KANSAS AVENUE
OLATHE, KS 66061

Adam M. Aron

_____
Plaintiff

Case No. 23CV04089
Division No. _____

vs.

Nelson Willis

_____
Defendant

## REQUEST AND SERVICE INSTRUCTION FORM

To: Clerk of the District Court

Please issue a: _Subpona_____

in this action for: _John Merriwether / Vice President / Invester Relt._

whose address for service is: _4500 Ash St._____
_Leawood, Kansas 66211_____

Service is requested as indicated below:

[✓]

   **A. Service through the Sheriff of** _Johnson County_
   **County, State of** _Kansas_____. **Returns may be faxed to**
   **(913) 715-3401 7 days a week – 24 hour a day.**

[ ]

   **B. Service by an authorized process server.**

[ ]

   **C. Certified mail with a Return Receipt service by the undersigned litigant or attorney, who**
   **understands that is their responsibility to obtain service and to make the return to the clerk.**
   **The postal "green card" for service must be filed with the Clerk's office to prove service.**

[ ]

   **D. Certified mail service by the Sheriff of Johnson County Kansas. Sheriff of Johnson County**
   **does not do Out-of-state service by certified mail.**

Signature: _____
Pro Se: _Nelson Willis_
Address: _1805 County Road 208_
_Gainesville, Tx 76240_

Telephone No. _972-533-4126_
Email: _nelsonwillis3@gmail.com_

Revised 04/2019

*cm*
COURT CLERK-JOCO,K
'23 JUL 28 AM 8:16

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

Adam M. Aron
**Plaintiff/Petitioner**

CASE NO. 23CV04089
DIVISION 12
K.S.A. NO._____

vs

Nelson Willis
**Defendant/Respondent**

## SUBPOENA

TO: John Merriwether - Vice President - Investor Relations
Amc Entertainment Holdings Fu
11500 Ash Street
Leawood, Kansas 66211

You are commanded to appear

before The Honorable 235th
District Court of Cooke County, Texas
at 101 S. Dixon Gainesville, Texas 76240
on the 7th day of August 2023, at 2:00 P.M. to testify on
behalf of the Respondent in the above entitled action.

Bring with you the following:

Copies of All Emails with shareholders from
march 14th, 2023 through march 30, 2023
regarding The Vote for the Reverse Split & Merge of
APEU

(SEAL)

Clerk of the District Court

DATED: 7-27-23

BY: _____

Attorney: Nelson Willis Pro Se

DISTRICT COURT
JOHNSON COUNTY
KANSAS

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

_Adam M. Aron_

**Plaintiff/Petitioner**

CASE NO. 23CV04089
DIVISION 12
K.S.A. NO. _____

vs

_Nelson Willis_

**Defendant/Respondent**

## SUBPOENA

TO: _John Merriwether - Vice President - Investor Relati_
_11500 Ash Street_ _Amc Entertainment Holdings_
_Leawood, Kansas 66211_

You are commanded to appear

before _The Honorable 235th_
_District Court of Cooke County, Texas_
at _101 S. Dixon Gainesville, Texas 76240_
on the _7th_ day of _August_ 2023, at _2:00_ P.M. to testify on

behalf of the _Respondent_ in the above entitled action.

Bring with you the following:

_Copies of All Emails with shareholders from_
_March 14th, 2023 through March 30, 2023_
_regarding The Vote for the Reverse-Split & Merge of_
_APE_

(SEAL)

Clerk of the District Court

DATED: _7-27-23_   BY: _____

Attorney: _Nelson Willis ProSe_

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
100 NORTH KANSAS AVENUE
OLATHE, KS 66061

Adam M. Aron

_____
Plaintiff

Case No. 23CV04089
Division No. _____

vs.

Nelson Willis

_____
Defendant

REQUEST AND SERVICE INSTRUCTION FORM

To: Clerk of the District Court

Please issue a: _Subpona_____

in this action for: _John Merriwether / Vice President / Investor Rel.____

whose address for service is: _11500 Ash St._____
_Leawood, Kansas 66211_____

Service is requested as indicated below:

☑ A. Service through the Sheriff of _Johnson County_____
County, State of _Kansas_____. Returns may be faxed to
(913) 715-3401 7 days a week – 24 hour a day.

☐ B. Service by an authorized process server.

☐ C. Certified mail with a Return Receipt service by the undersigned litigant or attorney, who
understands that is their responsibility to obtain service and to make the return to the clerk.
The postal "green card" for service must be filed with the Clerk's office to prove service.

☐ D. Certified mail service by the Sheriff of Johnson County Kansas. Sheriff of Johnson County
does not do Out-of-state service by certified mail.

Signature:
Pro Se: _Nelson Willis_____
Address: _1405 County Road 208_____
_Gainesville, Tx 76240_____

Telephone No. _972-533-4126_____
Email: _nelsonwillis3@gmail.com_____

Revised 04/2019

CM
COURT CLERK-JOCO, K
'23 JUL 28 AM8:16

# Account Information

**Payment Type:** Court Cost and Fees
**Control Number:** 23cv4089
**Phone Number:** 9725334126

# Payment Information

**Payment Date:** 7/28/2023
**Payment Amount:** $211.50
**Convenience Fee:** $4.95
**Total Payment:** $216.45

**Payment Method:** *VISA*
**Card Number:** XXXXXXXXXXXXX2001
**Expiration Date:** 0828
nelson willis
**Billing Zip Code:** 76240

Your confirmation number is: **11874065**

Your payment will post to the account listed below. It takes approximately two business days to post your payment to the account. Your payment date and time are equal to the time you completed this transaction as indicated by the Digital Time Stamp below.

**Digital Time Stamp:** Friday, 28 July 2023 08:12:20 [CST]

**If an email address was provided, your confirmation email will be sent from marketingcloud@valuepaymentsystems.com. Please have payer sign below and retain merchant copy for your records**

**Signature X** _____



**Appeal Exhibit - D**

IN THE DISTRICT COURT 235th JUDICIAL DISTRICT
OF COOKE COUNTY, TEXAS

------------------------------------------------------------X

Adam M. Aron

           Petitioner,

           v.

Nelson Willis

           Respondent.

------------------------------------------------------------X

**CAUSE NO. CV 23-00179**

**RESPONDENT'S AFFIDAVIT
IN OPPOSITION TO
PETITIONER'S APPLICATION
FOR A PROTECTIVE ORDER**

STATE OF TEXAS
COUNTY OF COOKE ss.:

*FILED IN DISTRICT COURT COOKE COUNTY, TEXAS 2023 JUL -7 PH 12: 47 DIST CLERK BY: DEPUTY*

I, Nelson E. Willis III, being duly sworn, deposes and says:

1. I am a US citizen, born and raised in Dallas, Texas. I currently reside in Gainesville, Texas.

2. I am the former owner of a company called Dallas Voice and Data, a telecom and network infrastructure located in Rockwall, Texas. I owned the company for over 15 years starting in 2005 up until 2020. My company was forced to shut down as a result of the Covid-19 pandemic in 2020.

3. This opposition concerns a current application by the Petitioner for a protection order pursuant to Article 7B.003 of the Texas Code of Criminal Procedure.

4. I am opposed to the application for a protection order for the following below reasons.

**NELSON WILLIS BECOMES AN AMC STOCKHOLDER**

5. My sister Andrea Bedell and I became retail investors in the US Stock Market and owners of AMC Entertainment Holdings, Inc. ("AMC" or the "Company") when we first purchased common shares in AMC in 2021 through our joint Fidelity Investment account. As a result of the release of AMC preferred equity unit (APE) on August 22nd, 2022, we also received and

hold APE shares in our Fidelity account. I personally opened an additional investment account with Interactive Brokers where I purchased and hold AMC and APE shares since January 2023.

**See** Exhibit A    Proof of AMC Stock Ownership Nelson Willis' Account Statement

## BACKGROUND
## THE HISTORY OF AMC AND MEME STOCK STATUS

6. Prior to the worldwide spread of the COVID-19 pandemic, AMC was a "healthy, solvent company". The Company did have considerable debt—in the annual report that AMC filed with the SEC on February 28th, 2020, AMC disclosed that it had "a significant amount of debt," equal to "approximately $4,853.3 million of indebtedness ($5,010.7 million face amount)" as of December 31st, 2019. Still, the Company had recently become the largest movie theater chain in the world and reported approximately $5.471 billion in revenue for the year ended December 31st, 2019.

7. With the onset of the COVID-19 pandemic and accompanying drop in movie theater attendance, AMC faced an existential crisis. The pandemic forced AMC to close approximately 1,000 theaters, furlough most of its 30,000 employees, and burn millions of dollars to stave off bankruptcy.

8. The Company would find salvation with a group of retail investors like myself calling ourselves "Apes," a play on the famous movie line "Together Apes strong" from the film Planet of The Apes.

9. In January 2021, the retail investors, banding together started to buy AMC stock in droves to save AMC.

10. The rescue of AMC by retail investors was a major goal of the so-called "meme stock" movement, consisting of retail investors who would coordinate to drive up the trading price of shares of select companies to counter the influence of short sellers / naked short sellers.

11. Retail stockholders in the "meme stock" movement seek to buy and hold stock for the long term.

12. It is incontrovertible that retail investors saved the Company.

13. In less than 72 hours, AMC went from impending bankruptcy to seeing its stock price rise 467%, with the hashtag #SaveAMC going viral.

14. The trading price of shares of AMC common stock further rose from $2.12 per share on December 31st, 2020, to $10.21 per share by March 31st, 2021.

15. By June 2nd, 2021, AMC common stock closed at $62.55 per share.

16. Many retail investors like myself are still invested in AMC today.


## PETITIONER ARON'S BREACH OF FIDICUIARY DUTY

17. The petitioner, Adam Aron ("Petitioner Aron"), is the current Chairman and Chief Executive Officer of AMC. Prior to Petitioner Aron taking the reins at AMC in late 2015, AMC total debt was a little over $200 million. By the end of the year 2016, Petitioner Aron caused AMC's debt to balloon to an insurmountable total debt of approximately $4.6 billion.

18. Petitioner Aron and the Company took advantage of AMC's retail investor-boosted trading price to sell new shares, raising nearly $1.9 billion in gross proceeds. In so doing, however, the Company exhausted its reserve of authorized Common Stock.

19. On January 27th, 2021, the Company Board adopted a resolution proposing to amend AMC's Certificate to increase the total number of authorized shares of common stock by 500,000,000 shares to a total of 1,024,173,073 shares of common stock (the "First Certificate Amendment Proposal"), and resolved to submit that proposed amendment to a vote of the stockholders at the Company's May 4th, 2021 annual meeting (the "2021 Annual Meeting").

20. The proposal was met with considerable backlash from the retail investors. On April 27th, 2021, the Company Board determined not to seek stockholder approval of the First Certificate Amendment Proposal.

21. According to the minutes of that Company Board meeting, Petitioner Aron

> **"explained that [AMC] now ha[d] an approximate 85% retail shareholder base" and "[m]ost of those stockholders are voting 'no' on share authorization because they want fewer shares, not more, to create scarcity to make it harder for the short sellers to borrow shares."**

22. Petitioner Aron also noted that "even securing a 50% voting quorum is proving to be a challenge with this retail stockholder base as many don't vote and many of the shares have changed hands since the record date."

23. As a result, the Company Board withdrew the First Certificate Amendment Proposal from the agenda for the 2021 Annual Meeting. At a May 4th, 2021 Board meeting, Aron "discussed the propriety of postponing Company's annual stockholder meeting and setting a new record date to provide a better opportunity to pass . . . the share authorization proposals."

24. The Board recognized that "[a]uthorization may be difficult" because the share increase proposal would "[r]equire[] majority votes outstanding (225M votes)" and the "[i]nvestor base is widely dispersed, and heavily weighted towards retail investors."

25. Ultimately, the Company Board postponed the 2021 Annual Meeting until July to try again to garner stockholder support to amend the Certificate.

26. On June 3rd, 2021, the Company issued a preliminary proxy for the then delayed annual meeting. For the first time, the Company Board disclosed that it approved a proposal to amend the Certificate to increase the total number of authorized shares of common stock the Company could issue by 25,000,000 shares to a total of 549,173,073 shares of common stock (the "Second Certificate Amendment Proposal"), which would be put to a stockholder vote at the rescheduled 2021 Annual Meeting. On July 6, 2021, AMC announced that it would no longer

seek stockholder approval of the Second Certificate Amendment Proposal and withdrew it from the agenda for the 2021 Annual Meeting.

27. According to Petitioner Aron and the Company Board, AMC still needed to raise cash, but was left without the ability to fundraise by selling more shares of common stock. Around November 2021, AMC and its financial advisor, Citigroup Global Markets, Inc. ("Citigroup"), began work on an alternative form of equity that could convert into common stock, termed "Project Popcorn."

28. In the spring of 2022, AMC and its advisors were focused on ways to use AMC's significant volume of authorized, but unissued preferred stock to effectively lower the voting standard to ensure AMC could amend its Certificate to permit it to increase the number of authorized shares of common stock outstanding.

29. On July 28th, 2022, after months of discussions, the Company Board approved the creation of AMC Preferred Equity Units (i.e., APEs). The Company Board recognized that the APEs might trade at a discount to shares of common stock because index funds would need to sell off APEs.

30. On August 4th, 2022, AMC announced that it would initially issue APEs to existing holders of the Company's common stock as a special dividend. In an August 18th, 2022 FAQ, AMC said that while the APEs could convert into shares of common stock, it "did not currently expect AMC to make such a proposal anytime soon."

31. When AMC announced the creation and distribution of the APEs, AMC stated that APEs had the same voting power as shares of AMC common stock (i.e., one vote each). AMC did not well advertise that, pursuant to an August 4th , 2022 deposit agreement, Computershare, the Company's transfer agent, was required to vote uninstructed APEs proportionally with instructed APEs, effectively giving APEs superior voting power.

32. On September 26th, 2022, AMC disclosed that it had entered into an equity distribution agreement with Citigroup to sell 425,000,000 APEs from time to time in an at-the-market offering.

33. Through December 19th, 2022, AMC sold nearly 126 million APEs for $162.4 million of gross cash proceeds before fees and commissions. Initially, the minimum price at which APEs could be sold was $2 per unit. Following a plea from Petitioner Aron after the share price for APEs fell below $2 per unit, an AMC pricing committee lowered the minimum to $1 per unit. APEs then traded below $1 per unit, forcing AMC to stop selling additional APEs at then-market prices.

34. Petitioner Aron then sought a new way to amend AMC's Certificate to increase the number of common shares outstanding. In early December 2022, AMC and a hedge fund by the name of Antara Capital ("Antara") explored a potential transaction involving APEs.

35. On December 8th, 2022, Citigroup's Derek Van Zandt told Petitioner Aron that "Antara agree[d] to hold shares until vote and vote in favor [of conversion],"which indicates that Petitioner Aron was in favor of the transaction, at least in part, because Antara would vote to approve the Certificate Amendments, effectively guaranteeing they would be approved.

<u>See</u> Exhibit E

36. On December 22nd, 2022, AMC agreed to sell $110 million worth of APEs to Antara. In deciding to approve the Antara Transaction, the AMC Board specifically discussed that, given that the APE unitholders would likely want to convert their units to shares of common stock, "AMC had a good chance to secure approval" of the Certificate Amendments. Also on December 22nd, 2022, AMC announced that it would hold a special meeting of stockholders (i.e., the Special Meeting) to vote on proposals to amend the Company's Certificate to: (i) increase the authorized number of shares of common stock from approximately 524 million to 550 million shares authorized (the "Share Increase"); and (ii) thereafter effect a 1-for-10 reverse stock split of AMC equity (the "Reverse Stock Split," and collectively with the Share Increase, the "Certificate Amendments"). Upon approval, the Certificate Amendments would allow for, following the Reverse Stock Split, the full conversion of all outstanding APEs into shares of common stock, with each APE convertible to 1/10th of a share of common stock (the "Conversion").

37. On February 14th, 2023, the Company filed its definitive proxy statement (the "Proxy") for the Special Meeting. The Proxy disclosed that the Certificate Amendments required the affirmative vote of at least a majority of the outstanding common stock and preferred stock, voting together as one class. The Company also disclosed that, as of the record date, February 8th, 2023, for the Special Meeting, Antara owned 258,439,472 APEs, representing approximately 17.8% of the Company's total voting power and approximately 27.8% of all outstanding APEs. **Antara agreed to vote its APEs in favor of the Certificate Amendments at the Special Meeting, and with the mirrored-voting provision of the APEs, effectively guaranteed that the Certificate Amendments would be approved.**

38. On February 20th, 2023 Allegheny County Employees' Retirement System filed its class action complaint in the Chancery Court in the state of Delaware, asserting claims for breach of fiduciary duty and violation of 8 Del. C. § 242(b)(2) ("Section 242"), declaratory, injunctive and equitable relief against AMC, Petitioner Aron, current and former Board members Howard Koch, Kathleen Pawlus, Anthony Saich, Philip Lader, Gary Locke and Adam Sussman. Also on February 20th, 2023, retail investors Usbaldo Munoz and Anthony Franchi filed their class action complaint in the Chancery Court, asserting a claim for breach of fiduciary duty and seeking to enjoin the APEs from voting at the Special Meeting against Petitioner Aron, current and former Board members Denise Clark, Howard Koch, Philip Lader, Gary Locke, Kathleen Pawlus, Keri Putnam, Anthony Siach, Adam Sussman and Lee Wittlinger.

39. On February 27th, 2023, the Chancery Court entered the Status Quo Order, which, among other things, allowed AMC to hold the Special Meeting but prevented AMC from effectuating the Certificate Amendments, if approved, pending a ruling by the Court on Plaintiffs' preliminary injunction motion, and set a hearing on the motion for April 27th, 2023.

40. On March 14th, 2023, the Certificate Amendments passed at the Special Meeting. **Without the mirrored voting and the Antara Transaction, the proposals would not have passed— a fact acknowledged by AMC internally.** However, Petitioner Aron would continue to mislead his retail shareholder base but not me by tweeting on March 14th, 2023 after the results were "tallied"

> Today was a huge step forward for AMC. You voted YES, YES & YES!
> And it was a landslide vote too — 88% yes for Proposal 1, 87% yes for
> Proposal 2, and 87% yes for Proposal 3. My sincerest thanks for giving
> AMC the tools we need to continue fighting the good fight on your behalf.

41. At the time, there were 517,580,416 eligible shares of AMC's Company's Class A common stock and 929,849,612 eligible AMC Preferred Equity Units were available to vote. Based on AMC corporate's calculations, the votes for both AMC and APE shares were combined to determine the final results. Regarding the reverse split proposal vote AMC reported that out of approximately 929.8 million APE shares, 842,782,544 voted in favor, 80,570,613 voted against, and 6,695,864 abstained. In the case of AMC shares, 128,344,709 voted in favor of the reverse split proposal, while 51,388,638 voted against, and 2,609,383 abstained.[1]

42. According to the reported results, every APE share was voted and recorded, because approximately 63% of the APE share votes were voted and recorded on time, and AMC corporate instructed Computer Share to vote in favor of the proposals the remaining percentage (37%) who did not vote on time. However, for AMC common shares, only 35% of the shares were voted and recorded. The difference between the voter turnouts for each class share (35% for AMC common vs 63% for APE) is highly statically unlikely and should have immediately triggered a stockholder vote audit. An audit of the stockholder vote would allow investigation of the raw voting data, the vote totals, and allow for stockholders to validate their votes were recorded correctly.

## PETITIONER ARON AND THE COMPANY BOARD RIGGED THE REVERSE SPLIT AND MERGER VOTE

43. Petitioner Aron and the Company Board rigged the reverse split and merger vote by combining the total yes votes for AMC, APE, the APE votes they sold to Antara (in violation of NYSE Section), and the transfer agent mirrored yes votes in order to say that the reverse split and conversion passed. Additionally, AMC violated Section 242 by forcing both the AMC and

---

[1] AMC Form 8k. March 15, 2023. Link: https://investor.amctheatres.com/financial-performance/sec-filings/sec-filings-details/default.aspx?FilingId=16490544

APE votes to be held together instead of separately. **All these steps were needed in order for AMC to unlawfully secure their desired outcome for the vote.** The voting percentage contrast alone is alarming but when also considering the possibility of billions of synthetic shares/votes. Many stockholders both domestic and especially internationally reported not receiving their proxy voting materials. Per Petitioner Aron on the Q4 2022 call (on February 28, 2023) stated

> **"we are all aware painfully that the brokerage firms in some countries, especially in Europe do not facilitate shareholder voting. And there's - if that - if you're with one of those firms, there's not much you can do other than put - your shares in a different broker who would allow you to vote at future shareholder meetings."** [2]

44. This issue where international stockholders are not allowed to vote is not new and has been referenced on previous calls including Q1 2022 and Q2 2022. So international stockholders may not be able to vote, however, given modern technology, it is inexcusable that AMC has not found a way to work with international stockholders to record their stockholder votes which they purchased legally when they bought their shares.

45. Petitioner Aron and the Company Board were aware that APE's mirrored voting power could be weaponized against holders of Common Stock. This became evident in an email sent to AMC's CFO Sean Goodman and AMC's Investor Relations John Merriwether from D.F. King, which attached a model designed to show combinations of APE and AMC support that would achieve the requisite vote requirement.

46. Furthermore, internal communications revealed that the company's senior management focused on ensuring that Antara held shares and voted in favor of the conversion. The vote

---

[2] AMC Entertainment Holdings, Inc. (AMC) CEO Adam Aron on Q4 2022 Results - Earnings Call Transcript. Seeking Alpha. Posted on Feb. 28, 2023
https://seekingalpha.com/article/4583134-amc-entertainment-holdings-inc-amc-q4-2022-earnings-call-transcript Accessed on May 11, 2023

rigging allegations against AMC involve the company's use of the Antara Transaction to manipulate and undermine the common stockholders' voting rights.

47. By weaponizing APEs and their mirrored voting power, Petitioner Aron and the Company Board were able to force through the Certificate Amendments, circumventing the stockholders' franchise and breaching their fiduciary duties. The evidence at hand indicates that the vote conducted on March 14th, 2023 was in fact unlawfully manipulated by Petitioner Aron and the Company Board. This assertion is substantiated by the correspondence exchanged between B. Riley and Sean Goodman and John Merriwether from D.F. King. These communications reveal a concerted effort by the parties involved to distort the voting process to achieve a predetermined outcome - Implementation of a Proportional Voting Scheme. An email chain involving Sean Goodman and John Merriwether, dated May 31st, 2022, delineates a strategy whereby preferred equity could be utilized to transform the required voting standard from a "majority of shares outstanding" paradigm to a "majority of votes cast" paradigm. This transformation could solely be realized through the deployment of a proportional voting scheme, further corroborating the contention that the vote was unlawfully manipulated to secure a specific outcome. The cited correspondence between Sean Goodman and John Merriwether and relevant parties evinces a deliberate endeavor to distort the voting process to achieve a preordained outcome. By employing a proportional voting scheme, controlling the influence of Antara's investment, and modifying the voting standard, Petitioner Aron and the Company Board effectively manipulated the vote on March 14th, 2023 in an unlawful manner.

## AMC SHAREHOLDER VALUE HAS SIGNIFICANTLY DIMINISHED SINCE APE LAUNCH

48. Since the introduction of APE, shareholder value has significantly diminished. As of July 3rd, 2023, AMC Common Stock closed at a price of $4.44 per share, and APE closed at a price of $1.76 per unit. "Accordingly, as of this date, the total market capitalization of Common Stock stood at $2,305,214,211 (based on 519,192,390 issued and outstanding shares of Common Stock), and the total market capitalization of APE amounted to $1,751,915,286 (based on

995,406,413 issued and outstanding APEs)." **As of July 3rd, 2023, the combined market capitalization of the company, for purposes of illustration, remained at $4,057,129,497. By subtracting the current total market capitalization of AMC and APE as of July 3rd, 2023 ($4,057,129,497) from the total AMC market capitalization before APE ($9,643,872,302.70), the resulting figure, $5,586,742,805, represents the total market value lost by AMC shareholders in less than a year.**

49. Please note that this initial market cap calculation calculates overall shareholder value lost, but this specific calculation does not calculate the percent of ownership that was lost. In summary, through the inception of "Project Popcorn" and release of the APE share has resulted in billions of market cap value lost for shareholders, Petitioner Aron breached his fiduciary duties by forcing dilution on all 3.8 million shareholders and as result helped protect short selling firms that were betting against AMC.

50. As a result of this breach of fiduciary duty, Petitioner Aron has lost the trust of many AMC shareholders such as myself. **See** Infra

## AMC AND APE SHAREHOLDER NELSON WILLIS DOES NOT RECEIVE HIS AMC PROXY VOTING STATEMENT

51. AMC's corporate voting process uses Proxy Vote for the majority of brokers so that shareholders can vote online (without having to show up in person) for agenda items determined to be voted on for shareholder meetings.

52. A few weeks before the meeting, shareholders generally receive an email from their investment broker that holds the instructions for proxy voting for each account that holds the applicable security. On speaking with other shareholders, some received proxy statements for both AMC and APE for each account that they held those securities (which would be the correct process),

however, some shareholders did not receive their proxy statements or received the incorrect amount.

53. My sister and I were two of the many AMC stockholders that did not receive their AMC proxy voting statements, we only received our AMC preferred equity shares (APE) proxy voting statements for the shares we held with Fidelity and Interactive Brokers.

54. Both AMC and APE shares have voting rights and both my sister and I are verified shareholders (of AMC and APE), so we both should have received proxy statements for each account that holds AMC, and a separate proxy statement for each account that holds APE, which would allow us to vote all our legally owned AMC and APE shares for or against the March 14th, 2023 meeting proposals. With the incomplete number of proxy votes I received, I voted against the March 14th, 2023 proposals for a reverse split and merger.

## AMC AND APE SHAREHOLDER NELSON WILLIS EMAILS PETITIONER ARON

55. I am a congestive heart failure patient since June of 2022 and have been in/out of hospitals several times in the last year. I was admitted to Presbyterian Hospital in Dallas on March 7th to have heart ablation surgery performed on March 8th, 2023. During the surgery, I was infected by Staphylococcus in my chest. I was then released on March 13th.

56. The following day, I placed a call to 911 from my house and I was transported via an ambulance to Texoma Medical Center and was kept overnight. I did not get released from the hospital until March 15th, 2023 at 4 pm.

57. On March 14th, while at Texoma Medical Center, my sister and I cast our votes for only our APE Shares. When I realized that both my sister and I did not receive our proxy voting statements for our AMC shares, I was extremely disappointed.

58. After casting my vote, while lying down in my hospital bed, I decided to watch CNBC. While watching CNBC, I discovered that the AMC vote was "approved".

## AMC Shareholder Nelson Willis' March 14th, 17th, 24th and 25th, 2023 Email

59. Petitioner Aron announced that the voting proposals had passed on March 14th, 2023, which was the day of the corporate vote. On March 14th, 2023, I sent my first email to AMC Investor Relations with an empty body and the title of the subject:

> **Subject:** You're not getting away with this illegal vote that you tried to scam us on most of us didn't even receive our AMC proxy vote statement you piece of shit
>
> **See** Exhibit B AMC Shareholder Nelson Willis' March 14th, 2023 Email

60. Respondent Nelson Willis waited three days for a response and then sent another email to AMC Investor Relations with an empty body and the title of the subject:

> **Subject:** The AMC vote is fucking illegal and you know it hell most people didn't even get their AMC proxy statement to vote with Andrew. Fuck you know if you're gonna show us the number of votes that were cast hey go to show us every fucking name that cast a vote and this is what you're gonna do and if you do anything other than that in reverse split this bitch and fuck emergency but I am see you motherfuckers going to fucking pay.
>
> **See** Exhibit B AMC Shareholder Nelson Willis' March 17th, 2023 Email

61. Respondent Nelson Willis waited once again this time four days for a response and then sent another email to AMC Investor Relations with an empty body and the title of the subject:

> **Subject:** How does it feel to know that all of your shareholders got fucked over? We did not even get our AFC proxy share votes and you guys fucking just walked right all over that and ignored it ignored everyone who's voting power was not the same as their shares in their accounts at their brokers you

motherfuckers are fucking disgusting. How does it feel to know now that all of your shareholders want you bankrupt it out of business how did that fucking Phil Adam fucking JEW cocksucking Aron

**See** Exhibit B AMC Shareholder Nelson Willis' March 21st, 2023 Email

62. Respondent Nelson Willis waited three days for a response and then sent another email to AMC Investor Relations with an empty body and the title of the subject:

**Subject:** Your vote was illegal. My sister and I never got a AMC proxy for our AMC shares we've held since April of 2021. You are not getting away with anything. You are nothing more than a criminal organization now. You will pay.

**See** Exhibit B AMC Shareholder Nelson Willis' March 24th, 2023 Email

63. On March 25th, 2023, after emailing Investor Relations multiple times, my patience ran thin, I sent an angry email to Petitioner Aron asking how he can advertise the voting proposals of a reverse split and merger were approved by shareholders when many shareholders such as myself never received the correct number of their proxy voting emails, therefore, they were not able to vote all their shares. If shareholders were not sent their current number of proxy votes and were unable to vote with the correct number of votes, then clearly the voting results were incomplete or possibly fraudulent. Despite my concerns, my emails to Petitioner Aron were ignored. I sent the following email to Petitioner Aron:

Date: Sat, Mar 25, 2023 at 7:01 PM
Subject: Here's one thing that you're not expecting to come out between now and the April 27th court date you piece of shit. There are still so many of us that I've held your fucking company stock since April 2021 and we never received the AMC proxy vote for our fucking shares you worthless piece of shit fuck you I hope you end up in fucking prison we know the fucking truth and you will never get away with this you and your bullshit. 82% common shareholder votes. That is the biggest, fucking joke the biggest fucking lie you can't even tell us how many fucking people voted you motherfucking Jew cocksucker

**See** Exhibit B AMC Shareholder Nelson Willis' March 25th, 2023 Email

## PETITIONER ARON HAS MADE THE FOLLOWING REPRESENTATION TO AMC SHAREHOLDERS

64. On June 7th, 2021 at 11:24 am, Petitioner Aron made the following representation to AMC shareholders via his Twitter Account, Twitter handle @CEOAdam.

> "The financial press has banner headlines about how innovative AMC and I are in reaching out to our individual investors. Odd that they praise something so obvious. **CEO's and professional management teams should listen to shareholders. You own our company, we listen to you. Adam"**
> See Exhibit C Petitioner Aron's June 7th, 2021 Tweet

65. Petitioner Aron has hosted over a dozen meet and greet events at both AMC and Odeon movie theatres across the USA and across the world. At these events Petitioner Aron consistently speaks the narrative publicly that he is a CEO that works for shareholders and hears the shareholder concerns. Petitioner Aron also pushes this narrative during public AMC Earnings Calls, during broadcasted interviews, and on his own personal twitter account. However, when shareholders report serious issues such as not having correct voting rights or loss of stock value, Petitioner Aron ignores their concerns or in this case lashes out against shareholders.

## RETAIL INVESTORS PERCEPTION OF PETITIONER ARON NOSEDIVES AFTER THE APE LAUNCH

66. Petitioner Aron made the following representation to his retail investors via his August Tweetstorm stating the APE launch was the "pounce" and a "share count", which initially excited many retail investors including myself.

67. Petitioner Aron led retail investors to believe that the launch of the APE shares would allow AMC to raise capital at premium prices and prevent any near term bankruptcy concerns. Based on Petitioner Aron's misleading language, many retail investors believed that the APE shares would lead to a short covering event, which would in turn save the company and greatly reward shareholders. However, over the span of only a few months, AMC stockholders saw both their AMC and APE shares plummet in trading value.

68. Then once APE hit its lowest trading price in December 2022, Petitioner Aron announced that he struck a deal with Antara that would sell hundreds of millions of shares (and votes) to Antara (a fund that was shorting AMC stock) for rock bottom prices. As part of this deal, Antara agreed to vote in favor of a reverse split and merger of AMC and APE stock (even though APE had only officially existed for a few months).

69. Many retail shareholders began to become suspicious of Petitioner Aron's intentions, while others started to feel betrayed by Petitioner Aron's actions. Petitioner Aron announced on March 14th, 2023 that the vote for the reverse split and merger passed (without validation). However, the March 14th, 2023 vote was rigged by the Antara deal, by Computershare's mirrored voting, and by many shareholders not receiving their proxy statements. Petitioner Aron and the AMC Board had essentially forced a reverse split on shareholders before even getting an accurate share count that was verified by retail shareholders. Many shareholders felt betrayed.

70. Further, a lawsuit (C.A. 2023-0215-MTZ Del Ch.) was filed in early 2023 regarding Petitioner Aron's and the AMC Board of Directors' actions regarding releasing the APE shares without shareholder approval (and the damages caused). As a result of discovery in this case, emails showed "alleged" collusion between AMC, Antara, and Citigroup to rig the March 14, 2023 vote. Further, documentation showed that the APE shares would help short sellers and be used to restructure company ownership out of retail investor hands.

71. The lawsuit had confirmed that Petitioner Aron was not in fact a "silverback" or a hero, but a liar and a conman. The APE shares never provided a "share count." The only "pounce" was against the retail investors that had saved the company.

72. In August of 2022, Petitioner Aron's Twitter responses from retail investors were overwhelmingly positive, but now in mid-2023, there are floods of negative comments on Petitioner Aron's Twitter posts by retail investors calling out his past lies.

<u>See</u> Exhibit D AMC Retail Investor Tweets mid-2023

**PETITIONER ARON'S RESPONSE TO AMC AND APE SHAREHOLDER NELSON WILLIS**

73. When Petitioner Aron received my initial email concern about not receiving the correct proxy
voting material with respect to my AMC shares, Petitioner Aron completely ignored my email
which contradicted the representation he has made to us AMC shareholders, that

> **"CEO's and professional management teams should listen to
> shareholders. You own our company, we listen to you. Adam"**

74. Petitioner Aron has embraced the retail investors and has welcomed all kinds of
communication openly via email, Twitter Direct Message and meet and greet events. However
as a result of the APE launch, the dynamics has shifted with respect to the outright support he
once garnered from the retail investors. As a result, the line of communication is **only** open
when it helps and supports his narrative. Whenever something negative is brought to his
attention, he either completely ignores it or obfuscates. For example, many shareholders have
demanded a reconciled share count to determine how many AMC and APE shares are in
circulation as opposed to outstanding shares. Petitioner Aron's response to shareholder demand
has been him tweeting that the Company has conducted six share counts, which is just lip
service because his six share counts only count outstanding shares. Recently, Petitioner Aron
tweeted and has called some retail investors conspiracy theorists who are now even more
focused in exposing him and the board members who are aligned with Morgan Stanley and
Wall St.

75. If Petitioner Aron felt my emails were rude, he could have just done the normal thing and
ignored the emails or blocked the email address. However, instead, Petitioner. Aron choose to
retaliate against me and try to chill my speech and first amendment rights to free speech (even
if that speech is uncomfortable at times).

76. Petitioner Aron appears desperate to control this false narrative instead of just admitting his
own faults. Further, it appears Petitioner Aron continues to hurt his own shareholders by
refusing to conduct a transparent share count that shareholders could validate. If AMC
shareholders knew how many shares there were, then it is quite possible Petitioner Aron would
be further exposed (to even his supporters) by what a conman he is. Now, Petitioner Aron

attempts to inappropriately abuse the judicial process to retaliate against me a shareholder that
has invoked his shareholder right and his First Amendment rights to free speech and called out
Petitioner Aron for his lies.


## LAWSUITS FILED AGAINST PETITIONER ARON EXPSOING HIS SCHEMES

### Pending

#### 2023-0215-MTZ Consolidated Delaware Chancery Court

77. The lawsuit, filed by Allegheny County Employees' Retirement System and  Usbaldo Munoz
and Anthony Franchi, sued AMC and current and former Board members Howard Koch,
Kathleen Pawlus, Denise Clark, Anthony Saich, Philip Lader, Keri Putnam, Gary Locke and
Adam Sussman, and Lee Wittlinger on February 20th, 2023 in Delaware's Chancery Court.
The action challenges a course of complex and disloyal corporate engineering by the
Defendants—described by Petitioner Aron as an exercise in "3-D chess"—devised to achieve
a simple aim: **eviscerating the voting power of AMC's Class A stockholders in order to
force through approval of a proposed dilutive share count increase that those
stockholders repeatedly had rebuffed and were not willing to support at the corporate
ballot box.**

78. The April 27th, 2023 preliminary injunction hearing was adjourned after both parties gave the
Court notice that they agreed to a settlement, **just four days before Petitioner Aron's
deposition**.  As a result of the settlement, discovery concluded with **not one board member
being deposed**, this after Petitioner Aron once again misled his shareholders during AMC's
4th Quarter Earnings Call held on February 28th, 2023, stating that **he would "defend the
lawsuits vigorously".**

79. On June 29th and 30th, a settlement hearing was held for two days before Judge Zurn.  The
Parties are now awaiting for Judge Zurn's written decision to see if the Court will grant or deny

the proposed settlement. The engagement by retail investors has been through the roof with volume of objections received to the proposed settlement was nothing short of eye-popping - over 3000, including letters from retail investors calling out Petitioner Aron and his schemes.

<u>See</u> Chancery Docket 2023-0215-MTZ[3]

### N23C-05-045 – Delaware Superior Court

80. The lawsuit, filed by AMC, sued **nearly 20 insurance companies** on May 5th, 2022 in Delaware's Superior Court, claiming the insurance companies are breaching its liability policies **by refusing to cover the cost** of prosecuting the 2023-0215-MTZ class action lawsuit that AMC plans to settle for more than $100 million. Lead Counsel are seeking $20 million in legal fees as part of the proposed settlement which AMC claims the insurance companies polices are supposed to cover plus defense attorney fees which is running at over $4 million. "These claims fall squarely within defendants' coverage obligations," meaning they're "obligated to, among other things, pay 100% of the defense and settlement costs," AMC said in its 35-page complaint against 17 liability insurers, including XL Specialty Insurance Co., Continental Casualty Co., and Great American Insurance Co.[4]

### 2023-cv-04985 – Southern District Of New York

81. The lawsuit, filed by two AMC investors, accuses the hedge fund Antara, its affiliates, and founder Himanshu Gulati of making more than $20 million on sales of APE units and AMC common stock purchased less than six months earlier. Federal securities laws require corporate leaders and major stockholders to give such short-swing profits back to the company, a rule meant to curb insider trading. The complaint filed in Manhattan federal court opens a new legal front in the bitter fight over the APE units, which have been the subject of fierce litigation in Delaware's Chancery Court since February. The case has pitted AMC and Petitioner Aron

---

[3] https://t.co/srOj7xNfrA

[4] AMC Sues Insurers Over APE Dispute as Lawyers Seek $20 Million (bloomberglaw.com)

against many of the retail investors who participated in the "meme stock" rally that rescued the movie theater chain from a pandemic-era bankruptcy.

**Settled**

**2019-0303-JRS - Delaware Chancery Court**

82. The lawsuit, filed by one AMC investor by the name of Linda Lao, arising from a conflicted three part transaction involving, the majority stockholder (Wanda), and Silver Lake. On September 14th, 2018, AMC announced three linked transactions. The transactions were not driven by the needs of the Company or its public shareholders. Rather, they were designed to solve a problem for AMC's controller, Wanda and Wanda's controller, Wang. Starting in the spring of 2017, Chinese regulators began a crackdown on highly leveraged Chines companies, including Wanda. Responding to the regulatory shift required Wanda to significantly reduce its outstanding debt. The three linked transaction process was unfair. Despite the obvious conflicts inherent in this related-party transaction, AMC's Board of Directors failed to impose appropriate safeguards to protect the interests of Linda Lao and other public stockholders. The matter was settled which provided for a cash payment of $17.375 million, which, after deducting any fee and expense award to Linda Lao's attorney and any applicable taxes, was paid to AMC. In Judge Zurn's decision to approve the settlement, she described Petitioner Aron as a double agent citing the WeChat text thread and the investigation conducted by the Special Litigation Committee.

83. For the following above reasons, I respectfully ask the Court to deny the application for a protection order.

84. I declare under penalty of perjury under the law of the State of Texas that the foregoing is true and correct.

Nelson E. Willis III

Sworn to before me this 7th day

of July , 2023

Notary Public

CINDY HAMMER
Notary Public, State of Texas
Comm. Expires 04-10-2027
Notary ID 131967727

IN THE DISTRICT COURT 235th JUDICIAL DISTRICT
OF COOKE COUNTY, TEXAS
-----------------------------------------------------------------------X
                                   )

Adam M. Aron                     )

             Petitioner,        )

                        )      **CAUSE NO. CV 23-00179**

          v.            )

                        )

Nelson Willis                  )

                        )

           Respondent.      )
-----------------------------------------------------------------------X

## RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF HIS
## OPPOSITION TO PETITIONER'S APPLICATION
## FOR A PROTECTIVE ORDER

### INTRODUCTION

Respondent Nelson Willis has filed his opposition to Petitioner Aron's application for a protective order, because Respondent Nelson Willis can prove at the July 13th, 2023 Protective Order Hearing that Petitioner Aron is abusing the judicial process, to procure a protective order in order to silence him, a shareholder of both AMC and APE, who has been awakened to Petitioner Aron's antics, lip service, misrepresentation, and financial engineering scheme perpetrated against the stockholder franchise, AMC Common shareholders. This pernicious financial engineering scheme has now been exposed as a result of discovery in a pending matter in the Chancery Court out in Delaware, case number 2023-0215-MTZ before Judge Zurn. Petitioner Aron's protective order application is in clear violation of Respondent Nelson Willis' shareholder rights and Constitutional Rights. As discussed more fully below, Petitioner Aron has clearly stated that the lines of communication with retail shareholders is open, that

**You own our company, we listen to you. Adam[5]**

As a result of the APE launch, the dynamics has shifted with respect to the outright support Petitioner Aron once garnered from the retail investors. It is now incontrovertible that the lines of communication is **only** open when it helps and supports Petitioner Aron's narrative. Granting Petitioner Aron's protective order will have a chilling effect on Respondent Nelson Willis' protected speech and shareholder rights.

## ARGUMENT

I. **PETITIONER ARON'S APPLICATION FOR PROTECTION ORDER MUST BE DENIED**

### LEGAL ANALYSIS

#### a. Legal Standard

Under Texas Code Criminal Procedure Article 7B.003 (b). a trial court must grant a protective order if it determines that there are reasonable grounds to believe that the applicant was the victim of stalking. Stalking is defined in section 42.072 of the Texas Penal Code to include conduct that causes harassment:

(a) A person commits an offense if the person, on more than one occasion and pursuant to the same scheme or course of conduct that is directed specifically at another person, knowingly engages in conduct that:
      (1) constitutes an offense under Section 42.07 [Harassment], . . .;
      (2) causes the person ... to feel harassed, annoyed, alarmed, abused, tormented, embarrassed, or offended; and
      (3) would cause a reasonable person to: . . .
      (D) feel harassed, annoyed, alarmed, abused, tormented, embarrassed, or offended.

---

[5] **See** Exhibit C

Texas Penal Code § 42.072; see id. § 6.03(b) (stating that "person acts knowingly, or with knowledge," with respect to nature of conduct or to circumstances surrounding conduct when he is aware of nature of conduct or that circumstances exist), § 42.07 (stating elements of offense of harassment).

### b. PETITIONER ARON'S MUTIPLE TWEETS AND DECLARATION GIVES AMC AND APE SHAREHOLDERS OPEN COMMUNICATION WITH HIM

Petitioner Aron on multiple occasions, whether via his Tweets, meet and greet events and Earning Conference Calls, has consistently stated that he is a CEO that works for his shareholders. At almost every meet and greet events, Petitioner Aron informs the crowd of retail investors that he reads and listens to his shareholder concerns via his Twitter Direct Messages, emails and tweets directed at him and that he welcomes them. On June 7th, 2021 at 11:24 am, Petitioner Aron made the following representation to AMC shareholders via his Twitter Account, Twitter handle @CEOAdam.

> "The financial press has banner headlines about how innovative AMC and I
> are in reaching out to our individual investors. Odd that they praise something
> so obvious. **CEO's and professional management teams should listen to
> shareholders. You own our company, we listen to you. Adam**"

**See** Exhibit C Petitioner Aron's June 7th, 2021 Tweet

Respondent Nelson Willis and his sister have been shareholders of AMC since 2021. On March 14th, 2023, AMC held a Special Meeting for shareholders to vote on proposals to amend the Company's Certificate to (i) increase the authorized number of shares of common stock and (ii) effect a 1-for-10 reverse stock split of AMC equity. The increase in the number of authorized shares of common stock would cause all APEs to convert into shares of common stock. On March 25th, 2023, after recovering from his heart ablation surgery, Respondent Nelson Willis complied with Petitioner Aron's above tweet, declarations during meet and greet, and decided to send him an email to inquire why he and his sister didnt receive their AMC Proxy Voting Statements. The email reads as:

Subject: Here's one thing that you're not expecting to come out between now and the April 27th court date you piece of shit. There are still so many of us that I've held your fucking company stock since April 2021 and we never received the AMC proxy vote for our fucking shares you worthless piece of shit fuck you I hope you end up in fucking prison we know the fucking truth and you will never get away with this you and your bullshit. 82% common shareholder votes. That is the biggest, fucking joke the biggest fucking lie you can't even tell us how many fucking people voted you motherfucking Jew cocksucker

Respondent Nelson Willis would eventually send several follow-up emails. On April 3rd, 2023, Petitioner Aron finally responded to Respondent Nelson Willis' email, but instead of addressing Respondent Nelson Willis' concern (him never receiving his AMC proxy vote material), Petitioner Aron tells Respondent Nelson Willis that he hopes his parents are alive and suggests that he show them the hate filled emails he sent to him. Respondent Nelson Willis **is not the only AMC shareholder** that now shares this sentiment of distrust for Petitioner Aron filled with hate and contempt as a result of his scheme to defraud AMC shareholders.[6] Many AMC Shareholders that have been awakened as a result of the pending matter before Judge Zurn, case number 2023-0215-MTZ, believe that Petitioner Aron and the AMC Board should all be sitting and rotting in jail. Judge Zurn has acknowledged the many engaged retail investors who have submitted letters with the Court expressing the same sentiment expressed by Respondent Nelson Willis' emails. Many AMC shareholders now equate Petitioner Aron to Bernie Madoff.

**See** Exhibit D

## II.   **RIGHTS AS AN AMC SHAREHOLDER**

All of Respondent Nelson Willis' emails were addressed as a shareholder of both AMC and APE. As a shareholder, Respondent Nelson has a right to express his frustration with the Company including the Board and CEO, especially when a pending class action lawsuit in Delaware is

---

[6] **See** Docket 2023-0215-MTZ in Chancery Court
https://www.docketalarm.com/cases/Delaware_State_Court_of_Chancery/2023-0215/IN_RE_AMC_ENTERTAINMENT_HOLDINGS_INC._STOCKHOLDER_LITIGATION /

exposing them to a scheme of pernicious financial engineering which has severely impacted his portfolio.

## III.   **FIRST AMENDMENT RIGHTS US AND TEXAS CONSTITUTION**

Respondent Nelson Willis' has a constitutional right pursuant to the First Amendment to the United States Constitution and Section 8 to Texas' Constitution to disseminate information that exposes bad actors. Here, Petitioner Aron is looking to curtail such right.

## **CONCLUSION**

For all of the aforementioned reasons, Petitioner Aron's application for a protective order should be denied.

Dated: July 7th, 2023                                 Respectfully submitted,

Nelson Willis

# Exhibit A



## Activity Statements

Expand All  |  Contract All

Print

### ✓ Account Information

| Name | Nelson E Willis |
|---|---|
| Account | U11215753 |
| Account Type | Individual |
| Customer Type | Individual |
| Account Capabilities | Cash |
| Base Currency | USD |

### ✓ Net Asset Value

January 11 ~~2023~~                    ~~2023~~

## Activity Statements

### ✓ Mark-to-Market Performance Summary

| | Quantity | | Price | | | Mark-to-Market P/L | | | |
|---|---|---|---|---|---|---|---|---|---|
| Symbol | Prior | Current | Prior | Current | Position | Transaction | Commissions | Other | Total |
| **Stocks** | | | | | | | | | |
| AMC | 0 | 67 | -- | 4.2900 | -104.29 | -0.94 | -3.11 | 0.00 | -108.34 |
| APE | 0 | 668 | -- | 1.7800 | -157.94 | 35.18 | -5.79 | 0.00 | -128.54 |
| GOEV | 0 | 0 | -- | -- | 10.20 | 7.65 | -2.59 | 0.00 | 15.26 |
| **Total Stocks** | | | | | **-252.03** | **41.89** | **-11.49** | **0.00** | **-221.62** |
| **Forex** | | | | | | | | | |
| USD | 0.00 | 1.91 | 1.0000 | 1.0000 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Forex** | | | | | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** |
| **Total (All Assets)** | | | | | **-252.03** | **41.89** | **-11.49** | **0.00** | **-221.62** |

| | | Done | | Activity Statements | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

**⌄ Trades**

| Symbol | Date/Time | Quantity | T. Price | C. Price | Proceeds | Comm/Fee | Basis | Realized P/L | MT P |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| **Stocks** | | | | | | | | | |
| **USD** | | | | | | | | | |
| AMC | 2023-02-07, 16:32:10 | 20 | 6.1400 | 6.1800 | -122.80 | -1.00 | 123.80 | 0.00 | 0.8 |
| AMC | 2023-02-08, 10:05:20 | 20 | 5.8300 | 5.7200 | -116.60 | -1.00 | 117.60 | 0.00 | -2.2 |
| AMC | 2023-02-08, 11:13:36 | 25 | 5.7080 | 5.7200 | -142.70 | -1.00 | 143.70 | 0.00 | 0.3 |
| AMC | 2023-02- | 2 | 5.2800 | 5.3600 | -10.56 | -0.11 | 10.67 | 0.00 | 0 |

| | | Done | | Activity Statements | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

**⌄ Trades**

| Symbol | Date/Time | Quantity | T. Price | C. Price | Proceeds | Comm/Fee | Basis | Realized P/L | MT F |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| **Stocks** | | | | | | | | | |
| **USD** | | | | | | | | | |
| AMC | 2023-02-07, 16:32:10 | 20 | 6.1400 | 6.1800 | -122.80 | -1.00 | 123.80 | 0.00 | 0.8 |
| AMC | 2023-02-08, 10:05:20 | 20 | 5.8300 | 5.7200 | -116.60 | -1.00 | 117.60 | 0.00 | -2.2 |
| AMC | 2023-02-08, 11:13:36 | 25 | 5.7080 | 5.7200 | -142.70 | -1.00 | 143.70 | 0.00 | 0.3 |
| AMC | 2023-02- -- | 2 | 5.2800 | 5.3600 | -10.56 | -0.11 | 10.67 | 0.00 | 0. |

**Done** — **Activity Statements**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Total AMC | 67 | | | -392.66 | -3.11 | 395.77 | 0.00 | -0.9 |
| APE | 2023-01-13, 14:30:39 | 325 | 1.5300 | 1.5200 | -497.25 | -1.62 | 498.88 | 0.00 | -3.2 |
| APE | 2023-01-23, 12:44:38 | 100 | 1.8500 | 1.8300 | -185.00 | -1.00 | 186.00 | 0.00 | -2.0 |
| APE | 2023-01-23, 12:53:14 | 25 | 1.8250 | 1.8300 | -45.62 | -0.46 | 46.08 | 0.00 | 0. |
| APE | 2023-01-23, 13:24:20 | 37 | 1.8400 | 1.8300 | -68.08 | -0.68 | 68.76 | 0.00 | -0.2 |
| APE | 2023-02-03, 10:32:48 | 100 | 2.9000 | 3.0100 | -290.00 | -1.00 | 291.00 | 0.00 | 11.0 |

**Done** — **Activity Statements**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| APE | 2023-02-06, 10:33:06 | 80 | 2.7900 | 3.1600 | -223.20 | -1.00 | 224.20 | 0.00 | 29.6 |
| APE | 2023-02-09, 16:18:01 | 1 | 2.6400 | 2.7200 | -2.64 | -0.03 | 2.67 | 0.00 | 0.0 |
| Total APE | 668 | | | | -1,311.80 | -5.79 | 1,317.58 | 0.00 | 35.2 |
| GOEV | 2023-02-01, 08:58:36 | 255 | 1.1700 | 1.2100 | -298.35 | -1.28 | 299.62 | 0.00 | 10.2 |
| GOEV | 2023-02-03, 10:12:27 | -255 | 1.2400 | 1.2500 | 316.20 | -1.32 | -299.62 | 15.26 | -2.5 |
| Total GOEV | 0 | | | | 17.85 | -2.59 | 0.00 | 15.26 | 7.6 |
| Total | | | | | -1,686.60 | -11.49 | 1,713.35 | 15.26 | 41.9 |



# Exhibit B

---------- Forwarded message ---------

From: **Nelson Willis**
<nelsonwillis3@gmail.com>
Date: Tue, Mar 14, 2023 at 7:45 PM
Subject: You're not getting away with this illegal vote that you tried to scam us on most of us didn't even receive our AMC proxy vote statement you piece of shit
To: <InvestorRelations@amctheatres.com>

From: **Nelson Willis**
<nelsonwillis3@gmail.com>
Date: Fri, Mar 17, 2023 at 8:55 AM
Subject: The AMC vote is fucking illegal and you know it hell most people didn't even get their AMC proxy statement to vote with Andrew. Fuck you know if you're gonna show us the number of votes that were cast hey go to show us every fucking name that cast a vote and this is what you're gonna do and if you do anything other than that in reverse split this bitch and fuck emergency but I am see you motherfuckers going to fucking pay.
To: <InvestorRelations@amctheatres.com>



From: **Nelson Willis**
<nelsonwillis3@gmail.com>
Date: Fri, Mar 24, 2023 at 4:00
PM
Subject: Your vote was illegal.
My sister and I never got a AMC
proxy for our AMC shares we've
held since April of 2021. You are
not getting away with anything.
You are nothing more than a
criminal organization now. You
will pay.
To: <InvestorRelations@
amctheatres.com>

From: **Nelson Willis**
<nelsonwillis3@gmail.com>
Date: Sat, Mar 25, 2023 at 7:01 PM
Subject: Here's one thing that you're not expecting to come out between now and the April 27th court date you piece of shit. There are still so many of us that I've held your fucking company stock since April 2021 and we never received the AMC proxy vote for our fucking shares you worthless piece of shit fuck you I hope you end up in fucking prison we know the fucking truth and you will never get away with this you and your bullshit. 82% common shareholder votes. That is the biggest, fucking joke the biggest fucking lie you can't even tell us how many fucking people voted you

biggest, fucking joke the biggest fucking lie you can't even tell us how many fucking people voted you motherfucking Jew cocksucker
To: <aaron@amctheaters.com>

# Exhibit C



# Exhibit D



s://twitter.com/AbrahamCerpa1/status/1658028105724841986?s=20

← **Tweet**

**Abraham Cerpa**
@AbrahamCerpa1

As we start a new Trading Week Remember the SlitherBack is telling us in our face the RS guarantees nothing! As a matter of fact he's saying is just as easy for the price to be suppressed even further! @CEOAdam for prison! Robbing us since day 1! $amc

**Adam Aron**
@CEOAdam

In your comments, some fear that after a RS, short pressure could cause price to go back down.  But you neglect that it is EVERY bit as easy to short a stock priced at $3.00 as it is on a stock priced at $30.  A RS itself has NOTHING to do with any subsequent prices afterwards.

1:50 PM · 16 Apr 23

































# Exhibit E

| Date: | Thursday, December 8 2022 03:11 PM |
|---|---|
| Subject: | RE: Antara |
| From: | Van Zandt, Derek <derek.vanzandt@citi.com> |
| To: | Adam Aron <AAron@amctheatres.com>; Sean Goodman <SeGoodman@amctheatres.com>; Kevin Connor <KConnor@amctheatres.com>; |
| CC: | Gonzalez, Cristian <cristian.gonzalez@citi.com>; Mikullitz, Mark <mark.mikullitz@citi.com>; Kak, Shiv <shiv.kak@citi.com>; Meadows, Cass <cass.meadows@citi.com>; |

Just spoke with Himanshu. He was very positive on yesterday's meeting.

They want to proceed but are limited to $150mm in size due to risk limits but believe they can stretch it to $190mm with the repurchase of their $100mm face of 2Ls at 40.

He is willing to allocating value to the bonds to provide for a higher APE price but we need to think this through.

$190mm purchase of APEs at 20% discount.

AMC purchases their $100mm 2L notes @ 40.

AMC commits to proceeding with vote.

Antara agrees to hold shares until vote and vote in favor.

He wants AMC restricted from selling more APEs until after the vote including converts. Restriction lifted if APES >$3. Also, willing to be supportive of AMC adding more liquidity from ATM program if >$3.

Wants participation in 8k / Press release drafting.

Available for public information diligence on Monday in KC (Adam and / or Sean).

Target transaction timeframe next week.

**From:** Van Zandt, Derek [ICG-BCMA]
**Sent:** Thursday, December 8, 2022 1:19 PM
**To:** Adam Aron (aaron@amctheatres.com); Sean Goodman
**Subject:** Antara

Adam / Sean – Attached is a preliminary ownership and vote analysis based on various investment scenarios with Antara. We need to confirm their existing stake size but are assuming 60mm shares for now.

We probably need to discuss size considerations relative to 20% threshold with your lawyers and any governance / control implications.

I am talking to Antara at 2pm ET to connect following yesterday's lunch.

Derek

Appeal Exhibit *E*

United States District Court
Eastern District of Texas, Sherman Division

**FILED**

JUN 2 4 2024

Clerk, U.S. District Court
Texas Eastern

JUNE 24, 2024

NELSON WILLIS,
Plaintiff,

v.

ADAM M. ARON,
Defendant

Case No.: 4:23-CV-732-ALM-KPJ

MOTION TO UNSEAL DOCUMENTS AND EVIDENCE:
IN THE CAUSE OF UNITED STATES V. SAKOYA BLACKWOOD
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Case 1:22-cr-00460-JMF

THE HONORABLE DISTRICT JUDGE AMOS LOUIS MAZZANT, III

Plaintiff, Nelson Willis, representing himself pro se, respectfully moves this Court for an order unsealing certain documents and photos from the case United States v. Sakoya Blackwood in the Southern District of New York, and states as follows:

1. **Introduction:**

- This motion seeks the unsealing of specific documents and photos submitted in United States v. Sakoya Blackwood, which are crucial to the Plaintiff's case in the Eastern District of Texas, Sherman Division.

2. **Background:**

- In the Southern District of New York case United States v. Sakoya Blackwood, Defendant Adam Aron was involved in sending explicit photos to Sakoya Blackwood. These documents were subsequently sealed by the court. The Plaintiff is now litigating against Adam Aron in the Eastern District of Texas for allegations including fraud, misconduct, and other violations.

3. **Legal Basis for Request:**

- **Right to a Fair Trial:** The Sixth Amendment of the U.S. Constitution guarantees the right to a fair trial, which includes the ability to access evidence that is critical to one's defense.

- **Public Access to Judicial Records:** There is a common law right of access to judicial records and documents. This right is recognized to promote transparency and accountability in the judicial process (Nixon v. Warner Communications, Inc., 435 U.S. 589, 597-99 (1978)).
- **Federal Rules of Civil Procedure:** Under Rule 26(b)(1), parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.

4. **Relevance:**

- The sealed documents and photos are directly relevant to establishing a pattern of behavior and misconduct by Adam Aron, which is central to the Plaintiff's claims. These documents will demonstrate inconsistencies and deceit that are crucial for the Plaintiff's case.

5. **Public Interest:**

- The public interest in the integrity of legal proceedings and the necessity for a fair trial in the Plaintiff's case outweighs the need for confidentiality in this instance. Transparency is essential to ensure justice is served and to uphold the integrity of the judicial process.

6. **Protective Order:**

- To address privacy concerns, the Plaintiff requests that this Court issue a protective order limiting the disclosure and use of the unsealed documents to the present litigation. This protective order can ensure that the documents are only used for the purposes of the Plaintiff's case and are not publicly disclosed beyond what is necessary for legal proceedings.

7. **Constitutional Rights:**

- The Plaintiff's constitutional rights, including the right to face his accuser and the right to a fair trial, are at stake. The sealed evidence is imperative to challenge the credibility of key witnesses and to substantiate the Plaintiff's claims of misconduct and retaliation by Adam Aron.

8. **Pro Se Representation:**

- The Plaintiff respectfully reminds this Court that pro se litigants are entitled to equal protection under the law and should not be disadvantaged due to their pro se status. Denying access to crucial evidence would not only violate the Plaintiff's constitutional rights but also undermine the principles of justice and fairness.

9. **FBI Investigation Results:**

- The Court takes into consideration the findings of the FBI investigation, which are pertinent to the case and support the Plaintiff's claims. The results of the investigation are critical in establishing the context and veracity of the allegations against Defendant Aron.

10. **SEC Response to FOIA Request:**

- The Court acknowledges the Plaintiff's filing of the FOIA request and the SEC's response, which confirms that AMC Entertainment Holdings, Inc. is under investigation. This information further substantiates the relevance and necessity of the requested documents for Plaintiff's case.

**Prayer for Relief:**

For the foregoing reasons, Plaintiff respectfully requests that this Court issue an order unsealing the specific documents and photos referenced herein from United States v. Sakoya Blackwood and grant such other and further relief as this Court deems just and proper.

Dated: June 24, 2024

---

**Respectfully submitted,**

Nelson Willis
Pro Se Plaintiff
1405 CR 208
Gainesville, Texas 76240
nelsonwillis3@gmail.com

---

**Verification:**

I, Nelson Willis, verify under penalty of perjury under the laws of the United States of America that the factual statements contained in this Motion to Unseal are true and correct to the best of my knowledge, information, and belief.

Executed on this _24_ day of ___June_____, 2024.

Nelson Willis
Pro Se Plaintiff

United States District Court

Eastern District of Texas, Sherman Division

NELSON WILLIS,

Plaintiff,

v.

ADAM M. ARON,

Defendant

Case No.: 4:23-CV-732-ALM-KPJ

Certificate of Service

I, Nelson Willis, hereby certify that on June 24, 2024, a true and correct copy of the foregoing document was, by filing with the Clerk Of The Court, sent via electronically mail to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

Nelson Willis

Pro Se Litigant

**Exhibit E**

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

Adam M. Aron
_____
**Plaintiff/Petitioner**

CASE NO. 23CV04089
DIVISION 12
K.S.A. NO. _____

vs

Nelson Willis
_____
**Defendant/Respondent**

**SUBPOENA**

TO: John Merriweather - Vice President - Investor Relati
Amc Entertainment Holdings F
11500 Ash Street
Leawood, Kansas 66211

You are commanded to appear

before The Honoradbe 235th
District Court of Cooke County, Texas
at 101 S. Dixon Gainesville, Texas 76240
on the 7th day of August 2023, at 2:00 P.M. to testify on
behalf of the Respondent in the above entitled action.

Bring with you the following:
Copies of All Emails with shareholders from
March 14th, 2023 through march 30, 2023
regarding The Vote for the Reverse Split? Merge of t
PEU

(SEAL)

DATED: 7-27-23

Attorney: Nelson Willis Pro Se

Clerk of the District Court

BY: _____

JOHNSON COUN
DISTRICT COURT
KANSAS

CLERK OF THE COURT
MARCI A. GILBERT
COOKE COUNTY COURTHOUSE
101 SOUTH DIXON, ROOM 207
GAINESVILLE, TX 76240

ATTORNEY REQUESTING ISSUANCE
NELSON WILLIS, PRO-SE
1405 CR 208
GAINESVILLE, TEXAS 76240

## THE STATE OF TEXAS
## SUBPOENA DUCES TECUM
## NO. CV23-00179

### ADAM M. ARON VS NELSON WILLIS

TO ANY SHERIFF, CONSTABLE, OR BY ANY OTHER PERSON WHO IS NOT A PARTY AND IS NOT LESS THAN EIGHTEEN YEARS OF AGE, OF THE STATE OF TEXAS, GREETING:

YOU ARE HEREBY COMMANDED TO SUMMON:  **JOHN MERRIWETHER/VICE PRESIDENT, INVESTOR RELATIONS AMC ENTERTAINMENT HOLDINGS 11500 ASH STREET LEAWOOD, KANSAS 66211**

to be and to personally appear on the 7th of AUGUST 2023, at 2:00 p.m.; before the Honorable 235th District Court of Cooke County, Texas, to be held within and for said County at the Courthouse thereof, in Gainesville, then and there to testify and the truth to speak on behalf of the Respondent, in the above styled and numbered cause, now pending in said Court, and there to remain from day to day, and from term to term, until discharged by said Court. Said above named witness is further commanded to produce and permit inspection and copying at said time and place above set forth the following books, papers, documents or other tangible things, to-wit:

**IT IS FURTHER ORDERED** that **JOHN MERRIWETHER** is to produce and permit inspection and copying of designated documents or tangible things in JOHN MERRIWETHER'S possession, custody, or control that pertain to her services rendered as a receiver in this matter as follows:

1. TESTIMONY UNDER CROSS EXAMINATION

**HEREIN FAIL NOT**, and make do return hereof, showing how you have executed the same.

**FAILURE BY ANY PERSON WITHOUT ADEQUATE EXCUSE TO OBEY A SUBPOENA SERVED UPON THAT PERSON MAY BE DEEMED A CONTEMPT OF THE COURT AND MAY BE PUNISHED BY FINE OR CONFINEMENT, OR BOTH.**

Issued and given under my hand and seal of said Court at office, this the 26TH day of JULY 2023.

MARCI A. GILBERT, DISTRICT CLERK
COOKE COUNTY, TEXAS

BY: _Cwatterscheid_

Celeste Walterscheid, Deputy Clerk

RETURN

Came to hand the _____ day of _____, 20 ___, at _____ o'clock ___M., and
executed the _____ day of _____, 20 ___, at _____ o'clock ___M., by
delivering to the within named _____ .at

_____
in _____ County, Texas, in person, a true copy of this Subpoena, and tendering
said witness the sum of $_____ .
FEES

_____
(Sheriff, Constable, Citizen)

_____County, Texas

By: _____
Deputy

ACCEPTANCE OF SERVICE

The undersigned witness named in the Subpoena acknowledges receipt of a copy thereof and hereby accepts and
waives service of such Subpoena.

_____
(Signature of Witness and Date)



Filed: 7/31/2023 4:50 PM
Marci A. Gilbert
District Clerk
Cooke County, Texas
Debrielle Boggs

**CAUSE NO. CV23-00179**

| | | |
|---|---|---|
| **ADAM M. ARON,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Applicant* | § | |
| | § | **235TH JUDICIAL DISTRICT OF** |
| **v.** | § | |
| | § | |
| **NELSON WILLIS,** | § | |
| | § | |
| *Respondent.* | § | **COOKE COUNTY, TEXAS** |

---

### NOTICE OF NONSUIT WITHOUT PREJUDICE

---

TO THE HONORABLE JUDGE:

NOW COME Plaintiff Adam M. Aron and, pursuant to Rule 162 of the TEXAS RULES OF

CIVIL PROCEDURE, nonsuits all of the claims asserted against Defendant in the above entitled and

numbered cause without prejudice.

Dated: July 31, 2023          Respectfully submitted,

By: */s/ Richard A. Illmer*
     Richard A. Illmer
     State Bar No. 10388350
     Rick.Illmer@HuschBlackwell.com
     Meghann Reeves
     State Bar No. 24094499
     Meghann.Reeves@HuschBlackwell.com

**HUSCH BLACKWELL, LLP**
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
(214) 999-6100 *Telephone*
(214) 999-6170 *Facsimile*

**ATTORNEYS FOR APPLICANT ADAM M. ARON**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on the pro se party via email through EFile Texas, certified mail, return receipt requested and U.S. First Class Mail on this 31st day of July, 2023 as follows:

*VIA CMRRR# 9314 8699 0430 0110 4367 93,*
*EMAIL: NELSONWILLIS3@GMAIL.COM,*
*& U.S. FIRST CLASS MAIL*
Nelson Willis
11667 Highway 82
Whitesboro, TX 76273

*/s/ Meghann Reeves*
Meghann Reeves

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Karen Massey on behalf of Rick Illmer
Bar No. 10388350
karen.massey@huschblackwell.com
Envelope ID: 78058295
Filing Code Description: Notice
Filing Description: Notice of Nonsuit Without Prejudice
Status as of 8/1/2023 8:04 AM CST

Associated Case Party: NELSONWILLIS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nelson Willis | | nelsonwillis3@gmail.com | 7/31/2023 4:50:56 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Richard Alllmer | | Rick.Illmer@HuschBlackwell.com | 7/31/2023 4:50:56 PM | SENT |
| Meghann DReeves | | Meghann.Reeves@HuschBlackwell.com | 7/31/2023 4:50:56 PM | SENT |

Exhibit
B

```
CASE # CV23-00179                    COURT: 235TH JUDICIAL DISTRICT        07/26/2024
CAUSE: ALL OTHER CIVIL CASES
STYLE: ADAM M ARON                    VS NELSON WILLIS

                                          PLAINTIFF

NAME                                              ATTORNEY
_____                           _____

ARON, ADAM M              P                        ILLMER, RICHARD A
C/O HUSCH BLACKWELL LLP                            1900 N. PEARL STREET,
1900 N. PEARL STREET                               SUITE 1800
DALLAS, TX 75201                                   DALLAS, TEXAS 75201
    -    -                                         214-999-6100


                                         DEFENDANT

NAME                                              ATTORNEY
_____                           _____

WILLIS, NELSON            D
1405 COUNTY ROAD 208
NELSONWILLIS3@GMAIL.COM
GAINESVILLE, TX 76240

                     _____


TRANSACTIONS FOR ALL PARTIES                      / /    THRU   / /


05/19/2023          APPLICATION FOR PROTECTIVE ORDER/CS                  I    23
ARON, ADAM M
05/22/2023          CHARGES ASSESSED BY EFILE                   350.00-
ARON, ADAM M        EFILE ENVELOPE ID:75832855
05/22/2023          FILING FEE FOR PETITION                     213.00  I    1
ARON, ADAM M
05/22/2023          STATE PAYMENT RECEIVED THRU EFILE           137.00
ARON, ADAM M        EFILE SUBMITTER ID: MASSEY,KAREN COURT ID: COOKE:D
06/09/2023          ORDER SETTING HEARING ON ADAM M. ARON'S APPLICATIO   I    2
ARON, ADAM M        N FOR PROTECTIVE ORDER
06/14/2023          LETTER TO CLERK OF THE COURT REQUESTING SERVICE      I    2
ARON, ADAM M
06/14/2023          CHARGES ASSESSED BY EFILE                     8.00-
ARON, ADAM M        EFILE ENVELOPE ID:76599221
06/14/2023          FEE FOR ISSUANCE OF NOTICE TO SHOW CAUSE       8.00  I    1
ARON, ADAM M
06/14/2023          NOTICE TO SHOW CAUSE ISSUED TO NELSON WILLIS/EMAIL   I    2
                    ED TO ATTORNEY FOR SERVICE/CS
06/20/2023          NOTICE TO SHOW CAUSE SERVED TO NELSON WILLIS         I    4
ARON, ADAM M
06/27/2023          APPLICANT ADAM M. ARON'S NOTICE OF SUPPLEMENTAL EV   I    93
ARON, ADAM M        IDENCE IN SUPPORT OF HIS APPLICATION FOR PROTECTIV
07/07/2023          RESPONDENTS AFFIDAVIT IN OPPOSITION TO PETITIONERS   I    60
                     APPLICATION FOR A PROTECTIVE ORDER/GR
07/07/2023          RESPONDENT'S AFFIDAVIT IN OPPOSITION TO PETITIONER   I    1
                    'S APPLICATION FOR A PROTECTIVE ORDER/EMAILED TO A
07/11/2023          AGREED MOTION FOR CONTINUANCE/CW                     I    2

07/12/2023          AMENDED MOTION FOR CONTIANUANCE/SIGNED/CW            I    1

07/12/2023          RESPONDENT'S EXHIBIT F/CS                            I    1
                    EMAILED TO PETITIONER'S ATTORNEY
07/13/2023          ORDER ON MOTION FOR CONTINUANCE/EMAILED TO ATTORNE   I    1
                    YS/CS
```

CASE # CV23-00179                    COURT: 235TH JUDICIAL DISTRICT              07/26/2024
CAUSE: ALL OTHER CIVIL CASES

| 07/26/2023 | FEE FOR ISSUANCE OF SUBPOENA/CW | 8.00- | | |
|---|---|---|---|---|
| WILLIS,NELSON | | | | |
| 07/26/2023 | FEE FOR ISSUANCE OF SUBPOENA/CW | 8.00 | I | 2 |
| WILLIS,NELSON | | | | |
| 07/26/2023 | REQUEST FOR SUBPOENA/CW | | I | 1 |
| | | | | |
| 07/26/2023 | SUBPOENA DUCES TECUM ISSUED TO JOHN MERRIWETHER/GA | | I | 2 |
| | VE TO NELSON WILLIS FOR SERVICE/CW | | | |
| 07/31/2023 | NOTICE OF NONSUIT WITHOUT PREJUDICE/DB | | I | 3 |
| ARON,ADAM M | | | | |

**EXHIBIT**

**C**

CAUSE NO. _____

| | | |
|---|---|---|
| **ADAM ARON,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Applicant* | § | |
| | § | _____ **JUDICIAL DISTRICT OF** |
| **v.** | § | |
| | § | |
| **NELSON WILLIS,** | § | |
| | § | |
| *Respondent.* | § | **COOKE COUNTY, TEXAS** |

### AFFIDAVIT OF ADAM M. ARON

| | |
|---|---|
| STATE OF KANSAS | § |
| | § |
| COUNTY OF JOHNSON | § |

Before me, the undersigned authority, personally appeared Adam M. Aron, who being by me duly sworn, deposed as follows:

1.  My name is Adam M. Aron. I am over 18 years of age, and I am fully competent to make this Affidavit. The facts stated within this Affidavit are true and correct and are within my personal knowledge.

2.  I am the Chairman and Chief Executive Officer of AMC Entertainment Holdings, Inc. ("AMC").

3.  Since April 3, 2023, I have received harassing, threatening, and offensive emails to my AMC work email address (AAron@amctheatres.com) from an individual named Nelson Willis using the email address "nelsonwillis3@gmail.com." Many of these emails contain hateful speech directed at me, which qualify as ethnic slurs. Many of these emails were also sent to AMC's Investor Relations corporate email address (InvestorRelations@amctheatres.com).

---

4.  On April 10, 2023, Mr. Willis began including "Chair@sec.gov" and "CommissionerPeirce@sec.gov" as recipients of many of these emails.

5.  Despite receiving no response from me, Mr. Willis has continued to send these harassing, threatening, and offensive emails to me and about me to others. On Monday, April 17, 2023, he sent *ten* harassing, threatening, and offensive emails to me, including others as recipients.

6.  Willis' repeated emails to me and about me to others have caused me to feel harassed, annoyed, alarmed, tormented, embarrassed, and offended.

7.  I ask the Court for protection from Willis as set forth in my Application for Protective Order.

8.  FURTHER, THE AFFIDANT SAYETH NAUGHT.

← Forged

_____
**ADAM M. ARON**

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this 5th day of May, 2023.

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF KANSAS

CHERYL EDLIN PICKETT
NOTARY
My Appt. Expires
05-04-2026
PUBLIC
STATE OF KANSAS

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
STATION PLACE
100 F STREET, NE
WASHINGTON, DC 20549-2465

**Office of FOIA Services**

May 2, 2024

Mr. Etan Leibovitz
~~████████~~ Street
~~████████~~, NY 11~~██~~

Re:  Freedom of Information Act (FOIA), 5 U.S.C. § 552
      Request No. **24-01002-FOIA**

Dear Mr. Leibovitz:

      This letter is the first interim response to your request,
dated and received in this office on December 29, 2023, for any
investigation(s) or document(s) pertaining to AMC Entertainment
Holdings, Inc. (Ticker Symbol AMC) ("hereinafter "AMC").
Specifically, you are seeking the following pertaining to AMC
Entertainment Holdings, Inc.:

- Launch of APE AMC Preferred Equity Units (ticker symbol
  APE) August 22nd 2022 on the NYSE;
- Project Popcorn - APE rights offering to APE ATM offering;
- Citibanker Derek Van Zandt launch of Project Popcorn
  November 2021 - a pernicious financial engineering scheme
  to take the AMC stock price down;
- AMC Board Insider Trading from November 2021-January 2022

      Adam Aron invoking Rule 10b5-1 when he tweeted he was
      selling shares for estate planning - Project Popcorn
      memorialized November 2021;

- SDNY 22 CRIM 460 United State of America vs Sakoya
  Blackwood - with AMC CEO Adam Aron as the "victim";
- AMC's deal with Antara Capital - the Forward Purchase
  Agreement;
- Riley Financials John Merriman's May 27th, 2022 email to
  AMC's John Merriwether and AMC's Sean Goodman including 3
  prospectuses - Ticker Symbols OPGN, AVGR, AGRX;
- All email correspondence between anyone at AMC and the SEC
  from January 1st, 2019 - December 29th, 2023;
- All emails coming from email account -
  nelsonwillis3@gmail.com giving the SEC notice about AMC's
  and CEO Adam Aron's pernicious financial engineering
  scheme;

Mr. Etan Leibovitz                          24-01002-FOIA
May 2, 2024
Page 2

- AMC's corporate vote dated March 14th, 2023;
- The amount of shares of AMC class A Common that were out in circulation as opposed to outstanding on – August 19th, 2022, August 22nd, 2022 and February 8th, 2023;
- Class action lawsuit – Delaware Chancery Court consolidated action No. 2023-0215-MTZ.

By email dated February 23, 2024, you clarified the scope of your above referenced FOIA request and advised you are seeking the following:

*"information relating only to investigations of AMC Entertainment Holdings, Inc., from January 1, 2019 to December 29, 2023."*

We are withholding records that may be responsive to your request under 5 U.S.C. § 552(b)(7)(A). This exemption protects from disclosure records compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement activities. Since Exemption 7(A) protects the records from disclosure, we have not determined if other exemptions apply. Therefore, we reserve the right to assert other exemptions when Exemption 7(A) no longer applies.

It is the general policy of the Commission to conduct its investigations on a non-public basis. Thus, subject to the provisions of FOIA, the Commission does not disclose the existence or non-existence of an investigation or information gathered unless made a matter of public record in proceedings brought before the Commission or in the courts. Accordingly, the assertion of this exemption should not be construed as an indication by the Commission or its staff that any violations of law have occurred with respect to any person, entity, or security.

Please be advised that we have considered the foreseeable harm standard in preparing this response.

I am the deciding official with regard to this adverse determination. You have the right to appeal my decision to the SEC's General Counsel under 5 U.S.C. § 552(a)(6), 17 CFR § 200.80(f)(1). The appeal must be received within ninety (90) calendar days of the date of this adverse decision. Your appeal must be in writing, clearly marked "Freedom of Information Act

Mr. Etan Leibovitz                                    24-01002-FOIA
May 2, 2024
Page 3

Appeal," and should identify the requested records. The appeal may
include facts and authorities you consider appropriate.

    You may file your appeal by completing the online Appeal form
located at https://www.sec.gov/forms/request_appeal, or mail your
appeal to the Office of FOIA Services of the Securities and
Exchange Commission located at Station Place, 100 F Street NE,
Mail Stop 2465, Washington, D.C. 20549, or deliver it to Room 1120
at that address.

    Further, we are still consulting with other SEC staff
regarding information that may be responsive to your request. We
will advise you of our findings as soon as we receive a response.

    If you have any questions, please contact Karen Spruill of
my staff at spruillk@sec.gov or (202) 551-3985. You may also
contact me at foiapa@sec.gov or (202) 551-7900. You may also
contact the SEC's FOIA Public Service Center at foiapa@sec.gov
or (202) 551-7900.  For more information about the FOIA Public
Service Center and other options available to you please see the
attached addendum.

                              Sincerely,

                              Carrie Hyde-Michaels

                              Carrie Hyde-Michaels
                              FOIA Branch Chief


Enclosure

# ADDENDUM

For further assistance you can contact a SEC FOIA Public Liaison by calling (202) 551-7900 or visiting https://www.sec.gov/oso/help/foia-contact.html.

SEC FOIA Public Liaisons are supervisory staff within the Office of FOIA Services. They can assist FOIA requesters with general questions or concerns about the SEC's FOIA process or about the processing of their specific request.

In addition, you may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA dispute resolution services it offers. OGIS can be reached at 1-877-684-6448 or via e-mail at ogis@nara.gov. Information concerning services offered by OGIS can be found at their website at Archives.gov. Note that contacting the FOIA Public Liaison or OGIS does not stop the 90-day appeal clock and is not a substitute for filing an administrative appeal.

Appeal Exhibit H   EXHIBIT D

```
 1                      REPORTER'S RECORD
                       VOLUME 1 OF 1 VOLUME
 2            TRIAL COURT CAUSE NO. CV23-00179

 3    ADAM M. ARON              )( IN THE DISTRICT COURT
                                )(
 4    VS.                       )( COOKE COUNTY, TEXAS
                                )(
 5    NELSON WILLIS             )( 235TH JUDICIAL DISTRICT

 6    _____

 7        HEARING ON APPLICATION FOR PROTECTIVE ORDER

 8    _____

 9

10

11

12

13

14

15

16

17

18

19

20        On the 21st day of July, 2023, the following

21    proceedings came on to be held in the above-entitled and

22    numbered cause before the HONORABLE JANELLE M. HAVERKAMP,

23    Judge Presiding, held in Gainesville, Cooke County, Texas.

24        Proceedings reported by computerized stenotype machine.

25
```

```
 1                            APPEARANCES

 2   HUSCH BLACKWELL
     BY:  MEGHANN REEVES
 3   SBOT NO. 24049592
     1900 N. Pearl Street, Suite 1800
 4   Dallas, Texas 75201-2467
     Telephone:  (214)981-7025
 5        ATTORNEY FOR THE APPLICANT;

 6   NELSON WILLIS
          APPEARING PRO SE.
 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                          I N D E X

 2                            VOLUME 1
            HEARING ON APPLICATION FOR PROTECTIVE ORDER
 3                         JULY 21, 2023

 4                                             Page    Vol

 5    Caption                                    1      1

 6    Appearances of Counsel                     2      1

 7    Proceedings                                4      1

 8    Court Reporter's Certificate              14      1

 9    (No witnesses to index this volume.)

10    (No exhibits to index this volume.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S

 2                                   (JULY 21, 2023.)

 3              (Open court, no jury.)

 4              THE COURT:  The Court calls Cause Number

 5   CV23-00179, Adam M. -- is it Aron?

 6              MS. REEVES:  Aron.

 7              THE COURT:  -- Aron versus Nelson Willis --

 8   Applicant, versus Nelson Willis, Respondent.

 9              Now, is Applicant present and ready?

10              MS. REEVES:  Yes, Your Honor.

11              THE COURT:  Where is Applicant?

12              MS. REEVES:  Oh.  Mr. Aron is not here today.

13   We submitted an affidavit.

14              THE COURT:  I -- and by whose authority did

15   you think you could come in here and submit evidence by an

16   affidavit?

17              MS. REEVES:  I -- Your Honor, we did not

18   clarify that with you.

19              THE COURT:  I -- you were -- I'm not allowing

20   you to -- no one asked permission of the Court --

21              MS. REEVES:  We --

22              THE COURT:  -- and --

23              MS. REEVES:  Your Honor, we -- we followed

24   the Texas criminal statute relating to protective orders.

25   It did not mention --
```

```
 1                    THE COURT:  Where -- where -- I am not
 2    allowing you to submit evidence by affidavit.  Show me where
 3    you -- you can present evidence by affidavit for the -- the
 4    final hearing, not a temporary ex parte protective order.
 5                    MS. REEVES:  Your Honor, I'm only aware of
 6    Article 7B.001, the application for --
 7                    THE COURT:  Say again.
 8                    MS. REEVES:  I'm -- the authority I'm aware
 9    of is from Article 7B.001, application for protective order.
10                    THE COURT:  Article 7B.  Where are you
11    looking?
12                    MS. REEVES:  It is in the Code of Criminal
13    Procedure, Title 1.
14                    MR. WILLIS:  I have it printed out, Your
15    Honor.
16                    THE COURT:  No one asked you a thing.
17                    You can present affidavits on the temporary
18    ex parte protective order.  7B.101.  What section?
19                    MS. REEVES:  So it's .001.  And this relates
20    to the application, Your Honor.
21                    THE COURT:  For the ex parte order.
22                    MS. REEVES:  This is the -- the only part --
23    section of this chapter that's dealing with the protective
24    order.
25                    THE COURT:  101.  In the same manner as an
```

```
1    application for a protective order under Title 4 of the

2    Family Code.  And if you'll go to the Family Code, the only

3    protective order that can be issued by affidavit is the ex

4    parte.

5                    MS. REEVES:  Your Honor --

6                    THE COURT:  That's the original ex parte

7    without a hearing.

8                    MS. REEVES:  Your Honor, the -- the Family

9    Code we did not think applied in this situation.

10                   THE COURT:  At any proceeding related to an

11   offense under 42.072 in which the defendant appears before

12   the court, a person may request the court to issue a

13   protective order under Title 4, Family Code, for the

14   protection of the person.

15                   The request under Subsection (a) is made by

16   filing an application for a protective order in the same

17   manner as an application for a protective order under Title

18   4, Family Code.

19                   The court shall issue a protective order in

20   the manner provided by Title 4, Family Code, if, in lieu of

21   the finding that family violence occurred and is likely to

22   occur in the future as required by Section 85.001, Family

23   Code, the court finds that:  Probable cause exists to

24   believe that an offense under Section 42.072, Penal Code,

25   was committed.
```

1          The nature of the scheme or course of conduct

2     engaged in by the defendant in committing the offense

3     indicates the defendant is likely in the future to engage in

4     conduct prohibited by Section 42.072(a)(1),(2), or (3).

5          The procedure for the enforcement under Title

6     4, Family Code, applies to the fullest extent practicable to

7     the enforcement of a protective order under this chapter,

8     including provisions relating to findings, contents,

9     duration, warning, delivery, law enforcement duties, and

10    modification.

11         MS. REEVES:  Under the Article 7B, when you

12    go to the Section .003, that sets out the issuance of the

13    protective order.  There's also another subsection within

14    Article 7B that talks about when the title -- the family

15    section would apply.  I cannot remember off the top of my

16    head which one it is.  I don't have that one printed.  It

17    might be .008 or --

18         THE COURT:  The court shall issue a

19    protective order in the manner provided by Title 4 of the

20    Family Code.

21         Well, I'm telling you that I am not going to

22    issue a permanent -- I think that you're wrong.  You

23    could -- you could prove me wrong.  So far you have not.

24    But I am telling you that I am not going to issue a

25    permanent protective order by affidavit.

| | |
|---|---|
| 1 | MS. REEVES: Yes, Your Honor. |
| 2 | THE COURT: The consequences for a violation |
| 3 | of a protective order are too serious. I believe that he's |
| 4 | got the right to confront his accuser -- |
| 5 | I don't need any help from you. |
| 6 | -- in a court of law. So the Applicant will |
| 7 | have to be present in this Court if he wants to pursue the |
| 8 | protective order. I do not give permission for this to be |
| 9 | submitted by affidavit, so we will postpone it to give him |
| 10 | the opportunity. |
| 11 | But one thing I need to make very clear to |
| 12 | you, Mr. Willis, based upon what you have attempted to file |
| 13 | in this case, this hearing will only be about the |
| 14 | application for protective order. This is not your |
| 15 | opportunity to engage in any kind of civil lawsuit for, |
| 16 | against the Applicant for breach of fiduciary duty or |
| 17 | anything about your issues with him with regard to |
| 18 | diminished value of stock or anything to do with stock. |
| 19 | That is a whole nother issue. It has nothing to do with |
| 20 | whether or not you have committed the offense of stalking |
| 21 | against him. You understand that? |
| 22 | MR. WILLIS: I do, Your Honor. |
| 23 | THE COURT: The only issue in this Court is |
| 24 | should I issue a protective order against you for your |
| 25 | conduct. If they can prove to me that you have engaged in |

```
 1    stalking, and whether or not I should issue a protective

 2    order.  Have you engaged in stalking?  Is it likely you will

 3    continue to engage in stalking?  That's the only issue

 4    before the Court.

 5                So I'm going to require him to appear in

 6    person.  So we will reset this.  I -- I would consider

 7    perhaps allowing him to appear by Zoom, unless there's a

 8    reason not to, but not by affidavit.  That does not give him

 9    the right to confront and cross-examine his accusers.

10                So we need to reset.

11                Yes.

12                MR. WILLIS:  In regards to my communications

13    with the Petitioner.

14                THE COURT:  Who?

15                MR. WILLIS:  With the Petitioner.  With the

16    Applicant.

17                THE COURT:  Yes.

18                MR. WILLIS:  My only communications with

19    him -- okay.  Let me start out by saying --

20                THE COURT:  Okay.  I'm not hearing the case

21    today.

22                MR. WILLIS:  Well, I'm a congestive heart

23    failure patient, okay.  And the date of this -- I'm a

24    shareholder.

25                THE COURT:  Are you --
```

```
 1              MR. WILLIS:  I'm not a stalker, okay.  I'm a
 2    shareholder.
 3              THE COURT:  Okay.  Mr. Willis, I'm not
 4    hearing the case today.
 5              MR. WILLIS:  Well, I'm just going to say one
 6    thing.  My e-mails were to their investor relations, and
 7    then they ignored me because of the shareholder vote on
 8    March 14th.  And I was in the hospital that day.
 9              THE COURT:  Okay.  I'm not hearing the facts
10    of the case today.
11              MR. WILLIS:  Well, I'm just saying that
12    they're trying to come at me outside of the actual
13    shareholder.  And they're trying --
14              THE COURT:  I'm not hearing the case today.
15              MR. WILLIS:  Well, they're trying to silence
16    me as a whistleblower to the SEC, and that's a --
17              THE COURT:  And, further, there's a proposed
18    order that's been submitted that wants me to include any --
19    that no further communication to the SEC.  That is beyond
20    the scope of this protective order.
21              MR. WILLIS:  Yeah.  That is against --
22              THE COURT:  I don't need your help.
23              MR. WILLIS:  -- my constitutional rights.
24              THE COURT:  Don't need your help.
25              MR. WILLIS:  Yes, ma'am.
```

```
 1                    THE COORDINATOR:  We can do it on August 7th,

 2    11:00 a.m. or that afternoon we have time.

 3                    MS. REEVES:  Okay.  May I get a few dates to

 4    be able to discuss with Mr. Aron?

 5                    MR. WILLIS:  May I say one last thing?

 6                    THE COURT:  Just a moment.

 7                    THE COORDINATOR:  We can also do it almost

 8    any time on the 8th, and we have quite a bit of availability

 9    on the 9th and really the rest of that week we have time.

10                    MS. REEVES:  Your Honor, with your suggestion

11    on potentially we may be able to do it via Zoom, do we need

12    to do a formal request with you for that?

13                    THE COURT:  Yes.

14                    MS. REEVES:  Okay.

15                    THE COURT:  Mr. Willis, are you opposed to

16    the Applicant appearing via Zoom?

17                    MR. WILLIS:  I am worried about witnesses

18    that -- attending via Zoom or what have you.

19                    THE COURT:  Do you have witnesses to whether

20    or not you sent these e-mails?

21                    MR. WILLIS:  I have lots of them.

22                    THE COURT:  That whether or not you sent the

23    e-mails?  I don't want to hear anybody that's going to talk

24    about --

25                    MR. WILLIS:  No.  I -- okay.
```

```
 1                    THE COURT:  -- the stock.

 2                    MR. WILLIS:  My e-mails -- my e-mails are not

 3   about Mr. Aron as a person.  They are about him as a CEO.

 4                    THE COURT:  Well --

 5                    MR. WILLIS:  And that's what this whole thing

 6   is about.

 7                    THE COURT:  -- that's not the issue.  The

 8   issue is did you send the e-mails to Mr. Aron?

 9                    MR. WILLIS:  As a shareholder and exercising

10   my shareholder rights.

11                    THE COURT:  I don't care if you sent them as

12   the Easter bunny.

13                    MR. WILLIS:  They are strictly --

14                    THE COURT:  Did you send them?

15                    MR. WILLIS:  It is my shareholder right to

16   communicate with the CEO.  He -- the CEO actually --

17                    THE COURT:  It is not your shareholder right

18   to communicate in vulgar, threatening and harassing manner.

19                    MR. WILLIS:  That's first amendment of the

20   Constitution, my first -- free speech.

21                    THE COURT:  Well, you can argue that next

22   time.

23                    Okay.  So reset.

24                    MR. WILLIS:  Okay.  So we're going to --

25                    THE COURT:  We'll set it now August 7th at
```

```
 1   what time?
 2                   MR. WILLIS:  We're going to continue --
 3                   THE COURT:  Don't interrupt me.
 4                   MR. WILLIS:  Yes, ma'am.
 5                   THE COURT:  What time?
 6                   THE COORDINATOR:  2:00 p.m.
 7                   THE COURT:  August 7th at 2:00 unless we hear
 8   that -- right now that's -- it's set August 7th at 2:00 p.m.
 9                   We're adjourned.  We'll see you back
10   August 7th at 2:00 p.m.  As of now all parties in person.
11                   (End of proceedings.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1   STATE OF TEXAS

2   COUNTY OF COOKE

3       I, Denise A. Neu, Deputy Court Reporter in and for

4   the 235th Judicial District Court of Cooke County, State of

5   Texas, do hereby certify that the above and foregoing

6   contains a true and correct transcription of all portions of

7   evidence and other proceedings requested in writing by

8   counsel for the parties to be included in this volume of the

9   Reporter's Record, in the above-styled and numbered cause,

10   all of which occurred in open court or in chambers and were

11   reported by me.

12       I further certify that this Reporter's Record of

13   the proceedings truly and correctly reflects the exhibits,

14   if any, offered by the respective parties.

15       I further certify that the total cost for the

16   preparation of this Reporter's Record is $78.00, and was

17   paid by Mr. Nelson Wilson.

18       WITNESS my hand this the 14th day of December,

19   2023.

20                /s/ Denise Neu
                     DENISE A. NEU, Texas CSR #6110
21                 Deputy Court Reporter
                     235th District Court
22                 Cooke County, Texas
                     P.O. Box 352
23                 Lindsay, Texas 76250
                     Telephone: (940) 391-3170
24                 Expiration: 04/30/24

25