

Case No. 24-40585

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

**Nelson Willis,**
**Plaintiff-Appellant**

v.

**Adam M. Aron,**
**Defendant-Appellee**

---

On Appeal From The
UNITED SATES DISTRICT COURT
Eastern District Of Texas

---

**APPELLANT'S EMERGENCY MOTION TO CORRECT DOCKET MISCLASSIFICATION AND RESTORE INDIVIDUAL MOTION FILINGS BURIED IN (DKT. 57)**

---

**TO THE HONORABLE JUDGES OF THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT:**

**COMES NOW** Appellant, **Nelson E. Willis,** and respectfully files this **Emergency Motion to Correct Docket Misclassification,** and states as follows:

**1. BACKGROUND**

1. On April 29, 2025, Appellant electronically filed five separate motions, each drafted, titled, and submitted as standalone filings intended to be independently docketed and reviewed by this Court.

2. These motions pertain to separate constitutional, statutory, and evidentiary issues and were clearly identified by their individual titles and grounds for relief.

3. On May 1, 2025, Appellant received email notification that the Clerk's Office misclassified all five motions as "exhibits" to a single filing under Docket Entry [57].

4. This act stripped each motion of its independent docket entry, effectively burying them within a single document in violation of the Federal Rules of Appellate Procedure and Appellant's due process rights.

5. Appellant immediately contacted the Clerk's Office. In a recorded phone call with court staff (Rebecca), Appellant was informed that the filings were indeed treated as exhibits despite their clear submission as separate motions. The staff advised that Appellant would now need to escalate the issue to a court manager to resolve the misclassification—placing undue procedural burden on a pro se litigant and interfering with Appellant's case preparation during a critical deadline window.

## II. LEGAL BASIS FOR RELIEF

6. Under Federal Rule of Appellate Procedure 27, motions are to be submitted and ruled upon individually unless consolidated by judicial order—not by unilateral reclassification by court staff.

7. The Clerk's actions here constitute a procedural misrepresentation of the record under FRAP 10(a) and violate Local Rule 25.2 by altering the procedural standing of Appellant's filings without authorization.

8. These actions also amount to obstruction of Appellant's right to a meaningful appellate process, especially as Appellee's response to the principal brief is due May 7, 2025. The misclassification frustrates Appellant's ability to seek supplemental relief or respond to Appellee's filings in an orderly manner.

9. Furthermore, this action continues a pattern of irregular conduct already documented in prior filings, including the unauthorized denial of Document 50 without permitting a response to Document 53, and now the reduction of multiple emergency filings into buried exhibits with no independent review.

## III. DEMAND FOR SUPERVISORY REVIEW BY THE UNITED STATES SUPREME COURT

Appellant hereby invokes and demands immediate supervisory oversight by the Supreme Court of the United States, pursuant to its inherent constitutional authority over the administration of justice in the lower federal courts. This request is justified by the ongoing procedural sabotage, denial of access to meaningful appellate review, and direct interference by Clerk personnel under color of authority in Case No. 24-40585.

The repeated and unlawful suppression of Appellant's motions—including the misclassification of filings on May 1, 2025, the denial of Document 50 without permitting a reply to Document 53, and the refusal to assign independent docket numbers to legitimate judicial filings—constitutes a pattern of systemic misconduct that now directly impacts Appellant's rights under the First, Fifth, and Fourteenth Amendments, as well as the Federal Rules of Appellate Procedure.

Appellant asserts that no fair adjudication can proceed under the current conditions without immediate external judicial supervision. Therefore, Appellant demands that this Court certify the procedural irregularities herein for review by the Chief Justice of the United States and take all necessary steps to place this appeal under Article III supervisory authority to preserve the integrity of the appellate record and safeguard the constitutional process.

## IV. PRAYER FOR RELIEF

**WHEREFORE, Plaintiff-Appellant demands the following emergency relief:**

1. That the Court immediately reverse and vacate the Clerk's May 1, 2025 misclassification of Appellant's five individually filed motions and docket each as a standalone motion under separate document numbers, as originally submitted;

2. That the Court issue an emergency order directing the Clerk's Office to cease any further reclassification, consolidation, or procedural interference with Appellant's filings absent judicial instruction or written notice with opportunity to object;

3. That the Court formally reverse Clerk Order Document 55, which denied Appellant's Motion to Supplement the Record (Doc. 45) and Motion for Judicial Notice (Doc. 50), both of which remain unresolved on the merits and were suppressed in violation of Appellant's due process rights;

4. That the Court initiate a judicial review of the Clerk's Office conduct, including but not limited to:
- The unauthorized consolidation and mislabeling of filings on May 1, 2025;
- The premature denial of Document 50 without permitting Appellant's reply to Document 53;
- The obstruction of Appellant's lawful attempt to supplement the record in an active appeal;

5. That this Court refer the actions of responsible Clerk personnel for formal misconduct investigation under Rule 48, the Judicial Conduct and Disability Act, and any other applicable judicial oversight authority;

6. That the Court issue an order to show cause as to why the Clerk's Office should not be sanctioned or placed under procedural oversight for interfering with Appellant's access to lawful appellate procedure and attempting to derail an active case under pending constitutional, statutory, and RICO claims;

7. That the Court provide all other relief in law or equity, including written correction of the public docket and restoration of Appellant's filings to their intended legal posture.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2025, this Motion:
APPELLANT'S EMERGENCY MOTION TO CORRECT DOCKET MISCLASSIFICATION AND RESTORE INDIVIDUAL MOTION FILINGS BURIED IN (DKT. 57)
was filed with the United States Court of Appeals for the Fifth Circuit. Pursuant to the Court's electronic case filing system (CM/ECF), service will be effectuated automatically on all registered parties.

**Dated: May 1, 2025**

**Submitted by,**

/s/ Nelson E. Willis
Pro Se Appellant
1405 County Road 208
Gainesville, Texas 76240
(972) 533-4126
nelsonwillis3@gmail.com