Case No. 24-40585

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

NELSON E. WILLIS,
Plaintiff-Appellant

v.

ADAM M. ARON,
Defendant-Appellee

On Appeal From The
UNITED STATES DISTRICT COURT
For The Eastern District Of Texas

**APPELLANT'S MOTION FOR SUMMARY JUDGMENT DUE TO SYSTEMIC OBSTRUCTION, CLERK COLLUSION, AND FRAUD ON THE COURT – DEMAND FOR FINAL RELIEF**

**TO THE HONORABLE JUDGES OF THE FIFTH CIRCUIT:**

**COMES NOW, Appellant Nelson E. Willis,** appearing pro se, and files this Motion pursuant to Federal Rules of Appellate Procedure 27 and 10(e), Federal Rule of Civil Procedure 56, the All Writs Act (28 U.S.C. § 1651), and the inherent judicial authority to preserve the integrity of the courts, respectfully demanding summary judgment, or in the alternative, panel recusal and full supervisory review by the United States Supreme Court.

This filing follows indisputable proof of structural corruption within this Circuit's internal case-handling apparatus, coordinated procedural fraud by the Appellee's counsel, and documented collusion by the Clerk's Office to suppress and misrepresent material filings.

Appellant asserts that this Court has reached a legal and ethical impasse. The record is polluted. The proceedings have been tainted. And the time for judicial evasion is over.

### I. PROCEDURAL COLLUSION AND RECORD TAMPERING

1. On May 1, 2025, Appellant filed a notarized Affidavit of Merit and Exhibit A (a verbatim transcript of a phone call with Clerk's Office staffer "Rebecca") documenting the intentional misclassification of five distinct motions as "exhibits" under Docket Entry 57.

2. This action was taken:
• Without judicial order;
• In direct contradiction of Appellant's written instructions;
• And with full knowledge that the mislabeled motions contained active legal demands.

3. No correction was made. No response was issued. The Clerk's Office instead published a fraudulent classification to the public docket, deliberately obscuring Appellant's filings from panel review.

4. The purpose was unmistakable: to protect the Appellee from judicial exposure arising from the fraudulent July 31, 2023 nonsuit, the suppression of subpoena enforcement, and the chain of misconduct that followed.

## II. EVIDENTIARY CONTRADICTIONS PROVE SELECTIVE SUPPRESSION

5. This Court denied Document 45, which contained judicial misconduct evidence (eROA.1040–1065), while simultaneously accepting Document 109—which includes nearly all the same exhibits (eROA.1102–1122, Exhibits A–H), excluding only the WFAA article and the Newberry filing.

6. This contradiction is not procedural—it is collusive. It proves that the Clerk's Office and/or judicial actors are selectively suppressing filings based not on evidentiary validity, but on their framing, their legal consequences, and their capacity to implicate judicial misconduct.

7. These contradictions are preserved in the record. They are now facts. They are not subject to discretion. And they demand an Article III response.

## III. THE NONSUIT FRAUD IS STILL UNADDRESSED

8. Appellant served valid subpoenas on July 31, 2023 at 8:30 AM via the Johnson County Sheriff's Department.

9. At 4:50 PM that same day, Appellee filed a fraudulent nonsuit in the 235th District Court to evade the scheduled August 7, 2023 enforcement hearing.

10. The U.S. District Court then relied on that nonsuit (Doc. 71, Doc. 88, Doc. 103), rendering it the foundational procedural fraud underlying this entire appeal.

11. If the July 31, 2023 nonsuit is fraudulent—and the record proves it was filed solely to avoid subpoena enforcement after service—then Appellant's underlying claims of malicious prosecution, abuse of process, and intentional infliction of emotional distress (IIED) are not only valid, but judicially and procedurally vindicated. A party who initiates process, evades discovery, and deploys procedural fraud to convert lawful civil enforcement into retaliatory suppression of rights is liable under both state tort law and federal due process doctrine. The facial fraud of the nonsuit nullifies the defense posture and warrants immediate judgment.

12. The 235th District Court of Texas, the United States District Court for the Eastern District of Texas, and the Fifth Circuit Court of Appeals have all failed to address the legality or facial defect of that nonsuit. This continued silence is now part of the obstruction.

## IV. APPELLANT HAS MET THE STANDARD FOR SUMMARY JUDGMENT

13. Federal Rule of Civil Procedure 56 permits judgment where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.

14. Appellant has submitted:

- A complete factual chronology (Doc. 48 – Exhibit F);
- Subpoena proof and court transcripts (Doc. 80, eROA.1876–1881);
- Judicial misconduct video evidence (Doc. 107-1, eROA.1901–1911);
- Structural contradictions in the record itself (Doc. 45 vs. Doc. 109).

15. The Court has failed to contest or correct any of these facts. The legal and factual default is complete.

16. Appellant therefore demands entry of summary judgment in the amount of $61.5 million, as previously sought in both:

- The 235th District Court (Case No. CV23-00179);
- And the U.S. District Court for the Eastern District of Texas (Case No. 4:23-CV-00732).

### V. IN THE ALTERNATIVE: SUPREME COURT SUPERVISION

17. If this Court declines to enter judgment, then the only remedy left is recusal of the current panel and emergency certification to the United States Supreme Court pursuant to Appellant's pending Supervisory Oversight Motion (Filing 7).

18. Appellant no longer recognizes this Court's administrative apparatus as neutral or constitutionally compliant.

19. The Fifth Circuit has been offered every opportunity to correct the record, acknowledge the fraud, and respect due process.

20. Its failure to do so leaves only two lawful options: enter judgment or recuse the panel and escalate review.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Appellant respectfully requests that this Court:

1. Enter summary judgment in favor of Appellant in the amount of $61.5 million, as previously requested in both the 235th District Court of Texas and the United States District Court for the Eastern District of Texas (Cases CV23-00179 and 4:23-CV-00732), supported by the uncontested record and undisputed procedural violations, including:
- Fraud on the court via a facially invalid nonsuit filed after subpoena service;
- Clerk-level tampering and obstruction of critical filings;
- Coordinated suppression of discovery, judicial evidence, and constitutional due process;

2. Declare the July 31, 2023 nonsuit fraudulent and void ab initio, stripping all legal authority from the dismissal orders that relied upon it, and restoring the legitimacy of the enforcement proceedings lawfully scheduled for August 7, 2023 in the 235th District Court;

3. Formally acknowledge the procedural fraud arising from the Clerk's misclassification of Docket 57 and the improper denial of Documents 45 and 50, both of which contained verified evidence and motions entitled to full judicial review;

4. Certify this summary judgment ruling to the Chief Justice of the United States for supervisory oversight under Article III, so that the ruling may establish binding precedent throughout the

Fifth Circuit and offer national safeguards for pro se litigants facing procedural suppression and internal court misconduct;

5. Apply the standard articulated in Exxon Shipping Co. v. Baker, 554 U.S. 471 (2008), and hold that the financial position of Appellee and his ability to absorb penalties without deterrence justifies the full award requested. The $61.5 million claim incorporates both compensatory and punitive damages proportionate to the economic power of Appellee and the egregious nature of his and his counsel's conduct;

6. Grant such other and further relief in law or equity as justice may require.

Dated: May 2, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2025, the foregoing "Appellant's Motion for Summary Judgment Due to Systemic Obstruction, Clerk Collusion, and Fraud on the Court – Demand for Final Relief or Panel Recusal" was filed with the United States Court of Appeals for the Fifth Circuit via CM/ECF. Pursuant to the Court's electronic filing procedures, service will be effectuated automatically on all registered parties.

**Respectfully submitted,**

/s/ Nelson E. Willis, III
Pro Se Appellant
1405 County Road 208
Gainesville, Texas 76240
(972) 533-4126
nelsonwillis3@gmail.com