**Cause No. 24-40585**

In the
# United States Court of Appeals for the Fifth Circuit

Nelson Willis,
*Plaintiff–Appellant,*

v.

Adam M. Aron,
*Defendant–Appellee.*

On Appeal from the United States District Court
for the Eastern District of Texas, Sherman Division
No. 4:23-CV-732

### BRIEF OF APPELLEE ADAM ARON

Richard A. Illmer                          HUSCH BLACKWELL LLP
Texas Bar No. 10388350                     1900 N. Pearl Street
Rick.Illmer@huschblackwell.com             Suite 1800
Meghann Reeves                             Dallas, Texas 75201
Texas Bar No. 24094499                     Tel: 214-999-6100
Meghann.Reeves@huschblackwell.com  Fax: 214-999-6170

*Counsel for Appellee Adam Aron*

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

**1. Nelson Willis**

*Plaintiff–Appellant*

Represented by:

Nelson E. Willis, III
*Pro se litigant*
1405 County Road 208
Gainesville, Texas 76240
Telephone: (972) 533-4126
Nelsonwillis3@gmail.com

**2. Adam Aron**

*Defendant–Appellee*

Represented by:

Richard A. Illmer
Texas Bar No. 10388350
Rick.Illmer@huschblackwell.com
Meghann Reeves
Texas Bar No. 24094499
Meghann.Reeves@huschblackwell.com
HUSCH BLACKWELL LLP
1900 N. Pearl Street
Suite 1800

Dallas, Texas 75201
Tel: 214-999-6100
Fax: 214-999-6170

Respectfully submitted,

*s/ Richard A. Illmer*
Richard A. Illmer

*Counsel for Adam Aron*

## STATEMENT REGARDING ORAL ARGUMENT

Defendant-Appellee, Adam Aron ("Aron") respectfully asserts that oral argument is unlikely to aid the Court in its decisional process. However, should the Court wish to hear oral argument, Aron requests the opportunity to appear.

# TABLE OF CONTENTS

Certificate of Interested Persons ............................................................ 2

Statement Regarding Oral Argument ...................................................... 4

Table of Authorities .................................................................................. 7

Jurisdictional Statement ........................................................................... 9

Issues Presented ...................................................................................... 10

Statement of the Case ............................................................................. 11

      A.    Aron files an application for a protective order against Willis in state court. ............................. 11

      B.    Willis initiates this federal lawsuit. ............................ 12

      C.    Willis' suit is dismissed with prejudice. ..................... 12

Summary of the Argument ..................................................................... 13

Argument .................................................................................................. 15

    I.    The Court reviews rulings on motions to dismiss for failure to state a claim *de novo* ........................................ 15

    II.    Willis cannot state a claim for malicious prosecution because the state court proceeding did not terminate in his favor. ...................................... 16

    III.    Willis cannot state a claim for abuse of process because Aron's filing a lawsuit cannot support such a claim. ........................................................... 19

    IV.    Willis cannot state a claim for intentional infliction of emotional distress because Aron's filing suit in state court was not extreme and outrageous conduct. ........................................... 20

    V.    Willis' Due Process arguments fail. ..................... 23

    VI.    Willis' complaint about record manipulation has no merit. ........................................................... 24

Conclusion ............................................................................................... 25

Certificate of Service .............................................................................. 26

Certificate of Compliance with Typesetting and Type–
Volume Requirements ............................................................... 26

Certificate of Compliance with ECF Standards .................................... 27

TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) .............................................................. 16

*Bell Atl. Corp v. Twombly,*
  550 U.S. 544 (2007) .............................................................. 16

*BHP Petroleum Co. v. Millard,*
  800 S.W.2d 838 (Tex. 1990) .................................................. 18

*Boyles v. Kerr,*
  855 S.W.2d 593 (Tex. 1993) .................................................. 23

*Brewerton v. Dalrymple,*
  997 S.W.2d 212 (Tex. 1999) .............................................. 21, 22

*Cooper v. Trent,*
  551 S.W.3d 325 (Tex. App.—Houston [14th Dist.] 2018, pet.
  denied) .............................................................................. 20

*Coury v. Moss,*
  529 F.3d 579 (5th Cir. 2008) ................................................ 25

*Davis v. Maggio,*
  706 F.2d 568 (5th Cir. 1983) ................................................ 25

*Davis v. West,*
  433 S.W.3d 101 (Tex. App.—Houston [1st Dist.] 2014, pet.
  denied) .............................................................................. 21

*Epps v. Fowler,*
  351 S.W.3d 862 (Tex. 2011) ........................................ 17, 18, 19

*Hodge v. Engleman,*
  90 F.4th 840 (5th Cir. 2024) ................................................ 16

*Hoffmann-La Roche Inc v. Zeltwanger,*
  144 S.W.3d 438 (Tex. 2004) ................................................ 22

*James v. Brown,*
  637 S.W.2d 914 (Tex. 1982) ................................................ 17

*Klein & Assocs. Political Relations v. Port Arthur Indep. Sch. Dist.*,
  92 S.W.3d 889 (Tex. App.—Beaumont 2002, pet. denied) .................. 23

*KT Bolt Mgf. Co. v. Tex. Elec. Coops., Inc.*,
  837 S.W.2d 273 (Tex. App.—Beaumont 1992, writ denied) ............... 18

*Masel v. Villareal*,
  924 F.3d 734 (5th Cir. 2019) ................................................................ 16

*McIntosh v. Partridge*,
  540 F.3d 315 (5th Cir. 2008) ................................................................ 25

*Miller v. Target Corp.*,
  854 Fed. App'x 567 (5th Cir. 2021) (applying Texas law) .................. 22

*RRR Farms, Ltd. v. Am. Horse Prot. Ass'n, Inc.*,
  957 S.W.2d 121 (Tex. App.—Houston [14th Dist.] 1997, no writ) ........................................................................................................ 20

*Tex. Beef Cattle Co. v. Green*,
  921 S.W.2d 203 (Tex. 1996) ................................................................. 17

*Twyman v. Twyman*,
  855 S.W.2d 619 (Tex. 1993) ................................................................. 22

*Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon*,
  195 S.W.3d 98 (Tex. 2006) ................................................................... 18

*Walker v. Beaumont Indep. Sch. Dist.*,
  938 F.3d 724 (5th Cir. 2019) ................................................................ 16

**Statutes**
28 U.S.C. § 1291 ...................................................................................... 9

28 U.S.C. § 1332 ...................................................................................... 9

**Rules**
Fed. R. App. P. 28 .................................................................................. 25

Fed. R. Civ. P. 12 ............................................................................... 9, 16

Tex. R. Civ. P. 162 ........................................................................... 17, 24

## JURISDICTIONAL STATEMENT

The district court had subject-matter jurisdiction over this dispute because the parties are citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). Plaintiff–Appellant Nelson Willis ("Willis") is a resident of Texas. ROA.15. Aron is a resident of Kansas. ROA.15. The Court has jurisdiction over this appeal because it is an appeal from a final decision of the United States District Court for the Eastern District of Texas. 28 U.S.C. § 1291.

Aron moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ROA.71. On August 6, 2024, Magistrate Judge Kimberely Priest Johnson issued her Report and Recommendation wherein she recommended that Aron's motion to dismiss be granted and Willis' claims be dismissed with prejudice. ROA.1360. On August 23, 2024, the district court entered an order adopting the Magistrate Judge's Report, a final order in favor of Aron on all Willis' claims, which were the only claims pending before the district court. ROA.1580. Willis filed his notice of appeal on September 4, 2024, and then his amended notice of appeal on September 5, 2024. ROA.1911, 2073.

## ISSUES PRESENTED

1.   Willis failed to state a claim for malicious prosecution because the prior state court proceeding was not terminated in his favor.

2.   Willis failed to state a claim for abuse of process because filing a lawsuit cannot support such a claim.

3.   Willis failed to state a claim for intentional infliction of emotional distress because filing a lawsuit is not extreme or outrageous conduct.

4.   Willis' Due Process argument is incorrect and waived; he received the process that was due and did not adequately brief the issue.

5.   Willis' record manipulation allegation fails because the documents he cites (for the first time on appeal) as the basis for this claim are not in the appellate record.

## STATEMENT OF THE CASE

### A. Aron files an application for a protective order against Willis in state court.

Aron is the Chief Executive Officer of AMC Entertainment Holdings ("AMC"). ROA.17. Willis was a shareholder of AMC. On or around March 2023, an AMC shareholder meeting was held where shareholders were set to vote on a proposed reverse stock split and merger. ROA.27. At this time, Willis alleges that he was hospitalized and attempted to cast his vote against the proposal by proxy. ROA.27. Willis alleged that he cast his votes, although he contends he did not receive the full amount of proxy votes. ROA.27. The proposal ultimately passed. ROA.27.

Thereafter, Willis began harassing Aron by sending him a barrage of emails. ROA.27–28. When Aron refused to respond to these emails, Willis' frustration grew stronger, and he continued to send angry emails to Aron. ROA.28. As a result of Willis' harassing behavior, Aron sought a protective order in the 235th Judicial District of Cooke County, Texas. Ultimately, the protective order was never entered, and Aron filed a Notice of Nonsuit before the trial court held a hearing on the motion for protective order. ROA.74–75.

**B.     Willis initiates this federal lawsuit.**

Following the protective order proceeding in state court, on August 14, 2023, Willis, proceeding *pro se*, filed a complaint (the "Complaint") against Aron. ROA.11. In it, Willis asserted causes of action against Aron for (1) malicious prosecution; (2) abuse of process; and (3) intentional infliction of emotional distress. ROA.36–38. Each of these claims arises out of the state court protective order proceedings. ROA.36–38. Instead of answering the Complaint, on November 30, 2023, Aron filed a motion to dismiss the Complaint on the grounds that it failed to state a claim upon which relief could be granted. ROA.71.

**C.     Willis' suit is dismissed with prejudice.**

On August 6, 2024, Magistrate Judge Kimberely Priest Johnson issued her Report and Recommendation wherein she recommended that Aron's motion to dismiss be granted and that Willis' claims be dismissed with prejudice. ROA.1360. On August 23, 2024, the district court entered an order adopting the Magistrate Judge's Report. ROA.1580. Willis appealed. ROA.1911, 2073.

## SUMMARY OF THE ARGUMENT

The trial court correctly granted Aron's motion to dismiss Willis' claims because Willis failed to plead facts that, if true, give rise to claims upon which relief can be granted. Willis improperly asserts that his claim for malicious prosecution survives 12(b)(6) review because Aron's voluntary nonsuit amounts to a termination of the case in his favor. However, well-settled law is clear that voluntary dismissals do not constitute an adjudication on the merits and therefore do not qualify as a "termination of the case" in Willis' favor. Willis therefore has not established the elements necessary to state a claim for malicious prosecution.

Willis' abuse of process claim fails because he contends that Aron abused the judicial process by filing a lawsuit for a protective order against Willis in state court. The abuse of process claim cannot involve anything that occurred after the issuance of a protective order because the state court never held a hearing on or issued a protective order. As such, Willis has not pleaded facts that can sustain a finding of special damages.

As to his claim for intentional infliction of emotional distress, Willis relies solely on Aron's act of filing the request for a protective order in state court. Willis' assertion that Aron acted "carelessly and negligently" by filing the lawsuit is insufficient to support a claim for intentional infliction of emotional distress. Moreover, filing a lawsuit does not amount to extreme and outrageous conduct. Willis failed to state a plausible claim for intentional infliction of emotional distress.

Willis' Due Process and alleged record manipulation arguments fail because disliking the outcome of a lawsuit is not a Due Process violation.

# ARGUMENT

## I.  The Court reviews rulings on motions to dismiss for failure to state a claim *de novo*.

Courts of appeal review the grant of a motion to dismiss *de novo*. *Masel v. Villareal*, 924 F.3d 734, 742–43 (5th Cir. 2019). Dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff fails to "plead enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007).

A complaint will not survive a motion to dismiss if it offers only speculative, conclusory, or formulaic allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-82 (2009); *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) ("Although '[courts] accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff, conclusory allegations, unwarranted factual inferences, or legal conclusions are not accepted as true.'"). "[A] complaint's allegations must make relief plausible, not merely conceivable, when taken as true." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019).

15

**II.   Willis cannot state a claim for malicious prosecution because the state court proceeding did not terminate in his favor.**

One fatal flaw in Willis' claim for malicious prosecution is that the underlying protective order proceeding did not terminate in Willis' favor. ROA.1364–1366, 1580. To prevail on a claim for malicious prosecution under Texas law, a plaintiff must establish: "(1) the institution or continuation of civil proceedings against the plaintiff; (2) by or at the insistence of the defendant; (3) malice in the commencement of the proceeding; (4) lack of probable cause for the proceeding; (5) termination of the proceeding in plaintiff's favor; and (6) special damages." *See Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 207 (Tex. 1996) (citing *James v. Brown*, 637 S.W.2d 914, 918 (Tex. 1982)).

"To satisfy the termination element, the plaintiff must show the initial civil proceeding resulted in a final judgment and that all appeals were exhausted." *Tex. Beef*, 921 S.W.2d at 208. Texas Rule of Civil Procedure 162 permits the filing of a nonsuit at any time before the plaintiff introduces all its evidence other than rebuttal evidence. TEX. R. CIV. P. 162; *Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011). "Moreover, a plaintiff's right to take a non-suit is unqualified and absolute so long as

a defendant has not made a claim for affirmative relief." *KT Bolt Mgf. Co. v. Tex. Elec. Coops., Inc.*, 837 S.W.2d 273, 275 (Tex. App.—Beaumont 1992, writ denied). A dismissal by nonsuit is in no way an adjudication of the rights of the parties; rather, it "merely places [the parties] in the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought." *KT Bolt*, 837 S.W.2d at 275 (citing *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838 (Tex. 1990)). Therefore, Aron's nonsuit without prejudice was not a "termination" of the prior proceeding in Willis' favor. *See id.*

Further, Willis' claim that Aron's nonsuit was ineffective because the state court did not sign a dismissal order contradicts both Texas law and Willis' argument that there *was* a termination in his favor. App'ant Br. at 3, 13. Under Texas law, a nonsuit extinguishes a case or controversy from the moment it is filed with the clerk of the court. *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006) ("[T]he only requirement is the mere filing of the motion with the clerk of the court.") (internal citations omitted). "[A]n order signed by the trial court is not required." *Epps v. Fowler*, 351 S.W.3d 862, 866 (Tex. 2011).

Willis' reliance on *Epps* to claim that he was the prevailing party in the state court proceeding is misplaced. *See* Appellant's Br. at 8. In *Epps*, the plaintiff nonsuited the day after responding to the defendant's motion for summary judgment. *Id.* at 864. On defendant's motion, the trial court determined that plaintiff filed the notice of nonsuit to avoid an unfavorable judgment and ordered plaintiff to pay defendant's attorney's fees pursuant to the parties' contract. *Id.* at 865. Ultimately, the Supreme Court of Texas held that "a defendant may be a prevailing party when a plaintiff nonsuits without prejudice if the trial court determines, on the defendant's motion, that the nonsuit was taken to avoid an unfavorable ruling on the merits." *Id.* at 870.

By contrast, Willis did not have a motion for affirmative relief pending when Aron nonsuited. Willis did not seek a ruling from the state court that the proceeding had terminated in his favor. ROA.1366. As such, Willis' reliance on this part of *Epps* is misplaced. The state court proceeding did not terminate in Willis' favor. This fact alone defeats his claim for malicious prosecution, and the district court correctly dismissed this claim.

18

### III. Willis cannot state a claim for abuse of process because Aron's filing a lawsuit cannot support such a claim.

In his complaint, Willis alleges that Aron's filing of a "baseless petition" seeking a protective order was done only in an attempt to silence Willis. ROA.37. Willis further states that Aron's alleged abuse of process enabled him to obtain a temporary *ex parte* protective order that lasted for approximately 46 days. ROA.37. That is incorrect because the state court never issued the protective order. ROA.1367. Thus, Willis' abuse of process claim rests solely on Aron's filing of the protective order, which is insufficient to assert a claim for abuse of process. ROA.1367.

Two of the essential elements of an abuse of process claim are: (1) the defendant made an illegal, improper, or perverted use of the process *after the process was issued* and (2) the plaintiff suffered injury as a result of the improper use of process. *Cooper v. Trent*, 551 S.W.3d 325, 333–34 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (emphasis added). "[M]erely filing suit is not sufficient to maintain an abuse of process claim . . . ." *RRR Farms, Ltd. v. Am. Horse Prot. Ass'n, Inc.*, 957 S.W.2d 121, 134 (Tex. App.—Houston [14th Dist.] 1997, no writ) (internal citations omitted).

Willis argues that Aron possessed malicious intent when he originally filed the protective order. ROA.1368. However, filing a lawsuit, regardless of the filing party's motive, cannot support an action for abuse of process. *See Davis v. West*, 433 S.W.3d 101, 110 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) ("The focus is on the use of the process once it is properly obtained, not on the motive for originally obtaining process."). As the Magistrate Judge's Report recognizes, because there was no protective order entered, there could never have been any abuse of process post-issuance. ROA. 1368. Therefore, the trial court properly dismissed Willis' abuse of process claim.

## IV. Willis cannot state a claim for intentional infliction of emotional distress because Aron's filing suit in state court was not extreme and outrageous conduct.

Willis cannot state a claim for intentional infliction of emotional distress because Aron's filing a lawsuit in state court was not extreme and outrageous conduct. "The elements of intentional infliction of emotional distress are: (1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the emotional distress that the plaintiff suffered was severe." *Brewerton v.*

20

*Dalrymple*, 997 S.W.2d 212, 215 (Tex. 1999) (citation omitted); *Miller v. Target Corp.*, 854 Fed. App'x 567, 568–69 (5th Cir. 2021) (applying Texas law). Intentional infliction of emotional distress is a "gap filler" tort that was "judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Miller*, 854 Fed. App'x at 569.

An action that is intentional, malicious, or even criminal does not, standing alone, mean that it is extreme or outrageous for purposes of intentional infliction of emotional distress. *Brewerton v. Dalrymple,* 997 S.W.2d at 215–16. To show extreme and outrageous conduct, a plaintiff must show that the conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Hoffmann-La Roche Inc v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004) (citing *Twyman v. Twyman,* 855 S.W.2d 619, 621 (Tex. 1993)).

Here, Willis alleges that Aron's conduct in "making a baseless application [for a protective order]" was "careless and negligent" and caused Willis severe distress. ROA.38. As a result, Willis claims he was

21

"injured and harmed" without providing further detail. ROA.38. Willis therefore alleges that Aron acted negligently, rather than "intentionally or recklessly." ROA.38. As the district court recognized, this could only rise to the level of a cause of action for negligent infliction of emotional distress, which is not a cause of action under Texas law. *Boyles v. Kerr*, 855 S.W.2d 593, 594 (Tex. 1993) ("[T]here is no general duty in Texas not to negligently inflict emotional distress.").

Willis' claim rests solely on Aron's filing of the protective order. ROA.38. However, the filing of a lawsuit, regardless of whether or not the lawsuit has merit, cannot qualify as extreme and outrageous conduct that supports a claim for intentional infliction of emotional distress. *Klein & Assocs. Political Relations v. Port Arthur Indep. Sch. Dist.*, 92 S.W.3d 889, 898 (Tex. App.—Beaumont 2002, pet. denied) (holding that, as a matter of law, the school district's filing meritless suit did not constitute extreme and outrageous conduct sufficient to support a cause of action for intentional infliction of emotional distress). As such, the district court

did not err in dismissing Willis' claim for intentional infliction of emotional distress.

## V.    Willis' Due Process arguments fail.

Willis makes two Due Process arguments. First, he claims that district court violated his due process when it "accept[ed] false representations from [Aron's] counsel regarding the status of the nonsuit, without independently reviewing the [state court's] docket. Second, he asks this Court to determine whether the district court violated his due process when it adopted the Magistrate's Report without addressing his objections. Appellant's Br. at 3–4.  Both arguments fail.

Willis admits that Aron filed a Notice of Nonsuit Without Prejudice in the state court pursuant to Rule 162 of the Texas Rules of Civil Procedure. ROA.32 §125. A certified copy of the state court's docket sheet was before the district court. ROA.81–82. The Magistrate Judge took judicial notice of that docket sheet. ROA.1366. Willis objected to the Magistrate Judge's treatment of Aron's Notice of Nonsuit. ROA.1465 ¶7. The district court then "conducted a *de novo* review of the Objections (Dkt. #94) and [was] of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Objections (Dkt. #94) are

without merit as to the ultimate findings of the Magistrate Judge." ROA.1580. The district court then expressly overruled Willis' objections. ROA.1580.

Willis has not identified what process was due that he did not receive. If Willis' Due Process rights had been violated—and they have not been—he has not adequately briefed the issue, so it is waived. Parties must "press" their claims. *Davis v. Maggio*, 706 F.2d 568, 571 (5th Cir. 1983). It is not enough merely to mention or allude to a legal theory. *McIntosh v. Partridge*, 540 F.3d 315, 325 (5th Cir. 2008). To present an argument on appeal, a party must identify their contentions, the reasons for them, and the relevant legal standards. Fed. R. App. P. 28(a)(9); *Coury v. Moss*, 529 F.3d 579, 587 (5th Cir. 2008). The Court should reject Willis' Due Process argument.

## VI. Willis' complaint about record manipulation has no merit.

Willis claims that Aron attempted to manipulate the record unlawfully by filing documents in the district court after Willis filed his Notice of Appeal. App'ant Br. at 4. This complaint points to Documents 112–117. *Id.* Those documents are not part of the record on appeal.

ROA.10. Thus, they cannot possibly have manipulated the appellate record. Willis' complaint should be rejected.

## CONCLUSION

For the reasons articulated herein and in Aron's Motion to Dismiss, Aron respectfully prays that the Court affirm the district court's judgment, and award Aron all other and further relief to which he is justly entitled.

Respectfully submitted,

*s/ Richard A. Illmer*
Richard A. Illmer
Texas Bar No. 10388350
Rick.Illmer@huschblackwell.com
Meghann Reeves
Texas Bar No. 24094499
Meghann.Reeves@huschblackwell.com
HUSCH BLACKWELL LLP
1900 N. Pearl Street
Suite 1800
Dallas, Texas 75201
Tel: 214-999-6100
Fax: 214-999-6170

## CERTIFICATE OF SERVICE

I certify that, on May 7, 2025, an electronic copy of this Brief was served on the party listed below via the CM/ECF system of the United States Court of Appeals for the Fifth Circuit.

Nelson E. Willis, III
*Pro se*
1405 County Road 208
Gainesville, Texas 76240
Tel: 972-533-4126

*s/ Richard A. Illmer*
Richard A. Illmer

## CERTIFICATE OF COMPLIANCE WITH TYPESETTING AND TYPE–VOLUME REQUIREMENTS

1.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Century Schoolbook font.

2.  This document complies with the type–volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 3,026 words.

*s/ Richard A. Illmer*
Richard A. Illmer

## CERTIFICATE OF COMPLIANCE WITH ECF STANDARDS

I certify that, on May 7, 2025, this Brief was transmitted to the United States Court of Appeals for the Fifth Circuit through the Court's CM/ECF document-filing system. I further certify that (1) the required privacy redactions have been made in accordance with 5TH CIR. R. 25.2.13, (2) the electronic submission is an exact copy of the paper document in accordance with 5TH CIR. R. 25.2.1, and (3) the document has been scanned with the most recent version of a commercial virus scanning program and is free of viruses.

*s/ Richard A. Illmer*
Richard A. Illmer