No. 24-40585

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**NELSON E. WILLIS,**
Plaintiff–Appellant,

v.

**ADAM M. ARON,**
Defendant–Appellee

On Appeal From The
UNITED STATES DISTRICT COURT
For the Eastern District Of Texas

## APPELLANT'S OBJECTION TO APPELLEE'S BRIEF (DOC. 76)

**TO THE HONORABLE JUDGES OF THE FIFTH CIRCUIT COURT OF APPEALS:**

Appellant submits this brief reply to Appellee's filing at Document 76, not out of necessity, but to preserve the record and highlight Appellee's failure to contest the material facts, timeline, and controlling legal principles that govern this appeal. This filing is made in full support of Appellant's Opening Brief (Doc. 43) and pending Motion for Summary Judgment (Doc. 68).

### I. THE NONSUIT WAS FILED AFTER EVIDENCE HAD BEEN SUBMITTED AND COURT PROCEEDINGS BEGUN

Appellee refuses to acknowledge the obvious: if a voluntary nonsuit were truly intended in good faith, it would have been filed well before July 31—before subpoenas issued, before hearings began, and before judicial resources were formally engaged. Waiting until after those procedural milestones had passed betrays motive: not resolution, but evasion.

Appellee not only consented to the August 7, 2023 hearing date—he insisted on it. That procedural posture is documented in the transcript and docket sheet submitted with Appellant's Brief.

Appellant is not a stalker; he is a shareholder. Appellee did not just run from this litigation—he ran from accountability. A CEO who misleads shareholders while siphoning $23 billion is not a fiduciary. He is, by definition, a thief.

The underlying case in the 235th District Court, No. 23-CV-00179, had progressed beyond the point at which a nonsuit could be lawfully filed under Texas Rule of Civil Procedure 162. Appellee had already submitted all evidence, including supplemental material, and a hearing had already commenced with the court in session. Although Defendant Adam Aron failed to appear personally, his attorney Meghann Reeves was present and prepared to proceed, relying on an affidavit to seek a protective order.

When asked by the Court whether Mr. Aron was present, Ms. Reeves falsely answered, "Yes, he's right here," despite the man's obvious absence from the courtroom. That misrepresentation wasn't harmless—it was the opening move in a strategy of procedural misdirection. Her goal was to simulate compliance while shielding the witness from confrontation, cross-examination, and public record.

But the record is clear. By that point, the legal clock had already started ticking, and the right to nonsuit had already expired.

Subpoenas had been served on AMC headquarters on July 31, 2023, at 8:00 AM, targeting specific internal email records and executive testimony. That same afternoon, Appellee filed a notice of nonsuit at 4:50 PM—also on July 31, 2023—seven days before the second scheduled hearing date of August 7, 2023.

The sequence is telling: with discovery expanding and judicial scrutiny deepening, Appellee sought refuge in a procedural device no longer available under Texas law.

The trial court permitted this maneuver—an error of law. The right to nonsuit under TRCP 162 ceases once the plaintiff has introduced all evidence other than rebuttal. In this case, both parties had submitted evidence, and proceedings had formally begun.

Appellee's brief avoids this reality entirely. The omission is not strategic—it is fatal. His silence on this dispositive point concedes its truth and confirms that the nonsuit was not used to end litigation in good faith, but to evade discovery and suppress misconduct.

This was not merely a procedural error. The nonsuit was illegal under the color of law—a misuse of judicial process to suppress evidence, evade accountability, and obstruct due process.

Appellant has made the issue unmistakably clear from the outset: the nonsuit was filed after evidence was submitted, after proceedings began, and after subpoenas issued. Under Texas Rule of Civil Procedure 162, that sequence is dispositive. Appellee's brief offers no rebuttal, no counter-evidence, and no legal justification—because none exists. This is precisely why Appellant moved for summary judgment: the material facts are uncontested, the governing law is settled, and Appellee's silence under FRCP 56 is a waiver. Whether framed as evasion, avoidance, or neglect, Appellee's failure to engage the record leaves the Court with one choice: apply the law or abandon it.

**The NONSUIT is ILLEGAL under the COLOR of LAW.**

**APPELLANT IS DISGUSTED HAVING TO REPEAT HIMSELF AFTER 2300+ PAGES IN THE LOWER COURT AND BEING ABUSED BY OUR JUDICIAL SYSTEM.**

## II. APPELLEE FAILS TO RESPOND TO SUMMARY JUDGMENT MOTION (DOC. 68)

Appellant filed a comprehensive Motion for Summary Judgment supported by sworn affidavit, certified transcript, and a documented procedural history of sabotage and fraud (Doc. 68). Appellee offers no response or rebuttal to that filing. This silence is not strategy—it is surrender. The absence of any counter-affidavit or record-based defense waives opposition under Rule 56.

## III. FAILURE TO ENGAGE THE RECORD; VIOLATION OF NOTICE

**Clarifying the Record: The Issue Was Pleaded.**

**Appellee Ignored It.**

Appellee suggests that Appellant failed to properly plead the issue—but this is a misrepresentation. Appellant's core argument has remained consistent: the nonsuit was procedurally barred because it followed the issuance of subpoenas and the commencement of court proceedings. That argument is clearly stated in the Opening Brief, repeated in summary judgment filings, and now again in this reply. The issue was pleaded. It was timely raised. It was supported by the record. Appellee simply chose not to answer it. That is not a pleading failure—it is a deliberate evasion and legal waiver.

On May 7, 2025, prior to the filing of Appellee's Brief, Appellant submitted a Motion to Compel Judicial Notice of Fraud on the Court (at this print it has not been docketed) served directly on Appellee's counsel.

That motion warned that any subsequent filing distorting the record or evading the core legal issues would constitute further fraud.

Appellee ignored this warning. His brief was filed afterward and fits the precise conduct warned against—factual evasion and record avoidance.

Appellee is not wrong in stating that a voluntary nonsuit, standing alone, is not always a judgment in the defendant's favor. That's black letter law. And if that were all that happened here—if no subpoenas had issued, if no hearing had begun, if no Sixth Amendment violation had been attempted in open court—his argument would be strong. But it's what Appellee omits that decides this case: proceedings had begun, evidence had been introduced, and the courtroom was live. The right to nonsuit had already expired. That's not legal nuance—it's procedural finality. Appellee's brief depends on avoiding that threshold fact. He's not pleading law; he's fleeing it.

(If the Court cannot locate that filing in the docket, that absence is itself part of the pattern Appellant has documented throughout this appeal.)

### IV. APPELLEE'S REPLY BRIEF: POINT-BY-POINT EVASION ANALYSIS

1. **Refusal to Engage the Central Timeline**

Appellee fails entirely to confront the undisputed timeline:
- Subpoenas were served July 31, 2023, at 8:00 a.m.
- Notice of nonsuit was filed the same day at 4:50 p.m.

This sequence is legally fatal under Texas Rule of Civil Procedure 162, which prohibits nonsuit after a plaintiff has introduced evidence other than rebuttal. Appellee ignores this statutory trigger—because it is dispositive.

2. **Mischaracterization of Appellant's Brief**

Instead of responding to the actual argument, Appellee characterizes the Brief as vague, sprawling, or procedurally defective. This rhetorical sleight of hand is used to mask the fact that Appellant stated a single clear argument: the nonsuit was invalid because it followed subpoenas and a live hearing.

3. **Silence on Haverkamp's Courtroom Conduct**

Appellee sidesteps entirely the issue of Judge Haverkamp's procedural errors, including allowing a protective order motion to proceed without a testifying witness and without allowing rebuttal or cross-examination. No defense is offered—only silence.

4. **Evasion of FRAP 10(e) Issues**

Appellant's attempts to supplement the record under FRAP 10(e), including requests to correct misclassified filings (Doc. 45, 50, and 57 series), are met with no substantive response. Instead,

Appellee's brief attempts to reframe those motions as irrelevant, avoiding any discussion of mislabeling or suppression by the Clerk.

### 5. No Response to Summary Judgment (Doc. 68)

Appellee's reply does not even acknowledge—much less rebut—the Summary Judgment motion supported by sworn affidavit and certified transcript. Under FRCP 56, this silence is a waiver. Appellee had full knowledge of the motion and chose not to respond.

### 6. Strategic Use of Tone Over Substance

Throughout the brief, Appellee relies on tone—minimizing Appellant as pro se, framing filings as non-serious—rather than engaging on the legal merits. This is not a defense; it is obfuscation.

Appellee's brief does not contest the one fact that governs this appeal: the nonsuit was filed after subpoenas issued and after proceedings had begun. That silence resolves the appeal.

## V. CONCLUSION

Appellant commends the visual polish and formatting precision of Appellee's brief. It is, without question, an attractive document. Unfortunately for Appellee, appellate decisions are not beauty contests. This Court rules on law and fact—not formatting.

Appellant may be pro se, but the legal principle at the heart of this appeal is clear, unrebutted, and fatal to Appellee's position. Subpoenas were served. A nonsuit followed. That sequence is legally impermissible. No amount of formatting can make it otherwise.

Appellee's brief is procedurally deficient, substantively evasive, and strategically silent on every issue that matters. The Fifth Circuit has long held that failure to address controlling legal or factual grounds results in waiver.

Appellant respectfully asserts that the appellate record is now unrebutted and that judgment is proper as a matter of law.

The Fifth Circuit now has to answer one question: Will they let a party escape subpoenas by filing a nonsuit after evidence is in and the courtroom doors are open?

...Or are we going to rewrite the rule book right here and now.

Accordingly, Appellant requests that this Court:

1. Grant the pending Motion for Summary Judgment (Doc. 68);
2. Disregard or strike Appellee's Brief as insufficient under controlling standards;
3. And enter judgment in Appellant's favor on all properly pleaded claims.

Throughout this litigation, Appellee has treated Appellant's presence, pleadings, and filings as if they were invisible—not because the arguments lack merit, but because acknowledging them would concede the case

Respectfully submitted,

/s/ Nelson E. Willis
Appellant, Pro Se
1405 County Rd. 208
Gainesville, TX 76240
nelsonwillis3@gmail.com
(972)-533-4126

CERTIFICATE OF SERVICE

I certify that on this May 8, 2025, a true and correct copy of the foregoing was served via CM/ECF and/or U.S. Mail upon counsel of record for Appellee.
/s/ Nelson E. Willis
Appellant, Pro Se


Nelson E. Willis, III
1405 County Road 208
Gainesville, Texas 76240
972-533-4126
nelsonwillis3@gmail.com