No. 24-40585
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

**NELSON E. WILLIS,**
Plaintiff–Appellant,

v.

**ADAM M. ARON,**
Defendant–Appellee.

On Appeal From The
UNITED STATES DISTRICT COURT
For The Eastern District of Texas
Case No 04:23-CV-00732

**MOTION FOR LEAVE TO REQUEST AN ADDITIONAL 30-DAY EXTENSION OF TIME TO FILE PETITION FOR REHEARING**
Filed Pursuant to FRAP 26(b), FRAP 2, and Fifth Circuit Rule 27

**STATEMENT OF CONFERENCE**

Pursuant to Fifth Circuit Rule 27.4, Appellant states that he will rely on the Clerk's Office, through Deputy Clerk Rebecca, to contact Appellee Adam Aron's counsel for their position on this motion. This reflects the practice previously used in this case, where the Clerk's Office—not the Appellant—has initiated that contact. Given Appellee's prior opposition to similar relief, Appellant believes the motion will be opposed.

/s/ Nelson E. Willis

1

TO THE HONORABLE CHIEF JUDGE AND CIRCUIT JUDGES OF THIS COURT:

Appellant Nelson E. Willis respectfully moves for leave to extend by thirty (30) days the current deadline to file his Petition for Panel Rehearing. In support, Appellant states as follows:

## I. Procedural Background

1. On August 12, 2025, this Court entered two separate unpublished orders:

• Doc. 176-2: Denying Appellant's Opposed Motion to Compel Judicial Review.

• Doc. 177-2: Denying Appellant's Motion for Reconsideration of the Clerk's denial of leave to exceed the word limit, while granting 30 days from the date of that denial to file a word-limited Petition for Rehearing.

2. The August 12 orders were unexpected. Appellant had a reasonable, good-faith belief that Doc. 155 (Motion for Reconsideration of the July 18 denial) would be granted on its evidentiary merits.

3. Doc. 155 contains certified, unrebutted eROA evidence — including internal emails, sworn filings, and documentary proof of:

• Two subpoenas issued and served on July 26, 2023, and the defendant's July 31, 2023 nonsuit filed to avoid testimony and discovery in the 235th District Court.

• Proceedings in the 235th District Court on the first day of hearings, including the defendant's absence and attempt to proceed by affidavit.

• The lower court's allowance of a fraudulent nonsuit to evade adjudication, contrary to TRCP 162.

• Extensive, unrebutted evidence of securities fraud involving Citigroup, Antara Capital, and AMC Entertainment Holdings, Inc., embedded throughout Doc. 155.

## II. Good Cause for Extension

4. The August 12 denials preserve and perpetuate a record in which neither the district court nor this Court has addressed the above subpoenas, nonsuit, or hearing records. This omission is not a matter of disagreement on legal theory — it is the complete factual erasure of critical, certified events in the case history.

5. Additionally, the August 11, 2025 Corrected, Opposed Motion to Compel Judicial Review and Correct the Official Docket Entry for Doc. 142 (Doc. 178) — filed late Monday but not docketed until Wednesday — underscores the procedural delay Appellant must account for in preparing the Petition. The August 12 orders were issued before Doc. 178 was docketed, further complicating the drafting process.

6. Because the Court denied Doc. 155 on procedural grounds without reaching these facts, Appellant must now restructure the Petition for Rehearing to:

• Fit within the reduced word limit;

• Incorporate and frame these omitted facts so they are preserved for Supreme Court review;

• Address both the August 12 orders and the handling of Doc. 178.

7. Appellant has also experienced recent health issues (irregular heart rhythm, dizziness), making the additional time necessary to complete a thorough, accurate filing.

### III. No Prejudice

8. This extension will not prejudice Appellee, who has defaulted on multiple filings and has never rebutted the certified evidence in question.

9. The extension is sought in good faith to ensure the Petition for Rehearing squarely addresses both the procedural posture and the evidentiary suppression reflected in the August 12 orders and the docket handling of Doc. 178.

### IV. Relief Requested

Appellant respectfully requests that the Court grant leave to extend the current filing deadline for the Petition for Rehearing by thirty (30) days, from August 18, to September 17, 2025.

## CERTIFICATE OF SERVICE

I certify that on this 15th day of August, 2025, I caused the foregoing Motion for Leave to Request an Additional 30-Day Extension of Time to File Petition for Rehearing, to be served via the Court's CM/ECF electronic filing system, which will send notice to all registered counsel of record.

Executed this 15th day of August, 2025.

Respectfully submitted,

/s/ Nelson E. Willis

Appellant, Pro Se

1405 County Road 208

Gainesville, TX 76240

(972) 533-4126