No. 24-40585

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**NELSON E. WILLIS,**
Plaintiff–Appellant,

v.

**ADAM M. ARON,**
Defendant–Appellee.

On Appeal From The
UNITED STATES DISTRICT COURT
For The Eastern District of Texas
Case No 04:23-CV-00732

**APPELLANT'S MOTION TO VACATE AUGUST 12, 2025 ORDERS (DOCS. 176-2 AND 177-2) AS PREMATURE AND PROCEDURALLY DEFECTIVE, AND TO REQUIRE JUDICIAL REVIEW OF CORRECTED MOTION**
Filed Pursuant to FRAP 27, FRAP 2, and Rule 40(d)(1)

Appellant Nelson E. Willis, appearing pro se, respectfully moves this Court to vacate its August 12, 2025 denials entered as Docket Nos. 176-2 and 177-2, on the ground that both orders were entered before the Court had before it the Appellant's corrected and operative filing. Because the corrected motion was docketed after those denials but bore a court stamp dated August 11, 2025,

1

the August 12 orders are procedurally defective, issued without the complete record, and violate the fundamental requirement of judicial review on the actual operative filing.

## I. PROCEDURAL POSTURE

1. On August 11, 2025, Appellant submitted a corrected motion intended to replace the earlier defective version.

2. The Clerk's Office accepted the corrected filing and placed the official date stamp of August 11, 2025 on the document, confirming its timely receipt.

3. Despite the corrected filing being in the Court's possession, the panel issued two orders on August 12, 2025 (Docs. 176-2 and 177-2) denying the underlying relief — without reviewing or even acknowledging the corrected motion.

4. The corrected motion was formally docketed only after the August 12 orders issued.

5. As a result, the Court's August 12 denials rest upon an incomplete and inaccurate procedural record.

## II. LEGAL STANDARD

6. FRAP 27(b) requires that a motion be determined on the papers submitted, and FRAP 27(a)(3) entitles the moving party to have the Court consider the motion as filed.

7. Rule 40(d)(1) mandates that a clerk receiving a filing under Rule 40 transmit it to the judges for determination; the clerk's role is ministerial, not discretionary.

8. FRAP 2 empowers the Court to suspend any provision of the rules to expedite decision or for good cause — including to cure procedural defects and ensure fairness.

9. Due process requires that a litigant's operative filing be reviewed before judgment or order is entered. See Armstrong v. Manzo, 380 U.S. 545, 552 (1965) ("A fundamental

2

requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.").

10. Orders issued without review of the operative filing are premature and voidable. See United States v. Robinson, 361 U.S. 220, 229 (1960) (procedural rights must be preserved to safeguard appellate review).

## III. ARGUMENT

A. The August 12 Orders Were Issued Without Considering the Operative Filing.

11. The Court's August 12 denials (Docs. 176-2 and 177-2) were entered before the corrected motion — stamped August 11 — was placed on the docket for judicial review.

12. A filing date stamp creates a presumption of timely submission. See, e.g., Houston v. Lack, 487 U.S. 266, 270 (1988). The Court had constructive possession of the corrected motion before issuing the August 12 orders.

13. By proceeding to judgment without the operative filing, the Court acted on an incomplete record, undermining the integrity of the appellate process.

B. Premature Orders Are Procedurally Defective and Must Be Vacated.

14. An order entered before the Court has reviewed the actual motion intended for decision is procedurally defective. Cf. Castro v. United States, 540 U.S. 375, 383 (2003) (court must provide litigant a fair opportunity to present arguments before ruling).

15. Here, the premature denials effectively deprived Appellant of any meaningful consideration of his corrected filing — an error that FRAP 2 and Rule 40(d)(1) empower this Court to correct.

C. Judicial Review of the Corrected Motion Is Mandatory.

16. Once filed, a corrected motion replaces the earlier version. The panel's failure to review the corrected filing is incompatible with the requirement of substantive judicial review under FRAP 27 and Rule 40(d)(1).

17. The corrected filing addresses substantive and procedural defects present in the earlier version; ignoring it not only prejudices the Appellant, but also risks a defective record for any potential Supreme Court review.

## IV. RELIEF REQUESTED

For the reasons stated above, Appellant respectfully requests that this Court:

1. Vacate the August 12, 2025 orders at Docket Nos. 176-2 and 177-2 as premature and procedurally defective;

2. Restore the underlying motions to the active docket;

3. Direct that the corrected motion (stamped August 11, 2025) be deemed the operative filing for purposes of judicial review; and

4. Grant such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Nelson E. Willis

Nelson E. Willis

1405 County Road 208

Gainesville, TX 76240

(972) 533-4126

Appellant, Pro Se

Dated: August 15, 2025

## CERTIFICATE OF SERVICE

I certify that on this 15th day of August, 2025, I caused the foregoing Motion to Vacate August 12, 2025 Orders (Docs. 176-2 and 177-2) as Premature and Procedurally Defective, and to Require Judicial Review of Corrected Motion, to be served via the Court's CM/ECF electronic filing system, which will send notice to all registered counsel of record.

Executed this 15th day of August, 2025.

Respectfully submitted,

/s/ Nelson E. Willis
Appellant, Pro Se