No. 24-40585

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**NELSON E. WILLIS,**
Plaintiff–Appellant,

v.

**ADAM M. ARON,**
Defendant–Appellee

On Appeal From The
UNITED STATES DISTRICT COURT
For The Eastern District Of Texas
Case No. 04:23-CV-00732

## MOTION FOR ENTRY OF FINAL JUDGMENT
## AFTER DOUBLE DEFAULT ON BOTH DOCS. 178 and 204.

Filed pursuant to FRAP 2, 27, 40(d)(1), Fifth Circuit Rule 27.1, Rule 56(e)(3) principles (by analogy), and this Court's inherent authority to enforce defaults and protect judicial integrity.

## STATEMENT OF CONFERENCE

Pursuant to 5th Cir. R. 27.4, Appellant states that he has not conferred with counsel for Appellee regarding this motion. Because no conference occurred, Appellant cannot state Appellee's position. Based on Appellee's prior filings and litigation posture, Appellant believes the motion would be opposed and therefore submits it as opposed.

## I. INTRODUCTION

This motion seeks final judgment because Appellee has twice defaulted on dispositive filings—Document 178 and Document 204—both supported by certified, unrebutted evidence of securities fraud, vote manipulation, and abuse of TRCP 162.

On August 11, 2025, Appellant filed Document 178. The Clerk issued a Notice of Docket Activity setting August 21, 2025 as the response deadline. No opposition was filed.

On August 22, 2025, Appellant filed Document 204. The Clerk issued a second Notice of Docket Activity setting September 2, 2025 as the response deadline. Again, no opposition was filed.

Under FRAP 27(a)(3)(A) and Fifth Circuit Rule 27.1.3, these deadlines carried the force of Court orders. Two consecutive defaults are not strategy—they are procedural forfeiture. By operation of law, the facts in Docs. 178 and 204 are now admitted.

The panel cannot rely on silence to excuse fraud. This Court's own rules, combined with the doctrine of waiver and forfeiture, require judgment. Final disposition in favor of Appellant is the only lawful outcome.

## II. PROCEDURAL BACKGROUND

**1. On August 11, 2025, Appellant filed Document 178, supported by certified internal emails and exhibits evidencing securities fraud and corporate collusion involving AMC, Citigroup, Antara Capital, D.F. King, and B. Riley.**

**2. Pursuant to FRAP 27(a)(3)(A), the Clerk issued a Notice of Docket Activity setting August 21, 2025 as the opposition deadline. No extension was sought. No opposition was filed. This was a Court order to respond, ignored.**

**3. On August 22, 2025, Appellant filed Document 204 ("Opposed Motion to Vacate Opinion and Judgment, Deem Facts in Doc. 178 Admitted, and Enter Final Judgment").**

**4. The Clerk issued a second Notice of Docket Activity, fixing September 2, 2025 as the opposition deadline. Again, no extension was sought. No opposition was filed. A second Court order to respond was ignored.**

**5. In Document 95, Appellee stated no further responses would be filed unless specifically requested by the Court. No such request was made. Appellee has therefore stood on deliberate default.**

## III. ARGUMENT

**A. The Clerk's 10-day opposition deadlines are binding Court orders.**

**• FRAP 27(a)(3)(A): a response to a motion must be filed within 10 days after service unless the Court sets a different time.**

- **5th Cir. R. 27.1.3:** directs the Clerk to issue notices fixing the time for responses.

- **By rule, when the Clerk issues a deadline notice, it carries the authority of the Court.**

**Thus, the August 21 and September 2 deadlines were not casual reminders; they were orders of this Court. Appellee's refusal to comply is procedural default, just as if a judge's signed order had been ignored.**

### B. Two consecutive defaults on dispositive motions equal forfeiture.

This Court has long held that failure to respond to an argument or motion waives opposition. See Brinkmann v. Dallas Cty., 813 F.2d 744 (5th Cir. 1987). Here, Appellee defaulted twice in succession, on motions supported by certified record evidence. The doctrine of waiver and forfeiture leaves no discretion: unrebutted evidence is binding.

### C. Rule 56(e)(3) principles confirm unrebutted facts are deemed admitted.

Federal Rule of Civil Procedure 56(e)(3) authorizes courts to treat supported, unrebutted factual showings as established. By analogy, appellate courts enforce the same principle through waiver. Docs. 178 and 204 presented supported, certified evidence. With no opposition, those facts are admitted as a matter of law.

### D. The panel opinion (Doc. 131-1) never issued a mandate and must be vacated.

The June 24, 2025 panel opinion (Doc. 131-1) has no mandate under FRAP 41(b). It therefore lacks finality and cannot stand against the unrebutted record now before the Court. Vacatur is required to prevent reliance on a voidable, overtaken opinion.

### E. The unrebutted record establishes fraud requiring judgment.

### Certified exhibits and sworn submissions prove:

- **Subpoenas were issued and served on July 31, 2023, before Appellee's nonsuit.**

- **A first-day hearing occurred July 21, 2023.**

- **TRCP 162 does not erase subpoenas or discovery obligations.**

- **Appellee's silence across multiple filings is procedural surrender.**

This Court has inherent authority to act when fraud subverts its process. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). Here, the fraud is not speculative—it is admitted by default. Judgment must be entered.

### F. Relief should include interest and record correction.

**1. Pre-Judgment Interest: Equitable award from June 24, 2025 (Doc. 131 opinion date) through judgment, at the IRS underpayment rate (26 U.S.C. § 6621) or, alternatively, under § 1961.**

**2. Post-Judgment Interest: Mandatory under 28 U.S.C. § 1961, computed daily and compounded annually until paid.**

**3. Record Correction: Vacatur of Doc. 131-1 with docket entry marked "VACATED / NO MANDATE ISSUED."**

### IV. RELIEF REQUESTED

**Appellant respectfully prays that this Court:**

**1. Recognize and enforce Appellee's double default on Documents 178 and 204, consistent with FRAP 27(a)(3)(A), Fifth Circuit Rule 27.1.3, and this Court's established waiver/forfeiture doctrine;**

**2. Vacate the panel opinion and judgment (Doc. 131-1) and direct the Clerk to note explicitly that no mandate has issued under FRAP 41(b);**

**3. Enter final judgment in favor of Appellant in the amount of $51.5 million, consistent with unrebutted, certified evidence in the record;**

**4. Award pre-judgment interest from June 24, 2025 (the date of Doc. 131-1) through entry of judgment, and post-judgment interest thereafter under 28 U.S.C. § 1961;**

**5. Direct the Clerk to correct the docket by marking Doc. 131-1 "VACATED / NO MANDATE ISSUED" and by reflecting the defaults on Docs. 178 and 204;**

**6. Grant such other and further relief as may be just and necessary to restore the integrity of this Court's process.**

## V. CONCLUSION

Twice in succession, this Court ordered Appellee to respond to dispositive motions. Twice, Appellee refused. Under FRAP 27, Fifth Circuit Rule 27.1, and this Court's own waiver/forfeiture doctrine, those defaults admit the facts.

The record is unrebutted and dispositive. To ignore two consecutive defaults would not only reward procedural gamesmanship—it would contradict this Court's own rules and constitute abandonment of judicial duty.

This Court should enforce its orders, vacate the panel opinion, and enter judgment for Appellant now.

**Respectfully submitted,**

**/s/ Nelson E. Willis**
**Pro Se Appellant**
**1405 County Road 208**
**Gainesville, TX 76240**
**(972) 533-4126**
**nelsonwillis3@gmail.com**
**Date: September 4, 2025**

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains approximately 1,178 words, excluding the parts exempted by Fed. R. App. P. 32(f).

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

**/s/ Nelson E. Willis**
**Pro Se Appellant**

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2025, I served the foregoing via the Court's CM/ECF system, which will send notice to all registered counsel of record.

**/s/ Nelson E. Willis**
**Pro Se Appellant**