No. 24-40585

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

NELSON E. WILLIS,
Plaintiff–Appellant,

v.

ADAM M. ARON,
Defendant–Appellee.

On Appeal from the United States District Court
for the Eastern District of Texas, Sherman Division
(USDC No. 4:23-CV-732)

## APPELLANT'S MOTION TO STRIKE DEFENDANT'S DOCUMENT 232 AND DEMAND FINAL JUDGEMENT IN APPELLANT'S FAVOR IMMEDIATELY

Filed pursuant to FRAP 2 & 27; 5th Cir. R. 27.1.3 & 27.4; and the Court's inherent authority (Chambers v. NASCO, Inc., 501 U.S. 32 (1991)).

## STATEMENT OF CONFERENCE

Pursuant to 5th Cir. R. 27.4, Appellant states that this motion is presumed opposed.

## DECLARATION OF DEFAULT VIA DOCUMENT 232

The Court's docket set September 15, 2025 as the opposition deadline to Appellant's Motion for Final Judgment (Doc. 223) under FRAP 27(a)(3)(A) and 5th Cir. R. 27.1.3. That deadline passed without any merits opposition. Appellee's last-minute filing (Doc. 232) does not address the defaults, does not rebut a single item of certified evidence, and offers only conclusory labels and a plea for "sound discretion." Under the Rules, that is waiver, not opposition. The default on Doc. 223 stands and the motion may be granted for that reason alone.

Appellant cannot fathom how, staring directly at certified internal communications evidencing securities fraud, vote manipulation of the March 14, 2023 illegal 10:1 Reverse Stock Split, Appellee's counsel dares to label a filing "frivolous." The certified emails include Defendant AMC's CEO Adam Aron himself, along with Citigroup, Antara Capital, B. Riley, and D.F. King. These communications are direct evidence of "Project Popcorn," vote manipulation, and dilution. Yet Appellee has defaulted seven times on dispositive motions, leaving every evidentiary submission unrebutted. To dismiss these emails as "frivolous" is not opposition; it is evasion and contempt for the record and this Court's rules.

**GROUNDS TO STRIKE**

**1. Non-Responsive to the Merits / Waiver (FRAP 27(a)(3)(A); 5th Cir. R. 27.1.3).**
Doc. 232 never joins issue on the merits of Appellant's motion. It supplies no reasoned response to the operative grounds (defaults and unrebutted evidence). A paper that ignores the merits is no opposition under the Rules; silence on the merits is waiver.

**2. Mischaracterization to Evade the Record.**
Doc. 232 styles itself as responding to a "Motion for Entry of Final Judgment after Double Default on Docs. 178 and 204," while page 2 admits it is responding to Dkt. 223 (Sept. 4, 2025). That framing sidesteps the actual record of defaults on Docs. 68, 84, 87, 107-2, 178, 204, and 223 and tries to narrow the dispute to two items. Evasion is not opposition.

**3. Repeat of Appellee's Abandonment in Doc. 95.**
Appellee's only earlier paper—Doc. 95—expressly opposed relief only and refused to address the merits. That was an abandonment of the case on substance and left every evidentiary filing unrebutted. Doc. 232 repeats the same tactic (labels and "discretion"), and it cannot retroactively undo seven matured defaults.

**4. Failure to Rebut Certified Evidence.**
Appellant submitted certified internal emails among AMC, Citigroup, Antara, B. Riley, and D.F. King establishing "Project Popcorn" and securities fraud. Doc. 232 offers no record citations and no factual rebuttal—only the word "frivolous." Under Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975), default is an admission of well-pleaded facts; conclusory labels do not rebut certified exhibits.

**5. Irrelevant Pivot to Rehearing / Avoidance of Defaults.**
Doc. 232 reframes the "central issue" as whether Appellant is entitled to rehearing. That has nothing to do with whether unrebutted defaults and unanswered evidence require final judgment on Doc. 223. The pivot confirms non-responsiveness.

**6. Improper Reliance on Prior Order Not Joined to Merits.**
The paper cites the Court's June 24, 2025 opinion (Dkt. 131-1) instead of engaging with the default record and certified evidence. Prior dispositions do not supply a merits opposition to Doc. 223; and to the extent fraud and suppression are shown, Hazel-Atlas Glass Co. v.

Hartford-Empire Co., 322 U.S. 238 (1944) teaches that fraud on the court vitiates infected orders.

7. Bad-Faith Litigation Conduct (Chambers).
A sustained pattern of silence, deadline defaults, and last-minute conclusory filings is bad faith. The Court has inherent power to sanction and to strike papers filed to obstruct, not to litigate.

**RELIEF REQUESTED**

WHEREFORE, Appellant respectfully moves the Court to:

1. STRIKE Document 232 in its entirety as non-responsive, conclusory, and evasive;

2. RECOGNIZE that Appellee's prior paper (Doc. 95) abandoned the merits by opposing relief only, leaving every evidentiary filing unrebutted;

3. ACKNOWLEDGE that Appellee has failed to oppose the merits of Docs. 68, 84, 87, 107-2, 178, 204, and 223, thereby admitting liability and the certified record under Nishimatsu and FRCP 55;

4. TREAT Doc. 223 as confessed under FRAP 27(a)(3)(A) and 5th Cir. R. 27.1.3, and ENTER FINAL JUDGMENT for Appellant in the amount of $51,500,000.00 as prayed for in Doc. 43; and

5. In the alternative (or additionally), ORDER Appellee and counsel to show cause why sanctions should not issue under Chambers for bad-faith evasion of the merits.

Respectfully submitted,

/s/ Nelson E. Willis
Nelson E. Willis
Appellant, Pro Se
1405 Co. Rd. 208
Gainesville, TX 76240
nelsonwillis3@gmail.com | (972) 533-4126
Dated: September 15, 2025

**Certificate of Compliance**

This motion complies with 5th Cir. R. 27.4 and Fed. R. App. P. 27(d) because it uses a proportionally spaced typeface and contains 948 words, excluding the parts exempted by Rule 32(f).

**Certificate of Service**

I certify that on September 15, 2025, I filed the foregoing via the Fifth Circuit's pro se filing procedures, which effect service on all registered counsel of record through CM/ECF.

/s/ Nelson E. Willis
Pro Se Appellant