No. 24-40585

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**NELSON E. WILLIS,**
Plaintiff–Appellant,

v.

**ADAM M. ARON,**
Defendant–Appellee.

**On Appeal From The
United States District Court
For The Eastern District Of Texas
USDC No. 4:23-CV-732**

**APPELLANT'S MOTION TO DECLARE DEFAULT ON DOC. 243 (Eighth Default Following Seventh Default on Doc. 223) AND FOR ENTRY OF FINAL JUDGMENT**

**Filed Pursuant To:**
FRAP 2, 27(a)(3)(A), 40(d)(1), 41(b), 46(c);
5th Cir. R. 27.1.3, 27.4, 32.5, 47.6;
28 U.S.C. §§ 1927, 2106;
Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944);
Yohey v. Collins, 985 F.2d 222 (5th Cir. 1993);
Brinkmann v. Dallas Cnty. Deputy Sheriff Abner, 813 F.2d 744 (5th Cir. 1987);
Chambers v. NASCO, Inc., 501 U.S. 32 (1991).

## STATEMENT OF CONFERENCE

Pursuant to 5th Cir. R. 27.4, Appellant states that this motion is presumed opposed.

# I. INTRODUCTION

This Court's docket (entry dated September 18, 2025) reflects that Doc. 243—Appellant's Motion for Entry of Final Judgment based on defaults—was served September 16, 2025, and that no valid opposition was filed by the September 26, 2025 deadline. The docket text itself states:

"Including the Seventh Default on Doc. 223 – No Valid Response Filed."

This docket entry constitutes the Court's own acknowledgment of default on Doc. 223. Appellee's subsequent failure to oppose Doc. 243 by the September 26 deadline constitutes an Eighth Default, compounding the Seventh Default already recognized. Judicial duty now requires enforcement through entry of final judgment. By operation of FRAP 27(a)(3)(A) and Fifth Circuit Rule 27.1.3, an unopposed motion is deemed confessed.

## Defendants' Continuing Refusal to Address the Facts

The record now shows beyond dispute that Appellee and his counsel cannot — and will not — address the actual facts of this case. From the very beginning in the 235th Judicial District Court of Texas, where Clerk Cooke docketed subpoenas for AMC executive John Merriweather on July 26, 2023, Appellee responded with a fraudulent nonsuit on July 31, 2023, deliberately erasing subpoenas, hearings, and testimony from judicial review. That fraud has never been corrected.

The pattern has only deepened. At every level — state, federal, and now appellate — Appellee has refused to meet the evidence. Not a single filing has rebutted the certified internal communications of AMC, Citigroup, Antara Capital, B. Riley, and D.F. King. Not a single filing has acknowledged the first-day hearing of July 21, 2023. Instead, Appellee defaults on deadlines, then resurfaces with conclusory placeholders labeling filings "frivolous" while ignoring the substance.

The Fifth Circuit docket now reflects the same obstruction live, in real time. Document 223 expired without response. Document 243 expired without response. By operation of FRAP 27(a)(3)(A) and 5th Cir. R. 27.1.3, these defaults are binding confessions. Silence on the merits constitutes waiver. Yohey v. Collins, 985 F.2d 222, 224–25 (5th Cir. 1993). Brinkmann v. Abner, 813 F.2d 744, 748 (5th Cir. 1987).

The judiciary is therefore confronted with unrebutted evidence of securities fraud, vote manipulation, and judicial obstruction. Fraud on the court "vitiates everything it touches." Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 246 (1944). This Court cannot lawfully ignore defaults, erase docket text, or bury certified exhibits. Its duty is ministerial, not discretionary: enforce the rules, recognize the defaults, and enter the judgment the record compels.

## II. GROUNDS

### 1. Expired Deadlines Without Opposition

- Doc. 223 filed September 16, 2025; opposition due September 26, 2025; none filed.
- Doc. 243 filed September 16, 2025; opposition due September 26, 2025; none filed.

FRAP 26(b) requires leave for extensions; none was sought. These defaults are final.

### 2. Binding Confession Under FRAP 27 and 5th Cir. R. 27.1.3

- FRAP 27(a)(3)(A): responses must be filed within 10 days.
- 5th Cir. R. 27.1.3: motions not opposed in time may be treated as confessed.

Appellee's failure to respond to Docs. 223 and 243 is a binding confession of both.

### 3. Waiver by Silence on the Merits

Appellee has repeatedly refused to engage the certified record—internal AMC, Citigroup, Antara, B. Riley, and D.F. King communications proving the "Project Popcorn" scheme. Silence constitutes waiver. Yohey, 985 F.2d at 224-25; Brinkmann, 813 F.2d at 748.

### 4. Fraud on the Court Requires Enforcement

The Seventh and Eighth Defaults are not isolated lapses. They continue a pattern of evasion that began with the fraudulent nonsuit in state court, persisted through concealment in district court, and now extends to this appellate stage. Fraud on the court "vitiates everything it touches." Hazel-Atlas, 322 U.S. at 246. Judicial integrity demands entry of judgment.

## III. RELIEF DEMANDED

WHEREFORE, Appellant respectfully requests that the Court:

1. DECLARE DEFAULT on Document 243 as final and binding, recognizing Appellee's failure to oppose by September 26, 2025;

2. CONFIRM that Document 223's Seventh Default and Document 243's Eighth Default together foreclose all opposition and leave judgment as the only lawful remedy;

3. **ENTER FINAL JUDGMENT** in favor of Appellant in the amount of $51,500,000.00, under FRAP 27(a)(3)(A), 5th Cir. R. 27.1.3, and 28 U.S.C. § 2106, as compelled by the certified record and unrebutted defaults.

4. **ORDER** Appellee's counsel to show cause why sanctions should not issue under FRAP 38, FRAP 46(c), 28 U.S.C. § 1927, and Chambers; and;

5. **GRANT** all further just relief to which Appellant is entitled.

## CONCLUSION

The Court has been silent since Doc. 221-2, which amounted to nothing more than a judiciary rant — a threat of sanctions when nothing else could be said on the merits. Silence cannot erase defaults, cannot rewrite docket text, and cannot bury certified evidence of securities fraud, vote manipulation, and TRCP 162 violations. The record shows a deliberate effort to wipe the slate clean through suppression. That is judicial obstruction of justice — no matter how you slice it.

Fraud on the court "vitiates everything it touches." Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 246 (1944). This Honorable Court MUST enforce its own docket and rules immediately — this Honorable Court MUST reverse course and grant judgment in full now.

Respectfully submitted,

/s/ Nelson E. Willis
Pro Se Appellant
1405 County Road 208
Gainesville, TX 76240
Tel: (972) 533-4126

## CERTIFICATE OF COMPLIANCE

This motion complies with FRAP 27(d) and 32(a). It contains 1128 words, proportionally spaced, prepared in Times New Roman 14-pt font.

/s/ Nelson E. Willis

## CERTIFICATE OF SERVICE

I certify that on September 29, 2025, I submitted the foregoing by email to the Fifth Circuit's Pro Se Filing inbox for docketing. Upon docketing, the Court's CM/ECF system will serve notice of filing on all registered counsel of record.

/s/ Nelson E. Willis
Appellant, Pro Se