U.S. COURT OF APPEALS
RECEIVED
Oct 03, 2025
FIFTH CIRCUIT

No. 24-40585

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**NELSON E. WILLIS,**
**Plaintiff–Appellant,**

v.

**ADAM M. ARON,**
**Defendant–Appellee.**

**On Appeal From The**
**UNITED STATES DISTRICT COURT**
**For The Eastern District Of Texas**
**USDC No. 4:23-CV-732**

**APPELLANT'S EMERGENCY MOTION FOR RECONSIDERATION OF DOCKET ENTRIES 257 & 258; TO VACATE THOSE ENTRIES AS VOID RE-BROADCASTS OF DOC. 221-2; TO COMPEL RULING ON DOC. 227; TO RECOGNIZE CONFESSED DEFAULTS; AND FOR RELIEF ADDRESSING JUDICIAL SUPPRESSION OF EVIDENCE (INCLUDING EMPIRICAL SECURITIES-FRAUD EMAILS INVOLVING CITIGROUP, ANTARA, B. RILEY, AND D.F. KING)**

**Filed Pursuant to: FRAP 27(a)(3)(A), 40(d)(1); 5th Cir. R. 27.1.3, 27.4; Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944); Epps v. Fowler, 351 S.W.3d 862 (Tex. 2011); Yohey v. Collins, 985 F.2d 222 (5th Cir. 1993); Brinkmann v. Dallas Cnty. Deputy Sheriff Abner, 813 F.2d 744 (5th Cir. 1987); TRCP 162.**

## STATEMENT OF CONFERENCE

1. Pursuant to 5th Cir. R. 27.4, no conference statement is required where default rules govern. Communications with the Clerk confirm: (a) docket entry 258 was mis-labeled

(wrong party) and was not separately emailed; and (b) docket entry 257 is a duplicate re-broadcast of

2. Doc. 221-2. Because 257/258 were not properly served and merely re-issue a non-merits sanction threat, this motion is unopposed by rule. /s/ Nelson E. Willis (pro se).

## INTRODUCTIONI

3. Appellant seeks immediate vacatur of docket entries 257 and 258. They are not new rulings; they simply re-broadcast Doc. 221-2 — a non-merits order threatening sanctions that deterred filings instead of adjudicating empirical securities-fraud evidence.

4. The Clerk admitted 258 lists the wrong party and was not separately served. The sequence is undisputed: (i) 221-2 (sanction threat); (ii) 257 (duplicate); (iii) 258 (administrative text entry with mis-entry/no separate service). This is suppression by rebroadcast, not adjudication.

5. Doc. 227 (filed Sept. 8, 2025) remains undecided more than 30 days later. It attaches certified internal emails and subpoena-linked materials that are empirical evidence of securities fraud and vote manipulation, including communications involving Citigroup, Antara, B. Riley, and D.F. King. The Court cannot sidestep that record by re-issuing a sanction warning under new docket numbers.

6. The same empirical securities-fraud record was placed before the district court and was ignored there as well. The pattern spans three jurisdictions.

## FACTUAL BACKGROUND

7. On July 21, 2023, a hearing occurred in the 235th Judicial District Court (Cooke County, TX). A transcript exists and is part of the record submissions.

8. On July 26 and July 31, 2023, subpoenas issued and were served on AMC executive John Merriwether (testimony and internal emails). A second hearing was set for August 7, 2023.

9. On July 31, 2023 — minutes before 5:00 p.m. — Defendant-Appellee filed a nonsuit to erase active subpoenas and the scheduled hearing. Under Texas law (Epps; TRCP 162), nonsuit cannot destroy substantive rights or evade testimony. Here, it was used to suppress evidence.

10. In federal court (E.D. Tex.), Appellant filed certified internal emails and subpoena-linked materials showing securities fraud, manipulated voting, and theft of shares. The district court dismissed without reaching the merits of the fraud-on-the-court claims.

11. On appeal, Appellant filed more than a dozen dispositive motions supported by exhibits. At least twelve were unopposed and thus confessed under FRAP 27(a)(3)(A) and 5th Cir. R. 27.1.3.

12. Instead of recognizing confessed defaults and adjudicating the evidence — including Doc. 227's empirical email set reflecting Citigroup, Antara, B. Riley, and D.F. King coordination around the vote and reverse split — the Court issued Doc. 221-2 (a non-merits sanction threat), later re-broadcast as 257 with an administrative text echo at 258.

## ARGUMENT

### I.    Entries 257 & 258 Are Void Re-Broadcasts and Must Be Vacated.

12. Due process requires proper notice; 258 was not separately served and was mis-labeled. 257 simply re-broadcasts 221-2. A recycled sanction warning cannot extinguish pending merits motions or alter the legal effect of unrebutted filings.

### II.    221-2/257/258 Are Suppression Tactics, Not Merits Rulings.

13. Doc. 221-2 did not address the evidence. It threatened sanctions and used conclusory labels. Re-issuing it as 257/258 is deterrence, not adjudication. The Court cannot substitute a deterrent order for a reasoned merits decision on empirical securities-fraud evidence.

### III.    The Court Must Immediately Decide Doc. 227 on the Merits.

13. Doc. 227 contains the empirical internal-email record demonstrating securities fraud, vote manipulation, and share-count engineering connected to Citigroup, Antara, B. Riley, and D.F. King. It corroborates the subpoena path originating in the 235th and the state-court transcript (July 21, 2023).

14. The same evidence set (or materially overlapping exhibits) was presented in the district court and ignored there, then ignored again here. Re-broadcasting a sanction warning cannot displace the Court's duty to decide Doc. 227.

### IV.    Unrebutted Motions Are Confessed Defaults.

15. Respondent failed to oppose at least twelve dispositive filings. Under FRAP 27(a)(3)(A) and 5th Cir. R. 27.1.3, failure to oppose is confession. Yohey and Brinkmann hold silence waives opposition. The Court's duty is ministerial: recognize defaults and apply their consequences.

### V.    Fraud on the Court Compels Vacatur and Record Correction.

16. Hazel-Atlas requires vacatur where fraud infects the adjudication. The nonsuit was used to erase subpoenas/testimony in the 235th; the district court ratified that erasure; the Fifth

Circuit repeated the false premise that "no hearings or subpoenas occurred," while ignoring the empirical email evidence (Citigroup, Antara, B. Riley, D.F. King). This is institutional ratification of a corrupted record.

## VI.   Judicial Obstruction and Institutionalized Suppression.

17. The path from 221-2 → 257 → 258 shows obstruction by rebroadcast. The Clerk acknowledged mis-entry and no separate service for 258. Meanwhile, Doc. 227 — the empirical securities-fraud email set — sits undecided beyond 30 days.

18. The judiciary's role is to adjudicate evidence, not shield it from review through duplicative docketing, mislabeling, and sanction threats. This case presents documented coordination (as reflected in Doc. 227's exhibits) among Citigroup, Antara, B. Riley, and D.F. King around a rigged vote/reverse split and share theft — issues squarely raised and unrebutted across forums.

19. Appellant has the same rights as any represented party. The Court cannot erase a hearing transcript, subpoenas, and certified internal emails because the evidence is inconvenient. The rules must apply.

## RELIEF REQUESTED

**Appellant respectfully requests immediate entry of the following relief:**

20. VACATE docket entries 257 and 258 as void, duplicative re-broadcasts of Doc. 221-2 and for lack of proper service.

21. COMPEL a reasoned, merits ruling on Doc. 227 within 14 days, expressly addressing the empirical internal-email evidence of securities fraud and vote manipulation involving Citigroup, Antara, B. Riley, and D.F. King, and its linkage to the 235th subpoenas and July 21, 2023 transcript.

22. RECOGNIZE as confessed defaults the unrebutted motions including, without limitation, Docs. 68, 84/87, 107-2, 134-2, 143, 155, 161, 178, 204, 243, 250, 269, 273, and 274, and apply the legal consequences required by FRAP 27(a)(3)(A) and 5th Cir. R. 27.1.3.

23. VACATE any orders or rulings premised on the false finding that "no hearings or subpoenas occurred," pending express consideration of the 235th hearing transcript and subpoena evidence.

24. ORDER the Clerk to certify and file the full email-service log (timestamp and recipients, including bounce data) for Docs. 221-2, 257, and 258 within 7 days.

25. DIRECT Respondent to show cause within 14 days why Doc. 227's empirical evidence (including the internal-email communications referencing Citigroup, Antara, B. Riley, and D.F. King) does not warrant vacatur and entry of judgment based on defaults and fraud on the court; and permit targeted responses from those identified entities if they elect to address the record.

26. REFER the record — including Doc. 227 and evidence of docket/service irregularities — to appropriate oversight/disciplinary channels (Court's internal oversight; Judicial Council procedures; and, as appropriate, state disciplinary authorities) and transmit a courtesy copy of this order and Doc. 227 to the SEC and DOJ for independent evaluation of the securities-fraud evidence.

27. GRANT further relief as necessary to correct the record, enforce defaults, and ensure due process.

## CONCLUSION

28. Re-broadcasting a sanction warning (221-2 → 257 → 258) is not adjudication. It is suppression.

29. This Court must vacate 257/258, decide Doc. 227 on the merits with explicit attention to the empirical internal-email evidence involving Citigroup, Antara, B. Riley, and D.F. King, recognize confessed defaults, correct the false "no hearings/subpoenas" premise, and restore an accurate record across jurisdictions.

30. **THIS COURT MUST NOW GRANT JUDGEMENT IN FULL IN FAVOR OF APPELLANT AS PRAYED FOR IN APPELLANT'S PRIMARY BRIEF DOC. 43 IN THE AMOUNT OF $51,500,000.00.**

Respectfully submitted,

/s/ Nelson E. Willis
Pro Se Appellant
1405 County Road 208
Gainesville, TX 76240
nelsonwillis3@gmail.com
(972) 533-4126

## CERTIFICATE OF COMPLIANCE

31. This motion complies with FRAP 27 and applicable word limits. It is proportionally spaced in 14-point Times New Roman and contains approximately 1577 words.

/s/ Nelson E. Willis

## CERTIFICATE OF SERVICE

32. I certify that on October 3, 2025, I submitted this motion to the Fifth Circuit Pro Se Filing inbox for docketing. Upon docketing, CM/ECF will serve all registered counsel of record.

/s/ Nelson E. Willis