No. 24-40585

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

NELSON E. WILLIS,
Plaintiff–Appellant,

v.

ADAM M. ARON,
Defendant–Appellee.

On Appeal From The
UNITED STATES DISTRICT COURT
For The Eastern District Of Texas
USDC No. 4:23-CV-732

**APPELLANT'S MOTION TO STRIKE APPELLEE'S OPPOSITION (DOC. 278) TO APPELLANT'S DEMAND TO INVOKE FRAUD ON THE COURT (DOC. 256) AND GRANT JUDGMENT IN FULL**

Filed Pursuant To:
FRAP 2 (suspension of rules to expedite decision);
FRAP 27(a)(3)(A) & (4) (motion practice and replies);
FRAP 38 (vexatious filings);
FRAP 40(d)(1) (judicial review of clerk actions);
FRAP 46(c) (discipline of attorneys);
5th Cir. R. 27.1.3 & 27.4 (dispositive motions and defaults);
Fed. R. Civ. P. 60(d)(3) (fraud on the court);
Tex. R. Civ. P. 162 (voluntary nonsuit bar after evidence introduced);
Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944);
Rozier v. Ford Motor Co., 573 F.2d 1332 (5th Cir. 1978);
Chambers v. NASCO, Inc., 501 U.S. 32 (1991).

## STATEMENT OF CONFERENCE

Pursuant to 5th Cir. R. 27.4, Appellant certifies that no conference was held regarding this motion. Appellee is presently in default and has failed to respond to or oppose the multiple underlying prior motions within the time prescribed by FRAP 27(a)(3)(A) and 5th Cir. R. 27.1.3. Accordingly, this motion stands unopposed as a matter of rule and no conference could be meaningfully conducted.

/s/ **Nelson E. Willis**
**Pro Se Appellant**

## TO THE HONORABLE JUDGES OF THE FIFTH CIRCUIT:

Appellant has now endured two years of procedural evasion across three jurisdictions while Appellee continues to avoid every factual issue raised in the certified record. Throughout this time, the judiciary has functionally rubber-stamped Adam Aron's ongoing securities fraud, allowing a clear record of misconduct to stand unrebutted. Each motion filed by Appellant remains unanswered on the merits. The Court's continued silence permits this pattern to persist and effectively nullifies Rule 162, Rule 60(d)(3), and every procedural safeguard designed to prevent fraud upon the judiciary itself.

## 1. Preliminary Statement

### Systemic Evasion of Rule 162 and Suppression of a Pro Se Litigant

Texas Rule of Civil Procedure 162 permits a plaintiff to withdraw an action before evidence is introduced and without disturbing any judicial acts already performed. It is a ministerial right—not a license to erase the record or destroy evidence. Yet from the moment Adam Aron's July 31, 2023 nonsuit was accepted, that rule was inverted and used to obliterate the very evidence it was meant to preserve.

The 235th District Court permitted the nonsuit after subpoenas had issued and a hearing had been held, contravening the plain language of Rule 162 and Epps v. Fowler, 351 S.W.3d 862 (Tex. 2011) ("A nonsuit cannot prejudice the rights of the defendant or erase judicial acts already performed."). The district court then ratified that fiction, refusing to review Appellant's Rule 60(d)(3) motion that exposed fraud on the court. The Fifth Circuit has now continued that pattern through clerical denials that avoid addressing the evidentiary record.

The consequence is undeniable: each court tier has acted to shield Adam Aron and his corporate allies—AMC Entertainment, Citigroup, Antara Capital, B. Riley Financial, and D.F. King—from exposure of a coordinated scheme to rig shareholder votes, execute an unlawful reverse split, and conceal massive retail equity theft through synthetic dilution and naked shorting.

Appellee's counsel, Richard A. Illmer, has constructed his entire defense on evasion and delay—never once disputing a single certified exhibit or fact. Each response relies solely on labels like "frivolous," hoping the Court will hesitate to acknowledge the record. Such conduct is not advocacy; it is obstruction. Every judge or attorney who refuses to enforce Rule 162 as written becomes a participant in suppressing evidence of fraud.

## 2. Appellee's Filing Is Non-Responsive

Doc. 278 fails to address any substantive fact presented in Doc. 256. It offers no counter-affidavits, no evidentiary denials, and no legal authority contradicting Rule 162 or Rule 60(d)(3). It merely brands Appellant's filing "frivolous."

## The record remains uncontested:

- **The July 31, 2023 nonsuit was filed after the July 21 hearing and after subpoenas had been served on AMC executive John Merriweather, rendering it void under Rule 162.**

- **Certified exhibits (Docs. 45, 50, 68, 107-2, 227, and 250) contain internal emails between AMC, Citigroup, Antara, B. Riley, and D.F. King detailing vote manipulation and "Project Popcorn."**

- **No court or counsel has disputed the authenticity or probative value of these documents.**

Because Appellee's filing offers no rebuttal to these material facts, it is procedurally deficient under FRAP 27(a)(3)(A) and should be stricken.

## 3. Fraud on the Court Is Jurisdictional

Fraud on the court is not subject to discretion. It vitiates every order it touches. Hazel-Atlas, Rozier, and Chambers each affirm that when judicial machinery is corrupted to shield wrongdoing, the resulting judgments are void. The record here shows exactly that: judicial acts used to erase subpoenas, suppress discovery, and protect corporate fraud. The Court has an affirmative duty to vacate those orders and enter judgment on the unrebutted evidence.

## 4. Pattern of Obstruction and Counsel Substitution

Appellee's litigation conduct reinforces bad faith. Following the abrupt departure of prior counsel Megan Reeves from Husch Blackwell, Richard A. Illmer assumed representation and immediately adopted a pattern of late-night and weekend filings designed to delay adjudication and frustrate response time. These tactics show strategic avoidance, not defense on the merits.

## 5. Sunday-Night Filing as Tactical Misconduct

Doc. 278 was filed on Sunday, October 5, 2025, at 6:03 p.m. CDT—after the Clerk's office closed. Such timing is not coincidental. It reflects a pattern of after-hours submissions used to

evade prompt judicial review. Repeated use of this practice constitutes vexatious multiplication of proceedings under 28 U.S.C. § 1927 and FRAP 46(c).

## 6. Appellee's Repeated Defaults

Appellee has defaulted on at least ten prior motions (Docs. 68, 84, 87, 107-2, 178, 204, 223, 227, 237, and 250). Under 5th Cir. R. 27.1.3, a motion not opposed within ten days "will ordinarily be granted without further notice." Each unanswered motion constitutes a confession of liability. Collectively, these defaults confirm Appellant's entitlement to final judgment based on unrebutted evidence.

## 7. Relief Requested

**For the reasons set forth herein and in Appellant's underlying Motion (Doc. 256), Appellant respectfully requests that this Court:**

1. **Strike Appellee's Opposition (Doc. 278) as non-responsive and vexatious under FRAP 27 and 38;**

2. **Take judicial notice under FRE 201(b)(2) of the certified record, including the July 21 hearing transcript, July 26 subpoenas, and evidence in Docs. 45, 50, 68, 107-2, 227, 250, and 256;**

3. **Declare the July 31, 2023 nonsuit void ab initio under TRCP 162 and FRCP 60(d)(3);**

4. **Vacate all orders procured through or dependent upon that fraudulent nonsuit;**

5. **Enter final judgment in favor of Appellant for $51,500,000 based on unrebutted evidence and confessed defaults; and**

6. **Refer or disbar Appellee's counsel under FRAP 46(c) and 28 U.S.C. § 1927 for obstructive conduct and fraud on the court.**

The judiciary's integrity cannot coexist with deliberate blindness to fraud. When evidence is unrebutted and procedural rules are twisted to protect corporate misconduct, silence becomes complicity. Appellant therefore calls upon this Court to restore the rule of law—by striking evasion, enforcing Rule 162 and Rule 60(d)(3) as written, and issuing the judgment the record already compels.

**Respectfully submitted,**
**/s/ Nelson E. Willis**
**Appellant Pro Se**
**1405 County Road 208**
**Gainesville, Texas 76240**

(972) 533-4126
nelsonwillis3@gmail.com

## **Certificate of Compliance**

This motion complies with Fed. R. App. P. 27(d)(2) and 32(a)(7)(B). It contains approximately 1,275 words, excluding exempt sections, and is prepared in 14-point Times New Roman for headings and 12-point for body text.

/s/ Nelson E. Willis

Certificate of Service

I certify that on October 6, 2025, I caused a true and correct copy of the foregoing Motion, APPELLANT'S MOTION TO STRIKE APPELLEE'S OPPOSITION (DOC. 278) TO APPELLANT'S DEMAND TO INVOKE FRAUD ON THE COURT (DOC. 256) AND GRANT JUDGMENT IN FULL, to be served via CM/ECF upon all registered counsel of record.

/s/ Nelson E. Willis
Appellant, Pro Se