# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
June 24, 2025
Lyle W. Cayce
Clerk

No. 24-40585
Summary Calendar

_____

Nelson Willis,

*Plaintiff—Appellant*,

versus

Adam M. Aron,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:23-CV-732

_____

Before Elrod, *Chief Judge*, and Smith and Graves, *Circuit Judges*.

Jennifer Walker Elrod, Chief Judge:[*]

  Adam Aron is Chief Executive Officer of AMC Entertainment Holdings. Nelson Willis was an AMC shareholder. In March 2023, AMC held a meeting for its shareholders to vote on a proposed reverse stock split and merger. Willis was hospitalized when that vote occurred but maintains that, although he did not receive "his AMC proxy statement," he cast his vote

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40585

"against the March 14th, 2023, proposals for a reverse split and merger . . . while lying down in his hospital bed." Despite Willis's efforts, the proposal was approved.

Willis alleges that upon learning of the proposal's success, he "expressed his frustration" by sending several emails to the AMC Investor Relations email account. Receiving no response, Willis's "patience ran thin." So, he "sent an angry email" to Aron "asking how [Aron could] advertise [that] the voting proposals of a reverse split and merger were approved by shareholders when many shareholders such as [Willis] never received the correct number of their proxy voting emails" and were, therefore, unable "to vote all their shares." When Aron failed to respond, Willis sent Aron several "angrier emails." On April 3, 2023, Aron finally responded. But Aron's response only upset Willis more. So, Willis sent Aron an "angr[y]" response, "then began reaching out to the SEC chair" and others regarding his concerns.

As a result of Willis's "harassing behavior," Aron sought a protective order against Willis in Texas state court. But before any protective order could be issued, Aron filed a notice of nonsuit voluntarily dismissing the state court proceeding.[1]

On August 14, 2023, Willis filed a *pro se* complaint in federal court asserting several causes of action against Aron. Arguing that the causes of action asserted therein arose out of the now–dismissed state court proceeding, Aron moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). After ruling on a myriad of motions, objections, and other filings by the parties (most of which were initiated by Willis), the

---

[1] Aron's notice of nonsuit was filed before the state court held any hearings or otherwise ruled on the motion for protective order.

magistrate judge turned her attention to Aron's motion to dismiss Willis's complaint. The magistrate judge determined that by voluntarily dismissing the state court action regarding the protective order, Aron had in fact terminated that proceeding. As such, the magistrate judge recommended that the district court grant Aron's motion. Willis filed multiple objections to that recommendation. The district court conducted a *de novo* review of Willis's objections and determined that they were "without merit as to the ultimate findings of the Magistrate Judge." So, the district court overruled Willis's objections, adopted the magistrate judge's report and recommendation as "the findings and conclusions of the [c]ourt," and dismissed Willis's claims with prejudice. Willis timely appealed.

"We review *de novo* the grant of a Rule 12(b)(6) motion to dismiss." *Lampton v. Diaz*, 639 F.3d 223, 225 (5th Cir. 2011). "Further, this court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Const., Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). Thus, a Rule 12(b)(6) dismissal is appropriate only where a plaintiff's claims fail to contain "'sufficient factual matter'" that when "'accepted as true,'" state "'a claim to relief that is plausible on its face.'" *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).[2]

---

[2] We have held that "[a]llegations of *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Rogers*, 709 F.3d at 407. "'[B]ut *pro se* plaintiffs must still plead factual allegations that raise the right to relief above the speculative level.'" *Arvie v. Cathedral of Faith Missionary Baptist Church*, 2025 WL 1565149, at *1 (5th Cir. June 3, 2025) (quoting *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016)).

No. 24-40585

On appeal, Willis complains that the district court dismissed his claims based on a "procedurally invalid nonsuit that was never finalized by judicial order, in direct violation of Texas Rule of Civil Procedure 162 and *Epps v. Fowler*, 351 S.W.3d 862 (Tex. 2011)." He urges that the "underlying state court docket . . . remains open" and Aron's nonsuit was a "procedural impropriety." On this basis, Willis persists that by dismissing his claims, the district court denied him "due process" and failed "to adjudicate [his] motions on the merits." We disagree.

Willis does not on appeal address the merits of the magistrate judge's report and recommendation which the district court adopted and we find persuasive.[3] Willis's only "merits" challenge is that "the district court's ruling was predicated on misrepresented facts" because "no valid dismissal order was ever entered in the state court proceedings," and the "magistrate's recommendation ignored material objections, exhibits, and the open state docket."

Our review of the record reveals that Aron filed his notice of nonsuit in the state court proceeding on July 31, 2023. Willis then filed his federal complaint some 14 days *later* on August 14, 2023. Thus, the state court action was terminated *before* Willis initiated the federal court proceeding. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010) (quoting *Univ. of Tex. Med. Branch at Galveston v. Est. of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006) ("A nonsuit 'extinguishes a case or controversy "from the moment the motion is filed" [no court order is required], the only

---

[3] We will not "raise and discuss" legal issues that Willis does not raise on appeal. *Brinkmann*, 813 F.2d at 748 (citing *Davis v. Maggio*, 706 F.2d 568, 571 (5th Cir. 1983) ("Claims not pressed on appeal are deemed abandoned.")); *see also Olgin v. Darnell*, 664 F.2d 107, 108 n.1 (5th Cir. 1981) (same).


No. 24-40585

On appeal, Willis complains that the district court dismissed his claims based on a "procedurally invalid nonsuit that was never finalized by judicial order, in direct violation of Texas Rule of Civil Procedure 162 and *Epps v. Fowler*, 351 S.W.3d 862 (Tex. 2011)." He urges that the "underlying state court docket . . . remains open" and Aron's nonsuit was a "procedural impropriety." On this basis, Willis persists that by dismissing his claims, the district court denied him "due process" and failed "to adjudicate [his] motions on the merits." We disagree.

Willis does not on appeal address the merits of the magistrate judge's report and recommendation which the district court adopted and we find persuasive.[3] Willis's only "merits" challenge is that "the district court's ruling was predicated on misrepresented facts" because "no valid dismissal order was ever entered in the state court proceedings," and the "magistrate's recommendation ignored material objections, exhibits, and the open state docket."

Our review of the record reveals that Aron filed his notice of nonsuit in the state court proceeding on July 31, 2023. Willis then filed his federal complaint some 14 days *later* on August 14, 2023. Thus, the state court action was terminated *before* Willis initiated the federal court proceeding. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010) (quoting *Univ. of Tex. Med. Branch at Galveston v. Est. of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006) ("A nonsuit 'extinguishes a case or controversy "from the moment the motion is filed" [no court order is required], the only

---

[3] We will not "raise and discuss" legal issues that Willis does not raise on appeal. *Brinkmann*, 813 F.2d at 748 (citing *Davis v. Maggio*, 706 F.2d 568, 571 (5th Cir. 1983) ("Claims not pressed on appeal are deemed abandoned.")); *see also Olgin v. Darnell*, 664 F.2d 107, 108 n.1 (5th Cir. 1981) (same).

requirement is "the mere filing of the motion with the clerk of the court.'")). Thus, Willis's argument that the state court proceeding remains open is unveiling.

The record further reveals that the magistrate judge considered and ruled on numerous motions, objections, and other filings by Willis.[4] Willis argues that the district court erred in "adopt[ing] the magistrate's recommendation without addressing [his] . . . detailed objections, motions, and supporting exhibits." As stated above, in a very thorough report and recommendation, the magistrate judge concluded that Willis's claims should dismissed pursuant to Rule 12(b)(6). The district court conducted a *de novo* review of Willis's objections, then upon determination that those objections were without merit, the district court overruled them. In agreement with the magistrate judge's conclusion that Willis had already "pleaded his best case for all three causes of action," the district court dismissed Willis's claims with prejudice.[5] Willis has not demonstrated that the district court erred in

---

[4] Our review of the record reveals that Willis bombarded the court with numerous filings including, *inter alia*, motions: for emergency halt cease-and-desist; for temporary restraining order; to unseal documents and evidence; to compel; civil remedies and request for grand jury investigation; to supplement the record; alleging fraudulent conveyance and demand for action; summary judgment; to remove district judge; to strike; to remove magistrate judge; to take judicial notice; for reconsideration; and for sanctions. Willis also filed numerous objections to the various reports and recommendations by the magistrate judge.

The record on appeal shows that Willis continues this practice of voluminous filings in our court.

[5] Generally, "[i]f dismissal of a *pro se* complaint is warranted, it should be without prejudice to allow [the plaintiff] to file an amended complaint." *Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir. 1982). But dismissal with prejudice may be appropriate where "the plaintiff has alleged his best case." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

dismissing his claims with prejudice. *Welsh v. Cammack*, 2024 WL 3649583, at *6 (5th Cir. Aug. 5, 2024).

The district court's dismissal with prejudice of Willis's claims is AFFIRMED.